UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KURT S. SOTO, an individual,

    Plaintiff,

v.

THE GALLUP ORGANIZATION, INC.,
a Delaware corporation,

    Defendant.
_____/

**COMPLAINT FOR STATUTORY DAMAGES AND INJUNCTIVE RELIEF**
**JURY DEMAND**

1. Plaintiff alleges violations of 47 U.S.C § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), against Defendant THE GALLUP ORGANIZATION, INC. Defendant THE GALLUP ORGANIZATION, INC., placed calls using an automatic telephone dialing system to the Plaintiff's cellular telephone.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331 as this is a civil action arising under the Constitution, laws, or treaties of the United States. *See* Mims v. Arrow Financial Services, LLC, 132 S. Ct. 740 (2012). Venue in this District is proper because Plaintiff resides here and Defendant conducts business in this District.

**PARTIES**

3. Plaintiff, KURT S. SOTO ("Plaintiff" or "Mr. Soto"), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant THE GALLUP ORGANIZATION, INC. ("Gallup") is a Delaware corporation and a leading global market research company. "Combining more than 75 years of

experience with its global reach, Gallup knows more about the attitudes and behaviors of the world's constituents, employees, and customers than any other organization."[1]  Gallup has 2,000 employees and offices in nearly 40 countries worldwide.[2]

## FACTUAL BACKGROUND

5. During the month of July 2013, Plaintiff began receiving unsolicited telephone calls on his cellular telephone from number 402-952-4444.

6. Upon returning any of these telephone calls, an automated voice answers and advises that the call was from Gallup, and was placed to the Plaintiff for the purpose of "polling" him on issues of political or social interest.

7. These calls were made using an automatic telephone dialing system.[3]

8. Plaintiff has never patronized Gallup, nor had any previous contact with said company.

9. In sum, Defendant made telephone calls to Plaintiff's cellular telephone, each of which was made using an automatic telephone dialing system or an artificial or pre-recorded voice.

10. Defendant made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

---

[1] Source: http://www.gallup.com/corporate/115/about-gallup.aspx (last accessed August 12, 2013).
[2] Id.
[3] Source: http://www.gallup.com/poll/101872/How-does-Gallup-polling-work.aspx (last accessed August 12, 2013) ("The findings from Gallup's U.S. surveys are based on the organization's standard national telephone samples, consisting of directory-assisted random-digit-dial (RDD) telephone samples using a proportionate, stratified sampling design. A computer randomly generates the phone numbers Gallup calls from all working phone exchanges (the first three numbers of your local phone number) and not-listed phone numbers; thus, Gallup is as likely to call unlisted phone numbers as listed phone numbers.").

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

11. Plaintiff incorporates all previous Paragraphs.

12. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant THE GALLUP ORGANIZATION, INC., for:

    (a) Statutory damages at $500 dollars per call;

    (b) Willful damages at $1500 dollars per call;

    (c) An injunction requiring Defendant to cease all communications in violation of the TCPA;

    (d) Such further relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted this 12th day of August, 2013.

    SCOTT D. OWENS, ESQ.
    664 E. Hallandale Beach Boulevard
    Hallandale, FL 33009
    Telephone: 954-589-0588
    Facsimile: 954-337-0666
    scott@scottdowens.com

By: /s/ Scott D. Owens, Esq.
    Scott D. Owens, Esq.
    Florida Bar No. 0597651

    BRET L. LUSSKIN, Esq.
    *Attorney for Plaintiff*
    1001 N. Federal Hwy., Ste 106
    Hallandale Beach, Florida 33009

                              Telephone: (954) 454-5841
                              Facsimile: (954) 454-5844
                              blusskin@lusskinlaw.com

By: <u>/s/ Bret L. Lusskin, Esq.</u>
     Florida Bar No. 28069
     Bret L. Lusskin, Esq.