UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:13-cv-61747-RSR

KURT S. SOTO, an individual, on
behalf of himself and all others similarly situated,

    Plaintiff,

v.                                                    **COMPLAINT - CLASS ACTION**

THE GALLUP ORGANIZATION, INC.,
a Delaware corporation,

    Defendant.
_____/

# FIRST AMENDED CLASS ACTION COMPLAINT FOR STATUTORY DAMAGES AND INJUNCTIVE RELIEF UNDER 47 U.S.C. § 227 *et seq.*, THE TELEPHONE CONSUMER PROTECTION ACT
## JURY DEMAND

1.     "[T]he right to be let alone -- the most comprehensive of rights and the right most valued by civilized men." Olmstead v. United States, 277 U.S. 438 (1928) (Justice Louis D. Brandeis, *dissenting*).  In congruence with this fundamental right to privacy, Plaintiff files this class action complaint alleging violations of 47 U.S.C § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").  For over four years preceding this action, Defendant has engaged in a campaign of invasively soliciting consumers utilizing a particularly insidious form of solicitation known as "robodialing."

2.     Over the past four years, the Defendant has placed millions of automated "market research" calls in violation of the TCPA.  By effectuating these calls, Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies unsolicited telephone calls, but also because consumers frequently have to pay their cell phone service providers for "minutes" of

wireless telephone usage. In order to redress these injuries, Plaintiff, on behalf of himself and the proposed class of similarly situated individuals, brings this suit under the TCPA, which specifically prohibits unsolicited, automated calls to cellular phones. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all robodialing in violation of the TCPA, and an award of statutory damages to the class members, together with costs and reasonable attorney's fees.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's individual claim pursuant to 28 U.S.C. § 1331 as this is a civil actions arising under the Constitution, laws, or treaties of the United States. *See* <u>Mims v. Arrow Financial Services, LLC</u>, 132 S. Ct. 740 (2012). Venue in this District is proper because Plaintiff resides here and Defendant conducts business in this District.

## PARTIES

4. Plaintiff, KURT S. SOTO ("Plaintiff" or "Mr. Soto"), is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

5. Defendant THE GALLUP ORGANIZATION, INC. ("Gallup") is a Delaware corporation and a leading global market research company. "Combining more than 75 years of experience with its global reach, Gallup knows more about the attitudes and behaviors of the world's constituents, employees, and customers than any other organization."[1] Gallup conducts its research by randomly dialing telephone numbers and then conducting

---

[1] Source: http://www.gallup.com/corporate/115/about-gallup.aspx (last accessed August 16, 2013).

interviews when it reaches a live individual. Gallup has 2,000 employees in nearly 40 countries worldwide.[2]

## ROBODIALING

6. In recent years, thrifty businesses have increasingly looked to emerging technologies in pursuit of new ways to solicit customers cheaply.

7. One such technology is the use of "automatic telephone dialing systems," known commonly as "robodialers."

8. "Robodialing" is the use of computerized telephone systems to place calls automatically, without manually dialing numbers, and then deliver pre-recorded messages, or connect calls to live agents when the system detects that a live human has picked up.

9. Robodialing allows companies to place voluminous telephone solicitations at *de minimis* costs, without staffing large boiler rooms with telephone agents. The process is almost entirely automated.

10. Unlike more conventional advertisements, robodialing, particularly to wireless phones, can actually cost their recipients money, because cell phone users must frequently pay their respective wireless service providers for "minutes" of airtime, or incur usage allocation deductions to their voice plans, regardless of whether or not the call is authorized.

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can

---

[2] Id.

be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. See <u>Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991</u>, CG Docket No. 02-278, Report and Order, 18 FCC Rcd. 14014 (2003).

12. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. See <u>FCC Declaratory Ruling</u>, 23 F.C.C.R. at 565 (¶ 10).

### FACTUAL ALLEGATIONS AS TO PLAINTIFF SOTO

13. During the month of July 2013, Plaintiff began receiving unsolicited telephone calls on his cellular telephone from number 402-952-4444.

14. Upon returning any of these telephone calls, an automated voice answers and advises that the call was from Gallup, and was placed to the Plaintiff for the purpose of "polling" him on issues of political or social interest.

15. These calls were made using an automatic telephone dialing system.

16. Plaintiff has never patronized Gallup, nor had any previous contact with said company.

### CLASS ALLEGATIONS

17. This action is brought on behalf of a class of consumers defined as follows:

> (i) all persons in the United States; (ii) to whom THE GALLUP ORGANIZATION, INC. (or any affiliate) placed a telephone call; (iii) to said person's cellular telephone; (iv) using an automatic telephone dialing system; (v) during the four year period prior to the filing of the complaint in this action through the date of certification.

18. Defendant placed millions of robodialed telephone calls to a bulk list of telephone numbers, which includes the named Plaintiff and the putative class members (by Defendant or Defendant's agents).

4

19. These calls were placed using an automatic telephone dialing system, also known as an "auto-dialer," and said auto-dialer had the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

20. All robodialed calls at issue were placed from an Internet service or telephone system at the direction of Defendant or Defendant's agent(s).

21. Defendant obtained Plaintiff and other class members' phone numbers by using a computer to randomly generate and dial telephone numbers.[3]

22. Plaintiff alleges on information and belief that based upon the Defendant's use of robodialing, that the class is so numerous that joinder of all members of the class is impractical.

23. There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members. The common factual and/or legal issues common to each class member are as follows:

    (a) Whether Defendant's conduct and equipment are governed by the TCPA?

    (b) Whether the telephone calls by Defendant violated the TCPA?

    (c) Whether the class members are entitled to treble damages based upon the willfulness of Defendant's conduct?

    (d) Whether Defendant should be enjoined from engaging in such conduct in the future?

---

[3] Source: http://www.gallup.com/poll/101872/How-does-Gallup-polling-work.aspx (last accessed August 16, 2013) ("The findings from Gallup's U.S. surveys are based on the organization's standard national telephone samples, consisting of directory-assisted random-digit-dial (RDD) telephone samples using a proportionate, stratified sampling design. A computer randomly generates the phone numbers Gallup calls from all working phone exchanges (the first three numbers of your local phone number) and not-listed phone numbers; thus, Gallup is as likely to call unlisted phone numbers as listed phone numbers.").

24. Plaintiff's claim is typical of those of the class members. All claims are based on the same facts and legal theories.

25. Plaintiff will fairly and adequately protect the interests of the class. He has retained counsel experienced in handling actions involving unlawful practices under the TCPA and class actions. Neither Plaintiff nor his counsel has any interests that might cause them not to vigorously pursue this action.

26. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

    a. The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

    b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

27. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate relief with respect to the class as a whole. Injunctive relief is appropriate and necessary to cause the illegal telemarketing to stop.

28. Plaintiff requests certification of a hybrid class pursuant to both Rule 23(b)(3), for monetary damages and Rule 23(b)(2) for injunctive relief.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

29. Plaintiff incorporates all previous Paragraphs.

30. Defendant made unsolicited telephone calls to consumers' cellular telephones (i.e. members of the class) using an automatic telephone dialing system.

31. The calls were made without the prior express consent of the called parties.

32. The aforesaid calls were made in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of the class, against Defendant THE GALLUP ORGANIZATION, INC., for:

(a) An order certifying this case to proceed as a class action;

(b) Statutory damages at $500 dollars per call;

(c) Willful damages at $1500 dollars per call;

(d) An injunction requiring Defendant to cease all communications in violation of the TCPA;

(e) A declaration that the equipment used by defendant is an automatic telephone dialing system;

(f) Reasonable attorney's fees and costs; and

(g) Such further relief as this Court may deem appropriate.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted this 16th day of August, 2013.

SCOTT D. OWENS, ESQ.
664 E. Hallandale Beach Boulevard
Hallandale, FL 33009
Telephone:  954-589-0588
Facsimile:  954-337-0666
scott@scottdowens.com

By: /s/ Scott D. Owens, Esq.
Scott D. Owens, Esq.
Florida Bar No. 0597651

BRET L. LUSSKIN, Esq.
*Attorney for Plaintiff*
1001 N. Federal Hwy., Ste 106

7

        Hallandale Beach, Florida 33009
        Telephone: (954) 454-5841
        Facsimile: (954) 454-5844
        blusskin@lusskinlaw.com

By: /s/ Bret L. Lusskin, Esq.
    Florida Bar No. 28069
    Bret L. Lusskin, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on 16th day of August, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this 16th day of August, 2013 via U.S. mail and/or some other authorized manner on the following parties who are not authorized to receive electronically Notices of Electronic Filing:

Corporation Service Company
Registered Agent for The Gallup Organization, Inc.
1201 Hays Street
Tallahassee, FL 32301

By: /s/ *Scott D. Owens*
Scott D. Owens, Esq.
Florida Bar No. 0597651
*Attorney for Plaintiff*
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009
Telephone: 954-589-0588
Facsimile: 954-337-0666
scott@scottdowens.com

By: /s/ *Bret L. Lusskin*
Bret L. Lusskin, Esq.
Florida Bar No. 28069
*Attorney for Plaintiff*
1001 N. Federal Hwy., Ste 106
Hallandale Beach, Florida 33009
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

8

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that Defendant place a formal litigation hold as to any documents or data relating to the allegations in this case. Specifically, and without limitation, all call records, documents and data that might bear on prior express consent or any other defense, and all documents and communications regarding the use of any instrumentality, hardware, software or hosted telephone dialer system used for placing telephone calls.  This list is non-exhaustive.

By:/s/ *Bret L. Lusskin*
Bret L. Lusskin, Esq.
Florida Bar No. 28069
*Attorney for Plaintiff*
1001 N. Federal Hwy., Ste 106
Hallandale Beach, Florida 33009
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com