UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:13-cv-61747-RSR

KURT S. SOTO, an individual, on
behalf of himself and all others similarly situated,

    Plaintiff,

v.

THE GALLUP ORGANIZATION, INC.,
a Delaware corporation,

    Defendant.

## INTERIM JOINT STATUS REPORT

Pursuant to the Scheduling Order and Order of Referral to Mediation [D.E. 21], Plaintiff Kurt S. Soto, and Defendant The Gallup Organization, Inc., file this Interim Joint Status Report:

**A.   Have all defendants been served? If not, state the reasons.**

Yes. Defendant The Gallup Organization, Inc. (Gallup) was served.

**B.   Have all defendants responded to the complaint? If not, state the reasons.**

Yes, on October 9, 2013, Gallup filed an answer with affirmative defenses to the first amended complaint [D.E. 10].

**C.   If this is a class action, has a motion for class certification been filed? If so, what is its status?**

On August 16, 2013, Plaintiff filed a motion for class certification, contemporaneous with filing the operative class action complaint. Plaintiff requested that the motion be stayed until completion of discovery. On December 23, 2013, the Court entered an order denying

without prejudice Plaintiff's class certification motion and granted Plaintiff leave to renew this motion upon the completion of discovery or earlier. [D.E. 24]

**D.    Have the parties agreed on and selected a mediator? Have the parties agreed upon a place, date, and time for mediation?**

Yes. On January 20, 2014, the parties selected the Hon. Morton Denlow (Ret.) as the mediator for the instant action. [D.E. 28]. The parties have discussed scheduling mediation but have not agreed upon a place, date and time for mediation. Plaintiff's position is that discovery, particularly discovery relating to class size, the number of telephone calls, and whether Defendant used an automatic telephone dialing system, will facilitate mediation.

**E.    Have the parties engaged in informal settlement negotiations? If not, explain the reasons for the failure to do so. If yes, state the status of such negotiations (e.g., ongoing, impasse, etc.) and the relative prospects for resolution through informal means.**

The parties have not engaged in informal settlement negotiations. Plaintiff's counsel and Gallup's counsel have discussed scheduling an early mediation of this litigation.

**F.    Describe the status of discovery conducted to date, and identify whether the parties reasonably believe that they will be able to complete discovery by the Court's deadline. If not, explain the reasons.**

The parties have exchanged initial disclosures. Plaintiff contends that Gallup's initial disclosures fail to satisfy Rule 26(a)(1)(A) and has requested that Gallup supplement its disclosures on or before February 28, 2014. Gallup contends that its initial disclosures comply with the requirements of Federal Rule of Civil Procedure 26(a)(1), but in any event will confer with Plaintiff's counsel regarding what further information Plaintiff requires. Plaintiff has served requests for production (served February 4, 2014), interrogatories (served February 7, 2014), and

requests for admissions (served February 11, 2014) on Defendant. Plaintiff has requested that Defendant meet and confer concerning electronically stored information ("ESI"), pursuant to Rule 26(a)(1)(A), and produce an ESI designee for deposition under Rule 30(b)(6) between March . Plaintiff's counsel believes that the parties will be able to complete fact discovery and expert discovery by the respective deadlines of October 24, 2014 and January 30, 2015. Plaintiff believes that Defendant has possession, custody and control of documents and ESI that reflect and relate to the telephone calls allegedly made by Defendant to Plaintiff and members of the putative class. Accordingly, Plaintiff believes that most of the discovery needed for class certification and merits is capable of being produced by Defendant. Plaintiff's belief is based on the fact that Defendant's initial disclosures do not identify any non-party witness, nor do they describe any category of documents or ESI in the possession of a non-party.

Defendant is currently reviewing Plaintiff's voluminous discovery requests. Defendant believes a protective order governing the treatment of confidential or proprietary may be required. In addition, Defendant will seek discovery from Plaintiff.

**G.     Identify any other issues that the Court should be aware of that may affect the resolution of this matter or the schedule as currently set.**

Plaintiff intends to seek the consolidation of all pending putative TCPA class action lawsuits with the instant action. On January 7, 2014, another putative TCPA class action lawsuit, *Ann Fox v. Gallup*, Inc. (C.D.Cal. 2:14-cv-00163) was filed against Gallup. Gallup filed a motion to transfer the *Fox* case to the Southern District of Florida. On February 12, 2014, the District Court for the Central District of California granted Gallup's motion to transfer the Fox case. Plaintiff intends to seek the consolidation of *Fox* with the instant action. Likewise, Plaintiff

- 4 -

intends to move for the consolidation of the instant action with the pending related case of *Laurie C. Marr v. Gallup, Inc*.  (1:14-cv-20116-RSR).

Gallup does not know if counsel in the Marr and Fox cases will have additional discovery demands or plans that might affect the current case schedule.

In addition, as noted in the November 14, 2013 Joint Scheduling Report filed with the Court, Gallup seeks to file a motion to stay this lawsuit under the doctrine of primary jurisdiction, in light of three Petitions for Declaratory Ruling that are currently pending before the Federal Communications Commission ("FCC"), the administrative body given power over interpretation and construction of the TCPA.  The three Petitions for Declaratory Ruling pending before the FCC request clarification on the definition of an "automated telephone dialing system" (or "autodialer") under the Telephone Consumer Protection Act ("TCPA").  Gallup believes that a decision from the FCC on these Petitions will greatly aid the resolution of this case, such that a stay is warranted.  Now that the Soto, Marr and Fox cases are all before the same court, Gallup intends to proceed with the motion to stay.


/        /


Intentionally left blank


/        /

Respectfully submitted this 13th day of February, 2014

/s/ *Seth Lehrman*
Steven R. Jaffe (Fla. Bar No. 390770)
Email: steve@pathtojustice.com
Seth M. Lehrman (Fla. Bar No. 132896)
Email: seth@pathtojustice.com
Mark S. Fistos (Fla. Bar No. 909191)
Email: mark@pathtojustice.com
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: (954) 524-2820
Facsimile: (954) 524-2822

Scott D. Owens (Fla. Bar No. 0597651)
Email: scott@scottdowens.com
SCOTT D. OWENS, P.A.
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009
Telephone: (954) 589-0588
Facsimile: (954) 337-0666

Bret L. Lusskin (Fla. Bar. No. 28069)
Email: blusskin@lusskinlaw.com
BRET LUSSKIN, P.A.
20803 Biscayne Blvd., Ste 302
Aventura, FL 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844

*Attorneys for Plaintiff*

/s/ *Felicia Yu*
Felicia Yu, Esq. (Pro Hac Vice)
Email: fyu@reedsmith.com
Raagini Shah, Esq. (Pro Hac Vice)
Email: rshah@reedsmith.com
REED SMITH, LLP
335 S. Grand Ave., Ste 2900
Los Angeles, CA 90061
Telephone: (213) 457-8000
Facsimile: (213) 457-8080

J. Randolph Liebler
Florida Bar No. 507954
Email:  jrl@lgplaw.com
Dora F. Kaufman
Florida Bar No. 771244
E-mail: dfk@lgplaw.com
LIEBLER, GONZALEZ &
PORTUONDO, P.A.
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone:  (305) 379-0400
Facsimile:  (305) 379-9626

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 13, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date in some other authorized manner for those counsel or parties, if any, who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Seth Lehrman
Seth Lehrman