## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement" or "Settlement") is made by and among Plaintiffs Kurt Soto, Laurie Marr and Ann Fox ("Plaintiffs"), on behalf of themselves and the class of persons they seek to represent, and Defendant Gallup, Inc., formerly known as The Gallup Organization, Inc. ("Gallup"), with reference to the following facts.  Plaintiffs and Gallup are sometimes collectively referred to herein as the "Parties."

## RECITALS

A.      On August 12, 2013, Plaintiff Soto initiated a civil action entitled *Soto v. The Gallup Organization, Inc.*, bearing Civil Case Number 9:13-cv-61747-COOKE, in the United States District Court for the Southern District of Florida (the "Court") by filing a complaint seeking statutory damages and injunctive relief against Gallup for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA") (the "Complaint"). In the Complaint, Plaintiff Soto alleged that Gallup placed calls to cellular telephone numbers through the alleged use of an automatic telephone dialing system without the prior express consent of Plaintiff or the putative class members.

B.      On August 16, 2013, Plaintiff Soto filed a First Amended Class Action Complaint seeking statutory damages and injunctive relief alleging that Gallup violated the TCPA by placing calls to cellular telephone numbers through the alleged use of an automatic telephone dialing system, without the prior express consent of Plaintiff Soto or the putative class members (the "Amended Complaint").  The Complaint and Amended Complaint are collectively referred to herein as the "Complaints."

C.      On August 16, 2013, Plaintiff Soto filed a Motion for Class Certification and asked that the Court stay any ruling on the Motion until the completion of discovery.

1

D. On October 11, 2013, Plaintiff Marr filed a Class Action Complaint in the Southern District of California entitled *Laurie C. Marr v. Gallup, Inc.*

E. On November 15, 2013, the Court entered a scheduling order and referred the case to mediation. The Parties exchanged their initial disclosures of witnesses and documents on December 16 and 20, 2013 respectively. On December 23, 2013, the Court denied Plaintiff Soto's Motion for Class Certification without prejudice and gave Plaintiff Soto leave to renew the Motion for Class Certification upon completion of discovery or earlier if necessary.

F. On January 7, 2014, Plaintiff Fox filed a Class Action Complaint in the Central District of California entitled *Ann Fox v. Gallup, Inc.*

G. On January 10, 2014, the *Marr* action was transferred from the Southern District of California to the Southern District of Florida and was assigned Civil Case Number 1:14-cv-20116-RSR. On February 11, 2014, the *Fox* case was transferred to the Southern District of Florida and was assigned Civil Case Number 1:14-20538-CIV-RSR.

H. On April 3, 2014, the Court issued an order that consolidated the *Soto*, *Marr* and *Fox* cases and designated *Soto* as the lead case (the "Action").

I. On April 3, 2014, the Court appointed the law firms of Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L. and Scott D. Owens, P.A. as Interim Co-Lead Class Counsel and appointed them, along with Bret Lusskin, P.A., Douglas Campion, and Elliot Adler, as Interim Class Counsel (collectively "Class Counsel").

J. On April 3, 2014, Gallup filed a motion to stay the Action pursuant to the doctrine of primary jurisdiction in order to give the Federal Communications Commission ("FCC") the opportunity to issue a decision on three Petitions for Declaratory Ruling that the FCC currently

has under consideration.  The three Petitions all requested clarification from the FCC regarding the scope of the term "automated telephone dialing system" ("ATDS") under the TCPA.

K.     On October 20, 2014, the Parties attended an all-day mediation with the Honorable Morton Denlow (Ret.) of JAMS.  Following the mediation, the parties continued negotiations via e-mail and by telephone to reach an agreement to settle the instant Action on a class-wide basis.

L.     Plaintiffs and Class Counsel have investigated the facts and law underlying the claims asserted in the Action.  Plaintiffs and Class Counsel requested, and Gallup has produced, data and documents regarding the claims asserted by Plaintiffs and the putative class.  Class Counsel also has engaged in numerous discussions with Gallup's counsel regarding those claims.

M.     This Agreement is the result of extensive mediation, meetings and negotiations. For months, Plaintiffs and Gallup have engaged in good faith and arm's length negotiations concerning the possible settlement of the Action.

N.     Gallup denies all material allegations and claims asserted in the Action and the Complaints, and it denies all allegations of wrongdoing and liability.  Gallup further contends that the Action is not amenable to class certification and Plaintiffs and the class that they seek to represent are not entitled to any form of damages or relief.  In addition, Gallup maintains that it has meritorious defenses to all claims alleged in the Action and it is prepared to defend the Action.  Despite the foregoing, given the risks, uncertainties, burden and expense of continued litigation, Gallup desires to settle the Action on the terms set forth herein.

O.     Plaintiffs and their counsel believe that the claims asserted in the Action have merit.  However, taking into account the risks of continued litigation, as well as the delays and uncertainties inherent in such litigation and any subsequent appeal, Plaintiffs and their counsel

believe that it is desirable that the Action be fully and finally compromised, settled and terminated now with prejudice, and forever barred pursuant to the terms and conditions set forth in this Settlement Agreement.  Plaintiffs and their counsel have concluded that the terms and conditions of this Settlement Agreement are fair, reasonable and adequate to the proposed class, and that it is in the best interests of the proposed class to settle the Action.

**NOW, THEREFORE,** in consideration of the promises, covenants, representations and warranties contained herein, and for good and valuable consideration, the receipt of which is hereby mutually acknowledged, the Parties hereby agree as follows:

### 1.  Settlement Class

1.1     <u>Proposed Class Definition</u>.   For settlement purposes, the Parties have agreed to define the "Class" as follows:   "All persons in the United States who received a survey call from Gallup to a cellular telephone, through the alleged use of an automatic telephone dialing system, from August 16, 2009 through August 16, 2013."

1.2     <u>Estimated Class Size</u>.   Gallup estimates that it may have contacted approximately 6.93 million unique cell phone numbers during relevant class period, from August 16, 2009 through August 16, 2013.

### 2.  Preliminary Approval of Proposed Class Action Settlement

2.1     The Parties desire and intend to seek Court approval of the settlement and a final judgment and order dismissing with prejudice the claims of Plaintiffs and the members of the Class as set forth in this Settlement Agreement.  The Parties agree to undertake all steps necessary to effectuate the purpose of the settlement, to secure the Court's approval of the settlement, and to oppose any interventions and objections to the settlement, including objections

by any regulatory authority.  Class Counsel reserves the right to appeal any award of attorney's fees and costs that is less than the amount the Parties agreed to in Section 5 below.

        2.2     Upon full execution of this Settlement Agreement, the Parties will file a Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval") in accordance with the terms of this Settlement Agreement.  The Motion for Preliminary Approval will seek an order that:  (a) preliminarily approves the settlement of the Action; (b) certifies the Class for settlement purposes; (c) approves and appoints Plaintiffs Soto, Marr and Fox as representatives of the Class; (d) approves and appoints Class Counsel to represent the Class for all purposes; (e) approves the forms providing notice of this settlement to the Class, as provided in Section 8 of this Settlement Agreement (the "Notice Forms"); (f) approves the methods for providing notice of this settlement to the Class, as provided in Section 8 of this Settlement Agreement (the "Notice Plan"; (g) approves the form by which Class Members can submit a claim (the "Claim Form") and the claims process, as provided in  Section 9 of this Settlement Agreement; (h) sets the deadlines for providing notice to the Class and for Class Members to submit requests for exclusion/opt-out, entry of an appearance, or objections to the proposed settlement, as provided in Sections 10, 11 of this Settlement Agreement.  The Parties will thereafter seek final approval of the settlement and entry of a "Final Judgment" (as defined in Section 12 below).

### 3. The Settlement Fund

        As settlement in full of this Action, Gallup will pay $12,000,000 to establish a Settlement Fund.  The Settlement Fund shall be used to provide the exclusive recovery and relief for the Class, any reasonable attorneys' fees and costs approved and awarded by the Court to Plaintiff's Counsel, any incentive awards approved and awarded by the Court to Plaintiffs Soto,

Marr and Fox, and the costs of notice and settlement administration, as set forth in Sections 5, 6, 7 below.  Gallup shall not, under any circumstances, be obligated to pay any other additional amounts in connection with this Settlement Agreement.   No interest shall accrue on the Settlement Fund.

### 4.  Class Recovery

Class Members who submit a Valid Claim Form, as set forth in Section 9 below, will receive a pro rata share of the Settlement Fund in the form of a check (after any attorneys' fees and costs awarded by the Court, any incentive awards to Plaintiffs Soto, Marr and Fox awarded by the Court, and any costs of notice and settlement administration are deducted from the Settlement Fund).  There shall be permitted only one claim per cellular telephone number for each Class Member regardless of the number of calls received.

### 5.  Attorneys' Fees and Costs for Class Counsel

Class Counsel shall move the Court for an award of attorneys' fees and costs incurred in connection with the Action to be paid to Class Counsel from the Settlement Fund. Gallup shall not object to such a motion so long as the total attorneys' fees and costs requested by Class Counsel do not exceed $4,000,000.  Any attorneys' fees and costs approved by the Court shall be paid to Class Counsel from the Settlement Fund in two installments, as follows: (a) within 30 days of Final Judgment, all but $1,000,000 of the attorneys' fees and costs award will be paid to Class Counsel; and (b) by January 4, 2016, the remaining $1,000,000 of the attorneys' fees and costs award will be paid to Class Counsel.  This Settlement Agreement is not conditioned on the Court's approval of any attorneys' fees and costs sought by Class Counsel. No interest will accrue on any attorneys' fees or costs awarded by the Court to Class Counsel.

6. **Incentive Awards for Named Plaintiffs**

Plaintiffs Soto, Marr and Fox each seek an incentive award of no more than $2,000 for their service in representing the Class, subject to the Court's approval. Any incentive awards approved by the Court shall be paid from the Settlement Fund. Court approval of any incentive award will not be a condition of the Settlement. Gallup shall not object to an incentive award that does not exceed $2,000 for each named Plaintiff.

7. **Settlement Administration**

7.1   <u>Settlement Administrator</u>. The settlement administration services for this Action shall be provided by Angeion Group (the "Settlement Administrator"), which is located at 1801 Market Street, Suite 660, Philadelphia, PA 19103. The Settlement Administrator's telephone number is 215-563-4116. Subject to the oversight of Class Counsel , Gallup's counsel and the Court, the Settlement Administrator shall be responsible for, among other things: (a) providing notice of the Settlement to Class Members as set forth in Section 8; (b) creating and maintaining the Settlement Website as set forth in Section 8.4; (c) maintaining a toll-free telephone number as set forth in Section 8.5; (d) acting as a liaison between Class Members and the Parties regarding the settlement; (e) providing CAFA Notice to the relevant Attorneys General as set forth in Section 8.6; (f) receiving and validating Claim Forms and providing weekly reports regarding Claim Forms received to Class Counsel and Gallup's counsel as set forth in Section 8.2.5; (g) receiving and promptly forwarding any Requests for Exclusion or Objections received from Class Members to Class Counsel and Gallup's counsel as set forth in Section 8.2.5; (h) issuing settlement checks to Class Members entitled to receive a settlement check pursuant to Section 13.3 below, including any relevant tax reporting; (i) paying the Attorneys Fees Award and Incentive Awards approved by the Court as set forth in Sections 13.1,

13.2, including any relevant tax reporting; (j) maintaining records of its activities under the Settlement Agreement as required by applicable law in accordance with its normal business practices and making such records available to Class Counsel and Gallup's Counsel upon request; (k) providing reports and other information to the Parties and the Court as the Parties and the Court may require.

   7.2 <u>Settlement Administration Expenses</u>.  The costs and expenses incurred by the Settlement Administrator to provide notice (pursuant to Section 8 below) and to administer this Settlement are estimated to be $2.5 million and shall be paid out of the Settlement Fund. Within ten (10) days after the entry of the Preliminary Approval Order, Gallup will advance up to $2 million from the Settlement Fund to pay any reasonable costs incurred by the Settlement Administrator to provide Notice to the Class.  Gallup will be given credit for all such advance payments, which shall be deducted from the Settlement Fund.  Because the costs of notice and settlement administration will affect each Class Member's pro rata share of the Settlement Fund, the costs of notice and settlement administration shall be overseen by Class Counsel.  Gallup's counsel may also oversee the notice and settlement administration process as they deem necessary.  The Parties will use good faith efforts to minimize the costs of notice and settlement administration.

  **8.  Notice of Settlement**

   8.1 "Notice" means the notice of this proposed Settlement Agreement and the hearing for Final Approval, which is to be sent to the Class substantially in the form and manner set forth in Sections 8.2.2 and 8.3 and 8.4 below.  The Parties agree that the Notice provided under this Settlement is consistent with the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and approved by the Court.  Other than such Notice, the Parties

shall not initiate any other direct communication to a Class Member which has not been previously approved by the Court and/or will not seek free media attention or issue press releases or social media statements pertaining to the Settlement except as provided in Section 18. Nothing in this provision shall prevent or impair Class Counsel's duties to the Class, including responding to questions and inquiries initiated by Class members.

      8.2   <u>Mail Notice</u>.

      8.2.1   The Settlement Administrator shall conduct a "reverse look-up," using the cellular telephone numbers provided by Gallup, to identify the names and addresses of potential Class members.  Multiple sources for "reverse look-ups" will be used to identify as many Class members as possible.  Class members for whom the Settlement Administrator is able to obtain a complete mailing address will be provided Mail Notice.

      8.2.2   The Mail Notice to the Class will consist of a postcard that contains a summary description of the Settlement Agreement, identifies the Settlement Administrator, and directs recipients to the Settlement Website from which additional information about the Settlement can be obtained. The Mail Notice will be substantially in the form of Exhibit "A" attached hereto.

      8.2.3   Any Mail Notice returned to the Settlement Administrator with a new forwarding address will be re-mailed to the Class Member at the new forwarding address. When feasible, skip tracing shall be performed for any returned Mail Notice.  All costs of skip tracing will be deducted from the Settlement Fund.

      8.2.4   The Claims Administrator will mail the Class Members the Mail Notice as soon as reasonably practicable, but no later than sixty (60) days from the date the Court grants the Motion for Preliminary Approval (the "Notice Deadline").  The Claims Administrator

will file a declaration with the Court, as part of the final approval papers, stating that these procedures were followed.

        8.2.5    The Settlement Administrator will provide weekly reports regarding Claim Forms received, identifying those claims that are validated and those that are not validated to Class Counsel and Gallup's counsel. The Settlement Administrator will promptly forward any Requests for Exclusion or Objections received from Class Members to Class Counsel and Gallup's counsel.

        8.3.    <u>Publication Notice</u>.  If Mail Notice cannot be sent to at least 70% of the Class Members, then the Settlement Administrator shall provide Publication Notice in the form attached hereto as Exhibit "C", in a national publication to be agreed upon by the Parties.  The costs of Publication Notice will be paid from the Settlement Fund.

        8.4    <u>Settlement Website and Website Notice</u>.   Within thirty (30) days following the entry of the Preliminary Approval Order, the Settlement Administrator shall establish and oversee a settlement website at **www. SotoTCPASettlement.com** available to Class Members (the "Settlement Website").  The Settlement Website shall contain hyperlinks to a long form settlement notice, substantially in the form of Exhibit "D" hereto (the "Website Notice").  In addition to the Website Notice, the Settlement Website will include hyperlinks to the Claim Form, the Complaints, the Settlement Agreement, the Motion for Preliminary Approval, the Preliminary Approval Order, the Motion for Final Approval and the Final Judgment.  The Settlement Website shall also include the deadlines for filing claims, requests for exclusion from the Settlement, objections and final approval and other information pertaining to the settlement and how to submit claims, Frequently Asked Questions ("FAQ's"), and an interactive function that permits Class Members to submit or download a Claim Form online by

submitting the cellular telephone number that was allegedly called by Gallup.  The Settlement Website will be accessible for a period of not fewer than 90 days after entry of the Final Judgment.  The Settlement Website shall not include any advertising, and shall not bear or include Gallup's logo or trademarks.  All costs of the Settlement Website will be considered Settlement Administration Expenses and deducted from the Settlement Fund.

        8.5    <u>Settlement Toll-Free Number</u>.    The Settlement Administrator shall designate a toll-free number for receiving calls related to the Settlement.  The Mail Notice and Settlement Website shall include the toll-free number.  The Settlement Toll-Free Number will provide information about the Settlement and answers to FAQ's via Interactive Voice Response.  All costs of the Settlement Toll-Free Number will be considered Settlement Administration Expenses and deducted from the Settlement Fund.

        8.6.    <u>CAFA Notice</u>.  Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall serve upon the Attorneys General of each U.S. State in which there are members of the Class, the Attorney General of the United States, and other required government officials, notice of the proposed settlement, which shall include (a) a copy of the most recent complaint and all materials filed with the complaint or notice of how to electronically access such materials; (b) notice of all scheduled judicial hearings in the Action; (c) all proposed forms of Notice to the Settlement Class; and (d) a copy of this Settlement Agreement.  To the extent known, the Settlement Administrator shall serve upon the above-referenced government official the names of class members who reside in each respective state and the share of the claims of such members to the entire settlement, or if not feasible, a reasonable estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such members to the

entire Agreement. Defendant shall be responsible for filing a Notice with the Court indicating compliance with the requirements of 28 U.S.C. § 1715.  All costs of the CAFA Notice will be considered Settlement Administration Expenses and deducted from the Settlement Fund.

**9.   Claims Process**

9.1   <u>Potential Claimants</u>.  Each Class Member who does not timely and validly request exclusion from the settlement as required in this Settlement Agreement shall be a Class Member bound by this Settlement Agreement and Final Judgment.

9.2   <u>Claim Form</u>.  A Claim Form, substantially in the form attached hereto as Exhibit "B" as approved by the Court, may be submitted by Class Members via mail or directly on the Settlement Website.  Each Class Member shall be entitled to make only one claim per cell phone number called by Gallup regardless of the number of calls received.

9.2   <u>Valid Claims</u>.  A Claim Form submitted by a Class Member is valid if it contains:  (a) the Class Member's full name and address; (b) an averment that the Class Member received a call on his or her cellular telephone during the Class Period; (c) identifies the cellular telephone number allegedly called by Gallup; (d) is postmarked or submitted on-line by the last date of the 90-day "Claim Period," as specified in the Claim Form and on the Mail Notice and Website Notice, which will be one hundred and fifty (150) days following entry of the Preliminary Approval Order; (e) is correct and truthful; and (f) is not successfully challenged ("Valid Claim Form").

9.3   <u>Claims Deadline</u>.  All Valid Claims must be submitted at the conclusion of the 90-day "Claim Period," as specified in the Claim Form and on the Mail Notice and Website Notice, which will be one hundred and fifty (150) days following entry of the Preliminary Approval Order.

9.4    <u>Fraudulent Claims</u>.  The Settlement Administrator will employ reasonable procedures to screen Claim Forms for abuse or fraud, and is authorized to reject a Claim Form where the name provided on a Claim Form does not appear on the list of Class Members or where a Claim Form does not contain all requested information necessary to validate a Claim Form.  The Parties reserve the right, but not the obligation, to challenge Claim Forms by submitting any objections to the Settlement Administrator, with notice to the Class Member making the claim.  The Settlement Administrator shall have full and final authority to determine the validity of all claims based on the criteria set forth in the definition of "Valid Claim Form" in this Settlement Agreement.

9.5    <u>Deficient Claims</u>.  The Settlement Administrator is authorized to contact any claimants who submitted deficient Claim Forms to request that they cure any deficiency by the Claims Deadline.

**10. Requests for Exclusion from Settlement**

10.1    <u>Exclusion Deadline</u>.  Class Members have the right to "opt-out" or exclude themselves from the Settlement by mailing an exclusion request ("Exclusion Request") to the Settlement Administrator.  The Exclusion Request must be received or postmarked on or before the Exclusion Deadline specified on the Notice Forms and Settlement Website, which is one hundred and fifty (150) days from entry of the Preliminary Approval Order.  The Claims Administrator will provide copies of such Exclusion Requests to Class Counsel and counsel for Gallup promptly upon receipt.

10.2    <u>Exclusion Request</u>.  The Exclusion Request shall be in writing and include the name and number of this Action, the Class Member's name, address, and telephone number and must be signed by the Class Member.  An Exclusion Request that does not include all of the

foregoing information, or that is sent to an address other than that designated in the Notice Forms, or that is not received or postmarked by the Exclusion Deadline shall be invalid and the Class Member shall be bound by the Settlement Agreement.

10.3    Any Class Member who submits a valid Exclusion Request shall not (a) be entitled to relief under this Settlement Agreement; (b) gain any rights by virtue of this Settlement Agreement; (c) be entitled to object to any aspect of this Settlement Agreement; or (d) be bound by the Settlement Agreement or the Final Judgment.

10.4    Except for those Class Members who have properly and timely mailed an Exclusion Request, all Class Members will be bound by this Settlement Agreement and the Final Judgment to be entered following the hearing for Final Approval of the Settlement Agreement.

10.5    So called "mass" or "class" opt-outs or exclusions shall not be allowed. No Class Member, or any person acting on behalf of or in concert or participation with that Class Member, may exclude any other Class Member from the Settlement.  If 1,000 or more Class Members opt-out of the Settlement Agreement by timely submitting an Exclusion Request, then Gallup, in its sole discretion, shall have the right to terminate the settlement.  In the event that the Settlement is terminated pursuant to this Section, the Parties will be returned to the status quo ante as if no Settlement had been negotiated or entered into as set forth in Section 15 below.

**11. Objections to Settlement**

11.1    <u>Objection Deadline</u>.  Any Class Member who intends to object to this Settlement Agreement ("Objection") must file his or her Objection with the Court or submit his or her Objection via mail to the Clerk of the Court and mail a copy of the Objection to Class Counsel and Gallup's counsel.  The Objection must be received or postmarked on or before the

Objection Deadline specified on the Notice forms and Settlement Website, which is one hundred and fifty (150) days from entry of the Preliminary Approval Order.

11.2     Any Objection, which must be filed with the Court or sent via mail to the Clerk of the Court and submitted to Class Counsel and Gallup's counsel, must set forth the name and case number of this Action, the Class Member's name, address, telephone number and all arguments, citations and evidence supporting the Objection, and a statement of whether the objecting Class Member intends to appear at the hearing for final approval of the class action settlement, and whether the objecting Class Member intends to appear at the hearing with or without counsel.   Any Objection must provide information sufficient to allow the Parties to confirm that the person submitting the Objection is a member of the Settlement Class.   The Settlement Administrator will provide to Class Counsel and Gallup's Counsel all copies of any objections mailed to the Settlement Administrator.

11.3     Any Class Member who fails to submit a timely Objection pursuant to this Section and as detailed on the Notice forms and Settlement Website shall have waived any right to object to the fairness, reasonableness, or adequacy of the proposed Settlement, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means.

11.4     A Class Member who requests to be excluded from the Settlement cannot also object to the Settlement Agreement.

### 12. Final Approval and Final Judgment

12.1     <u>Final Approval Hearing</u>.   The Final Approval Hearing is the hearing before the Court held on the date specified on the Notice forms and Settlement Website during which the Parties will request that the Court grant final approval of the Settlement Agreement and enter Final Judgment in the Action.

12.2   <u>Final Judgment</u>.  As used herein, "Final Judgment" shall mean the entry by the Court of a judgment finally approving the settlement of the Action pursuant to the terms of this Settlement Agreement and that judgment shall have become final either by expiration of time for appeal or if a Class Member objects to the settlement and files an appeal, by either a dismissal of said appeal or final appellate court decision in favor of, and affirming, the judgment and the Settlement Agreement in all material respects.

12.3   Gallup shall not be obligated to pay any sum pursuant to this Settlement Agreement until after Final Judgment, except for advancing funds necessary to provide Notice pursuant to Section 7.2 above.  Any appeal regarding the attorney's fees or costs or incentive payments to Soto, Marr and Fox shall not affect other payments that are not the subject of such an appeal.

12.4   By entering Final Judgment, the Court shall:

12.4.1  Approve the Settlement Agreement and the proposed settlement as fair, reasonable and adequate as to, and in the best interests of, the Class Members; direct the Parties and their counsel to implement and consummate the Settlement Agreement, to the extent the Parties have not done so already, according to its terms and provisions; and declare the Settlement Agreement to be binding on, and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Soto, Marr, and Fox and all other Class Members, as well as their heirs, executors and administrators, successors and assigns;

12.4.2  Certify the Class for settlement purposes;

12.4.3  Find that the Notice implemented pursuant to the Settlement Agreement (a) constitute the best practicable notice, (b) constitute notice that is reasonably

calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to accept, object to or exclude themselves from the proposed settlement and to appear at the fairness hearing, (c) constitute reasonable, due, adequate and sufficient notice to all persons entitled to receive notice, and (d) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution and any Rules of the Court;

12.4.4 Find that Class Counsel and Plaintiffs Soto, Marr and Fox adequately represented the Class for purposes of entering into and implementing the settlement;

12.4.5 Incorporate the Release set forth in Section 14 below, make the Release effective as of the date of the Final Judgment, and forever discharge the Released Parties from any claims or liabilities arising from or related to the facts, circumstances, or subject matter of this Action;

12.4.6 Bar and enjoin Plaintiffs Soto, Marr and Fox and all Class Members who have not been excluded from the Class from (a) filing, commencing, prosecuting, intervening in, promoting, or participating (as class members or otherwise) in, any lawsuit in any jurisdiction based on or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in this Action and (b) organizing Class Members who have not been excluded from the Class into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action.

### 13. Payments Upon Final Judgment

13.1     Class Counsel shall, within thirty (30) days of Final Judgment, be paid from the Settlement Fund all but $1,000,000 of the attorneys' fees and costs awarded by the Court via electronic transfer to an account designated by Class Counsel.  In addition, by January 4, 2016, the remaining $1,000,000 of the attorneys' fees and costs awarded by the Court will be paid to Class Counsel out of the Settlement Fund.

13.2     Within thirty (30) days after Final Judgment, any Incentive Awards approved by the Court shall be paid to Plaintiffs Soto, Marr and Fox from the Settlement Fund.

13.3     Within thirty (30) days after Final Judgment, and after all attorney's fees and costs awarded to Class Counsel, all incentive awards approved by the Court to the Plaintiffs, and all costs of Notice and settlement administration have been paid out of the Settlement Fund, the Claims Administrator shall calculate the pro rata share of the remaining Settlement Funds that each Class Member who submitted a Valid Claim Form is entitled to receive, and mail settlement checks to such Class Members.  The settlement checks to Class Members shall state on their face that the check will expire and become void if not cashed within ninety (90) days of the date of the check.

13.4     Any funds from uncashed settlement checks, as well any funds from settlement checks to Class Members whose valid address could not be located pursuant to Section 8.2.1 above, shall be delivered to a cy pres recipient selected by the parties and approved by the Court.

### 14. Release Upon Final Judgment

14.1     Plaintiffs Soto, Marr and Fox, and each Class Member (other than those persons who have timely and properly filed an Exclusion Request), on behalf of themselves and their agents, employees, officers, representatives, administrators, servants, assigns, heirs,

executors, trustees, joint venturers, parents, subsidiaries, affiliates, partners, successors, predecessors, insurers, reinsurers, and attorneys, and each of them (collectively the "Releasing Persons"), hereby jointly and severally release and discharge Gallup and its past, present and future officers, directors, principals, shareholders, employees, servants, agents, representatives, parents, affiliates, subsidiaries, predecessors, successors, partners (including any entities that provided Gallup with the cellular telephone numbers used to call the Class Members), contractors, vendors, clients (including those on whose behalf Gallup called the Class Members), insurers, reinsurers, accountants, and attorneys (collectively the "Released Parties") from any and all actions, causes of action, claims, demands, obligations, damages, expenses, costs, attorneys' fees, of whatever character, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, whether in law or in equity, arising out of or relating to Gallup's calls for survey or research purposes, Gallup's alleged use of an ATDS, any alleged violations of the TCPA or similar state laws or related federal or state regulations, the Action, the Complaints, and/or the administration of this Settlement, through and including the date hereof (the "Released Claims").

      14.2   The Releasing Persons acknowledge that he/she/it may hereafter discover facts different from, or in addition to, those which he/she/it now claims or believes to be true with respect to the Released Claims, and agrees that this Settlement Agreement shall remain effective in all respects notwithstanding the discovery of such different, additional or unknown facts.  The Releasing Persons hereby waive any rights or benefits that he/she/it may have under state or federal law regarding different, additional or unknown claims.

      14.3   If any of the Parties should discover subsequent to Final Judgment that any fact relied upon by he/she/it in entering into this Settlement Agreement was untrue, or that

any fact was concealed from he/she/it, or that his/her/its understanding of the facts or of the law was incorrect, such party shall not be entitled to any relief in connection therewith, including without limitation, any alleged right or claim to set aside or rescind this Settlement Agreement. This Settlement Agreement is intended to be, and is final and binding between the Parties hereto, regardless of any claims of misrepresentation, promise made without the intention to perform, concealment of fact, mistake of fact or law, or any other circumstance whatsoever.

### 15. **Effect of Court's Denial of Preliminary or Final Approval of Settlement**

15.1    There is no settlement if the Court does not preliminarily approve the settlement or finally approve the settlement in substantially the same form as set forth herein, or if the settlement is appealed, or if the judgment approving the settlement is appealed, and if the settlement or the judgment approving the settlement is not approved on appeal in substantially the same form as set forth herein.  In such event, (a) this Settlement Agreement is terminated and is of no force and effect and no party shall be bound by any of its terms; (b) to the extent applicable, any preliminary order approving the settlement, certifying the Class, approving the Notice Forms or Notice Program, and providing notice to the Class shall be vacated; (c) the Settlement Agreement and all of its provisions and all negotiations, statements, and proceedings relating to the Settlement Agreement shall be without prejudice to the rights of any of the Parties; (d) each of the Parties shall be restored to their respective positions as of the date this Settlement Agreement was fully executed; and (e) neither the settlement nor any of its provisions or the fact that this Settlement Agreement has been made shall be admissible in this Action or in any other action for any purpose whatsoever.

15.2    Solely for the purposes of settlement, providing Notice and implementing this Settlement Agreement, the Parties agree to conditional certification of the Settlement Class

which shall be certified for settlement purposes only.  Preliminary certification of the Settlement

Class shall not be deemed a concession that certification of a litigation class is appropriate, nor is

Gallup precluded from challenging class certification in further proceedings in the Action or in

any other action if the Settlement is not finalized or finally approved.  If the Settlement is not

finally approved by the Court for any reason whatsoever, the certification of the Settlement Class

will be void, and no doctrine of waiver, estoppel or preclusion may be asserted in any litigated

certification proceedings in the Action.  No agreements made by or entered into by Gallup in

connection with the Settlement may be used by Plaintiffs, any person in the proposed Settlement

Class or any other person to establish any of the elements of class certification in any litigated

certification proceedings, whether in the Action or any other judicial proceeding.

### 16. Termination of Settlement Agreement

Plaintiffs on behalf of the Settlement Class, or Gallup, shall have the right to terminate

this Settlement Agreement by providing written notice to the other within ten (10) days of any of

the following events:  (a) the Court's refusal to grant Preliminary Approval of this Settlement

Agreement; (b) the Court's material modification of the Settlement Agreement, the Mail Notice,

Publication Notice, Website Notice or Claim Form attached hereto as Exhibits A, B, C and D; (c)

the Court's refusal to grant Final Approval of this Settlement Agreement in any respect; (d) the

Court's refusal to enter the Final Judgment in this Action in any respect; and (e) the date upon

which the Final Judgment is modified or reversed in any material respect by the Court of

Appeals or the U.S. Supreme Court.

### 17. Further Cooperation.

The Parties acknowledge that it is their intent to consummate this Settlement

Agreement and agree, subject to their fiduciary and other legal obligations, to cooperate to the

extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement and to obtain Final Approval of this Settlement and Final Judgment of this Action.

### 18. Non-Disparagement and No Publicity

The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiff or defended by Gallup in bad faith or without a reasonable basis. Neither Class Counsel nor Plaintiffs will make a statement of any kind to any third party regarding the settlement prior to applying for preliminary approval, with the exception of communications with the Claims Administrator. However, Class Counsel may post orders regarding the Action and brief summaries of those orders on their website without permission from Gallup. In addition, Class Counsel and Plaintiffs agree that prior to publishing any press release concerning the settlement, that they will provide a draft of the press release to Gallup's counsel and that any press release will acknowledge that Gallup denied liability and denied that it used an automatic telephone dialing system to place the calls that were the subject of the action. The Parties may also make public statements to the Court as necessary to obtain preliminary or final approval of the settlement. This provision shall not prohibit Class Counsel from communicating with any Class Member regarding the Action or the settlement; provided, however, that Class Counsel must comply with all confidentiality agreements and any Protective Order in the Action in communicating with Class Members and will not disclose information that is not a part of the public record.

### 19. Advice of Counsel

The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released.  The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.  Neither Gallup, nor Gallup's counsel, nor any agent of Gallup has provided any tax advice of any kind with respect to the effects of this Settlement Agreement, the Release, the delivery or payment of any consideration identified herein, or the filing of any 1099 or other information reports with the United States Internal Revenue Service regarding payment of money pursuant to this Settlement Agreement.

### 20. No Admission of Liability

Whether or not the Settlement Agreement occurs or this Settlement Agreement is terminated, neither this Settlement Agreement nor the settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the settlement may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of the settlement amount or the fee award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them.  Additionally, neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: is or may be deemed a waiver of Gallup's right to challenge class certification if this Settlement for any reason

does not become Final; or is or may be deemed to be a waiver of Gallup's right to seek to enforce any arbitration provision against Settlement Class Members who opt out of the Settlement.

### 21. Stay/Bar of Proceedings

All proceedings in the Action will be stayed following entry of the Preliminary Approval Order, except as may be necessary to implement the Settlement or comply with the terms of the Settlement. Pending determination of whether the Settlement should be granted final approval, the Parties in the Action agree not to pursue any claims or defenses otherwise available to them, and no person in the Settlement Class and no person acting or purporting to act directly or derivatively on behalf of a Class Member, or acting on a representative basis or in any other capacity, will commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.  The proposed order submitted on a motion for preliminary approval will contain an injunction enjoining the commencement or prosecution of the Released Claims. The Settlement will be conditioned upon the entry of such an injunction in both the Preliminary Approval Order and the Final Judgment.

### 22. Return of Confidential Documents

22.1    Within thirty (30) days after Final Judgment, the originals and all copies of all confidential or highly confidential documents and/or information subject to all confidentiality agreements and any protective orders in the Action shall be returned to the producing party or destroyed.  Nothing in the Agreement shall require attorney work product or pleading files to be returned or destroyed.

22.2    Class Counsel and Defendant's Counsel each agree to keep all information about the settlement administration process—including, without limitation, all information received pursuant to Section 8.2.5 of this Agreement, such as claims reports, information

concerning opt-outs, and the Class List—confidential and may use it only for purposes of effectuating this Agreement.  Notwithstanding the foregoing, as required by the Court or to effectuate the intent of this Agreement, the Parties may disclose:  Opt-outs, Objections, Claims and other documents needed to enforce the terms and conditions of this Agreement or inform the Court.

### 23. Headings

The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

### 24. Waiver

The provisions of the Agreement may be waived only in a writing executed by the waiving party.  The waiver by one party of any breach of this Agreement by any other party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

### 25. Exhibits.

All of the exhibits to this Settlement Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

### 26. Entire Agreement

This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein.  No representations, warranties or inducements have been made to any party concerning this Settlement Agreement or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

**27. Modification**

      This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

**28. No Assignment**

      Plaintiff represents and warrants that it has not assigned any claim or right or interest therein as against the Released Parties to any other Person or party and that he is fully entitled to release the same.

**29. Execution in Counterparts**

      This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement all exchange original signed counterparts.  A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

**30. Agreement Binding on Successors in Interest**

      This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

**31. Jurisdiction**

      The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.

**32. Governing Law**

      This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Florida.

### 33. Arms-Length Negotiations

This Settlement Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties.  Whereas all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one party than another.

### 34. Notices to Counsel

All notices to counsel provided for herein shall be sent by e-mail with a hard copy sent by overnight mail to:

Counsel for Plaintiffs and the Settlement Class:

FARMER, JAFFE, WEISSING, EDWARDS, FISTOS, & LEHRMAN, P.L.
Seth Lehrman
425 N. Andrews Ave., Suite 2
Fort Lauderdale, Florida 33301

SCOTT D. OWENS, P.A..
Scott D. Owens
scott@scottdowens.com
3800 S. Ocean Dr., Suite 235
Hollywood, Florida 33019

Counsel for Gallup:

REED SMITH, LLP
Abraham Colman
acolman@reedsmith.com
Felicia Yu
fyu@reedsmith.com
355 S. Grand Avenue, Suite 2900
Los Angeles, CA  90071

### 35. Full Authority

Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of *March 3o* 2015:

**PLAINTIFFS:**

_Kurt S. Soto_
**Kurt S. Soto**


_____
**Laurie Marr**


_____
**Ann Fox**

**DEFENDANT GALLUP, INC.**
**By:**_____
**Name:**_____
**Title:**_____

**Approved as to Form and Content:**

**FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS, & LEHRMAN, P.L.**

**By:**_____
       **Seth Lehrman**
**Attorneys for Plaintiffs and the Class**


**SCOTT D. OWENS, P.A.**


**By:**_____
       **Scott D. Owens**
**Attorneys for Plaintiffs and the Class**


**BRET L. LUSSKIN, ESQ.**

**By:** _Bret L. Lusskin, Esq._
       **Bret L. Lusskin**

28

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of 3/30, 2015:

**PLAINTIFFS:**

_____

**Kurt S. Soto**

_____

**Laurie Marr**

_____

**Ann Fox**

**DEFENDANT GALLUP, INC.**
By:_____
Name:_____
Title:_____

**Approved as to Form and Content:**

**FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS, & LEHRMAN, P.L.**

By:_____
   **Seth Lehrman**
**Attorneys for Plaintiffs and the Class**

**SCOTT D. OWENS, P.A.**

By:_____
   **Scott D. Owens**
**Attorneys for Plaintiffs and the Class**

**BRET L. LUSSKIN, ESQ.**

By:_____
   **Bret L. Lusskin**

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed

as of _____, 2015:

**PLAINTIFFS:**

_____

**Kurt S. Soto**

_____

**Laurie Marr**

_____

**Ann Fox**

**DEFENDANT GALLUP, INC.**
**By:**_____
**Name:**_____
**Title:**_____

**Approved as to Form and Content:**

**FARMER, JAFFE, WEISSING,**
**EDWARDS, FISTOS, & LEHRMAN, P.L.**

**By:**_____
    **Seth Lehrman**
**Attorneys for Plaintiffs and the Class**

**SCOTT D. OWENS, P.A.**

**By:**_____
    **Scott D. Owens**
**Attorneys for Plaintiffs and the Class**

**BRET L. LUSSKIN, ESQ.**

**By:**_____
    **Bret L. Lusskin**

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of _____, 2015:

**PLAINTIFFS:**

_____

**Kurt S. Soto**

_____

**Laurie Marr**

_____

**Ann Fox**

**DEFENDANT GALLUP, INC.**
**By:** _____
**Name:** _Steven D. O'Brien_
**Title:** _General Counsel_

**Approved as to Form and Content:**

**FARMER, JAFFE, WEISSING,**
**EDWARDS, FISTOS, & LEHRMAN, P.L.**

**By:** _____
    **Seth Lehrman**
**Attorneys for Plaintiffs and the Class**

**SCOTT D. OWENS, P.A.**

**By:** _____
    **Scott D. Owens**
**Attorneys for Plaintiffs and the Class**

**BRET L. LUSSKIN, ESQ.**

**By:** _____
    **Bret L. Lusskin**

28

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of _____, 2015:

**PLAINTIFFS:**

_____
**Kurt S. Soto**


_____
**Laurie Marr**


_____
**Ann Fox**

**DEFENDANT GALLUP, INC.**
By:_____
Name:_____
Title:_____


**Approved as to Form and Content:**

**FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS, & LEHRMAN, P.L.**


By:_____
    **Seth Lehrman**
**Attorneys for Plaintiffs and the Class**

**SCOTT D. OWENS, P.A.**

By:_____
    **Scott D. Owens**
**Attorneys for Plaintiffs and the Class**


**BRET L. LUSSKIN, ESQ.**


By:_____
    **Bret L. Lusskin**

Attorneys for Plaintiffs and the Class

LAW OFFICES OF DOUGLAS J. CAMPION, A PC

By: _____
        Douglas J. Campion
Attorneys for Plaintiffs and the Class


LAW OFFICES OF ELLIOT ADLER

By: _____
        Elliot Adler
Attorneys for Plaintiffs and the Class


REED SMITH, LLP

By: _____
        Abraham Colman
        Felicia Yu
Attorneys for Defendant Gallup, Inc.

**Attorneys for Plaintiffs and the Class**

**LAW OFFICES OF DOUGLAS J. CAMPION**

By:_____
      Douglas J. Campion
**Attorneys for Plaintiffs and the Class**

~~**LAW OFFICES OF ELLIOT ADLER**~~ *Adler Law Group, APLC*

By:_____
      Elliot Adler
**Attorneys for Plaintiffs and the Class**

**REED SMITH, LLP**

By:_____
      Abraham Colman
      Felicia Yu
**Attorneys for Defendant Gallup, Inc.**

Attorneys for Plaintiffs and the Class

LAW OFFICES OF DOUGLAS J. CAMPION, A PC

By: _____
          Douglas J. Campion
Attorneys for Plaintiffs and the Class


LAW OFFICES OF ELLIOT ADLER


By: _____
          Elliot Adler
Attorneys for Plaintiffs and the Class


REED SMITH, LLP


By: _____
          Abraham Colman
          Felicia Yu
Attorneys for Defendant Gallup, Inc.

29

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

By:_____
     Todd M. Friedman

Attorneys for Ann Fox

**HYDE & SWIGART**

By:_____
     Joshua B. Swigart

Attorneys for Ann Fox

**KAZEROUNI LAW GROUP, APC**

By:_____ .
     Abbas Kazerounian

Attorneys for Ann Fox

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

By:_____
        Todd M. Friedman

Attorneys for Ann Fox

**HYDE & SWIGART**

By:_____
        Joshua B. Swigart

Attorneys for Ann Fox

**KAZEROUNI LAW GROUP, APC**

By:_____
        Abbas Kazerounian

Attorneys for Ann Fox

Exhibit A

v-61747-MGC Document 77-1 Entered on FLSD Docket 05/15/2015 Pa

**If you received a survey call on your cellular telephone from Gallup, you may be entitled to a payment from a class action settlement.**

A Settlement has been reached in a class action lawsuit claiming Gallup violated the Telephone Consumer Protection Act ("TCPA") by allegedly calling cell phones with an automated telephone dialing system without prior express consent. The court did not decide in favor of either Plaintiff or Gallup. Gallup denies any violation or that it did anything wrong.  However, to settle the case, Gallup will provide a Settlement Fund of $12,000,000.

**Who's Included?** You received this postcard because Gallup's records show you may be a member of the Settlement Class. The Settlement Class includes: "All persons in the United States who received a survey call from Gallup to a cellular telephone, through the alleged use of an automatic telephone dialing system, from August 16, 2009 through August 16, 2013."

**What Are the Settlement Terms?** Gallup will establish a Settlement Fund of $12,000,000 to pay valid claims from Class Members, any attorney fees and costs approved by the Court, any service awards to the Plaintiffs approved by the Court, and the cost of settlement administration.

**How can I get a Payment?** To get a payment you must submit a Claim Form. You can submit a Claim Form on-line, by calling the toll-free number below or by mail.  Claim Forms submitted by Mail must be postmarked by **Month DD**, 2015. The claim deadline is **Month DD**, 2015.

If the Court approves the Settlement, Class members who submit a valid Claim Form will be paid an equal distribution from the Settlement Fund—after the costs of notice, settlement administration, attorneys' fees and costs, and Plaintiffs' incentive awards are deducted.  The amount paid to Class Members will depend on the total number of valid Claim Forms submitted but it is estimated that the settlement payments will be between $25 and $80 per claim.

**Your Other Options:** If you do not want to be legally bound by the Settlement, you must exclude yourself by **Month DD, 2015**. If you do not exclude yourself, you will release your claims against Gallup. You may object to the Settlement by **Month DD, 2015**. The Detailed Notice available on the settlement website explains how to exclude yourself or object. The Court will hold a Hearing on **Month DD**, 2015 to consider whether to approve the Settlement. You may appear at the hearing, either by yourself or through an attorney hired by you, but you don't have to. For more information, call toll free, 1-866-287-7513 or visit the website **ww.SotoTCPASettlement.com.**

Exhibit B

Gallup TCPA Settlement Administrator
Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA 19103

| | |
|---|---|
| Toll Free Number: | 1-866-287-7513 |
| Website: | www.SotoTCPASettlement.com |
| Email: | info@SotoTCPASettlement.com |
| Objection/Exclusion Deadline: | DATE |
| Settlement Fairness Hearing: | DATE |
| Deadline to File a Claim: | DATE |

## GALLUP TCPA Settlement Claim Form

Settlement Awards shall be made to eligible Settlement Class Members on a claims-made basis.  Each member of the Settlement Class shall be entitled to make a Claim for a Settlement Award. Any Settlement Class Member shall be entitled to make one claim.  To make a claim, Settlement Class Members must  complete and submit a claim by DATE.

**Part I:**          <u>**Claimant Identification**</u>

First Name

Last Name

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City

State

Zip Code

Foreign Country (only if not USA)

Optional Telephone Number (home)

Email address

Cell phone number at which you received one or more calls using an  automatic telephone dialing system without your prior express consent:

Unique Identifier
Please enter the 13 digit unique identifier published in the postcard notice or email notice that you received.
If you did not receive a notice, or cannot locate the 13 digit unique identifier, you may leave this field blank.

**Part II:    Claim**

☐    Received one or more **calls** from Gallup between August 16,  2009 and August 16, 2013.

**Part III: Certification:**

By submitting this claim form, I certify that the foregoing information supplied by the undersigned is true and correct.

|  |
| --- |
|  |

Signature of Claimant

|  |
| --- |
|  |

Print Name of Claimant

**Date** ☐☐ – ☐☐ – ☐☐
         MM       DD       YY

Exhibit C

**LEGAL NOTICE**
**If you received a survey call on your cellular telephone from Gallup, Inc.,**
**you could receive a payment from a class action settlement.**

SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION
UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA

*Soto v. The Gallup Organization, Inc., Case No 0:13-CV-61747-MGC*

A settlement has been reached in a class action lawsuit claiming that Gallup, Inc. violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq. by allegedly using an automatic telephone dialing system to place calls to cell phones without the prior express consent of the persons called. Gallup denies that it did anything wrong. The case has been litigated but there has been no trial, and the Court has not decided in favor of Plaintiffs or Gallup, or whether the case should proceed as a class action.

**Who's Included?** The Settlement Class includes:

> All persons in the United States who received a survey call from Gallup to a cellular telephone, through the alleged use of an automatic telephone dialing system, from August 16, 2009 through August 16, 2013.

**What Are the Settlement Terms?** Gallup has agreed to pay $12,000,000 to create a Settlement Fund. The Settlement Fund shall be used to provide the exclusive recovery and relief for the Class, any reasonable attorneys' fees and costs approved and awarded by the Court to Plaintiff's Counsel, any incentive awards approved and awarded by the Court to the named Plaintiffs, and the costs of notice and settlement administration. The Settlement Administrator is Angeion Group, 1801 Market Street, Suite 660, Philadelphia, PA 19103, 1-866-287-7513.

**How can I get a Payment?** To get a payment, you must have received a call from Gallup on your cell phone and submit a valid claim form. You can submit your claim online, by mail or by calling the toll-free number 1-866-287-7513. It is estimated that Class Members who submit valid claim forms will receive approximately $25 and $80. The actual payment amount will depend on (1) the total number of Valid Claims received; and (2) the Settlement Fund available after deducting the costs of settlement administration, any attorneys' fees and costs awarded by the Court, and any incentive award to the Plaintiff approved by the Court. The claim deadline is **Month DD, 2015**.

**Your Other Options.** If you do not want to be part of the Settlement, you must exclude yourself by either: (1) mailing your request for exclusion to the Settlement Administrator, postmarked no later than [Month 00, 0000], or (2) submitting an opt-out request online at www.SotoTCPASettlement.com by [Month 00, 0000]. If you do not exclude yourself, you will be bound by any final judgment in the Action,

including the release of your claims against Gallup. You may object to the Settlement by **Month DD, 2015**. If you want to object to the Settlement, you must send a written objection to: (1) U.S. District Court, Southern District of Florida, 400 North Miami Avenue, Miami, Florida 33128; (2) Class Counsel; and (3) Gallup's Counsel. The detailed notice available on the website www.SotoTCPASettlement.com explains how to exclude yourself or object.

The Court will hold a Hearing on Month DD, 2015 to decide whether to approve 1) the Settlement, 2) Class Counsel's request for attorneys' fees of up to $4,000,000, and 3) and service payments of $2,000 each to the three Class Representatives. You may appear at the hearing, either yourself or through an attorney hired by you, but you do not have to. Upon Final Approval, the Action will be dismissed with prejudice and the Class Members who do not request exclusion will be deemed to release Gallup as detailed in the Settlement Agreement (available at www.SotoTCPASettlement.com).

For more information, call **1-866-287-7513** or visit the www.SotoTCPASettlement.com.

Exhibit D

United States District Court for the Southern District of Florida

*Soto v. The Gallup Organization, Inc., Case No 0:13-CV-61747-MGC*

# IF YOU RECEIVED A SURVEY CALL TO YOUR CELLULAR TELEPHONE FROM GALLUP, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.

*A federal court authorized this notice.  This is not a solicitation from a lawyer.*

Plaintiffs Kurt Soto, Laurie Marr and Ann Fox brought lawsuits alleging that Defendant Gallup, Inc., formerly known as The Gallup Organization, Inc. ("Gallup") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.* by using an automatic telephone dialing system to place calls to cell phones without the  prior express consent of the persons called. These lawsuits were later consolidated into one case entitled Soto v. *The Gallup Organization, Inc.*, Case No 0:13-CV-61747-MGC (sometimes referred to herein as the "Action").

- Gallup denies all material allegations and claims asserted in the  Action and denies all allegations of wrongdoing and liability.

- The case has been litigated but there has been no trial, and the Court has not decided in favor of Plaintiffs or Gallup, or whether the case should proceed as a class action.

- A settlement has been reached in the Action that would avoid the further risk and cost associated with continuing the litigation; provide payment to Class Members; and release Gallup from further liability.  For settlement purposes, the "Class" is defined as follows:  "All persons in the United States who received a survey call from Gallup to a cellular telephone, through the alleged use of an automatic telephone dialing system, from August 16, 2009 through August 16, 2013."

- Class Members may make only one claim per cellular telephone number for any calls they received from Gallup during the relevant time period.

- The Settlement, if approved, would provide $12,000,000 to pay claims from Class Members, any reasonable Plaintiffs' attorneys fees and costs approved by the Court, any incentive awards to the named Plaintiffs approved by the Court, and the costs of settlement administration.

- **Your legal rights are affected whether you act or do not act.  Read this notice carefully.**

Questions?  Call 1-866-287-7513 or visit http://www.SotoTCPASettlement.com

1

| Your Legal Rights and Options in this Settlement | |
|---|---|
| **Submit a Claim Form** | This is the only way to get a payment. You must make a claim **by _____, 20__** by submitting a claim form online at www.SotoTCPASettlement.com or by mail to the Settlement Administrator, Angeion Group, at 1801 Market Street, Suite 660, Philadelphia, PA 19103 or by calling the toll-free number, 1-866-287-7513. If you fail to do so, you will not receive a settlement payment. |
| **Do Nothing** | Get no payment. Give up rights to sue Gallup separately. |
| **Exclude Yourself from the Settlement** | If you ask to be excluded, you will get no payment from the Settlement. This allows you to pursue your own lawsuit against Gallup about the legal claims in this case. |
| **Object** | Write to the Court about why you believe the Settlement is unfair. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the Settlement. |

• These rights and options – **and the deadlines to exercise them** – are explained in this notice.

• The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

Questions?  Call 1-866-287-7513 or visit http://www.SotoTCPASettlement.com

| WHAT THIS NOTICE CONTAINS |
|---|

BASIC INFORMATION
1.      Why is there a notice?
2.      What is this class action lawsuit about?
3.      Why is there a Settlement?

WHO IS IN THE SETTLEMENT
4.      How do I know if I am part of the Settlement?

THE SETTLEMENT BENEFITS – WHAT YOU GET
5.      What does the Settlement provide?

HOW YOU GET A PAYMENT
6.      How and when can I get a payment?
7.      What am I giving up to get a payment or stay in the Class?

EXCLUDING YOURSELF FROM THE SETTLEMENT
8.      How do I exclude myself from the Settlement?

THE LAWYERS REPRESENTING YOU
9.      Do I have a lawyer in this case?
10.     How will the lawyers and class representatives be paid?

OBJECTING TO THE SETTLEMENT
11.     How do I tell the Court that I do not think the Settlement is fair?

THE COURT'S FAIRNESS HEARING
12.     When and where will the Court decide whether to approve the Settlement?
13.     May I speak at the hearing?

IF YOU DO NOTHING
14.     What happens if I do nothing at all?

GETTING MORE INFORMATION
15.     How do I get more information?

Questions?  Call 1-866-287-7513 or visit http://www.SotoTCPASettlement.com

3

# Basic Information

| 1.  Why is there a notice? |
|---|

A Court authorized this Notice because you have a right to know about a proposed Settlement of the Action, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement and after any objections or appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.  Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully.

If you received a postcard or email Notice, it is because according to Gallup's records, you may have received a call from Gallup to your cell phone between August 16, 2009 and August 16, 2013.

The Court in charge of the Action is the United District Court for the Southern District of Florida.  The proposed Settlement would resolve all claims in the consolidated cases *Soto v. The Gallup Organization, Inc.*, Case No. 13-cv-61747-COOKE (S.D.Fla.), *Marr v. Gallup,* Case No. 14-cv-20116-MGC (S.D.Fla.) and *Fox v. Gallup*, Case No. 14-cv-20538-MGC (S.D.Fla.).  The people who filed these lawsuits are called the Plaintiffs, and the company they sued, Gallup is sometimes called the Defendant.

| **2.**  What are these class action lawsuits about? |
|---|

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. The Plaintiffs, also known as "class representatives," have asserted claims on behalf of the entire Class.

The Plaintiffs filed the Action against Gallup alleging that Gallup violated the TCPA by using an automatic telephone dialing system to call cell phones without the prior express consent of the recipients.

Gallup denies all allegations of wrongdoing and liability and that this case is appropriate for treatment as a class action.

| 3.  Why is there a Settlement? |
|---|

The Court did not decide in favor of the Plaintiffs or Gallup. Both sides agreed to a settlement instead of going to trial.  That way, they avoid the risk and cost of a trial, and the people affected will get compensation. The Plaintiffs and the attorneys think the Settlement is best for all Class Members.

Questions?  Call 1-866-287-7513 or visit http://www.SotoTCPASettlement.com

## WHO IS IN THE SETTLEMENT

| 4.  How do I know if I am part of the Settlement? |
|---|

The Settlement provides relief for all Class Members, who are described as:

All persons in the United States who received a survey call from Gallup to a cellular telephone, through the alleged use of an automatic telephone dialing system, from August 16, 2009 through August 16, 2013 (the "Calls").

Excluded from the Class is Gallup; Gallup's parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest; the judge or magistrate judge to whom any of the Actions are assigned; and, any member of those judges' staffs and immediate families.

If you have questions about whether you are a Class Member, or are still not sure whether you are included, you can call 1-866-287-7513 or visit www.SotoTCPASettlement.com for more information.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 5.  What does the Settlement provide? |
|---|

Gallup has agreed to pay $12,000,000 to create a Settlement Fund.  The Settlement Fund shall be used to provide the exclusive recovery and relief for the Class, any reasonable attorneys' fees and costs approved and awarded by the Court to Plaintiff's Counsel, any incentive awards approved and awarded by the Court to the named Plaintiffs, and the costs of notice and settlement administration.

## HOW YOU GET A PAYMENT

| 6.  How and when can I get a payment? |
|---|

Each Class Member who submits a valid and timely Claim Form will receive a cash payment. It is estimated that the cash payments will be between $25 and $80 per claim, but the actual amount will depend on the total number of valid and timely claims filed by all Class Members.

Class Members may make only one claim per cellular telephone number for any calls they received from Gallup during the relevant time period.

Claims may be submitted electronically at www.SotoTCPASettlement.com, or by calling the toll-free number 1-866-287-7513, or by mail to:

Soto TCPA Settlement Administrator
Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA 19103


Questions?  Call 1-866-287-7513 or visit http://www.SotoTCPASettlement.com

The Court will hold a hearing on _____, 20__ to decide whether to approve the Settlement. If the Settlement is approved, appeals may still follow. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

| 7. What am I giving up to get a payment or to stay in the Class? |
| --- |

If you are a Class Member, unless you exclude yourself, that means that you cannot sue, continue to sue, or be part of any other lawsuit against Gallup about the legal issues in this case and all of the decisions and judgments by the Court will bind you.

The TCPA provides for damages of $500 per negligent violation, or $1,500 for willful violations. However, Gallup has denied that it made any illegal calls to anyone, and in any future lawsuit it will have a full range of potential defenses including that it had prior express consent to make the calls and that Gallup did not use an "automatic telephone dialing system." In addition, please note that the TCPA does not provide for attorneys' fees to plaintiffs prevailing in individual lawsuits.

If you file a Claim Form for benefits or do nothing at all, you will remain in the Class and you will be unable to file your own lawsuit involving all of the claims described and identified below, and you will release Gallup from any liability for them.

Remaining in the Class means that you, as well as your respective agents, employees, officers, representatives, administrators, servants, assigns, heirs, executors, trustees, joint venturers, parents, subsidiaries, affiliates, partners, successors, predecessors, insurers, reinsurers, and attorneys, will release, resolve, relinquish and discharge Gallup and its past, present and future officers, directors, principals, shareholders, employees, servants, agents, representatives, parents, affiliates, subsidiaries, predecessors, successors, partners (including any entities that provided Gallup with the cellular telephone numbers used to call the Class Members), contractors, vendors, clients (including those on whose behalf Gallup called the Class Members), insurers, reinsurers, accountants, and attorneys from any and all actions, causes of action, claims, demands, obligations, damages, expenses, costs, attorneys' fees, of whatever character, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, whether in law or in equity, arising out of or relating to Gallup's calls for survey or research purposes, Gallup's alleged use of an ATDS, any alleged violations of the TCPA or similar state laws or related federal or state regulations, the Action, the Complaints, and/or the administration of this Settlement, through and including the date of the Final Approval Order

You further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or reasonably related to the Released Claims.

The Settlement Agreement (available at the website) provides more detail regarding the release and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Class listed in

Questions? Call 1-866-287-7513 or visit http://www.SotoTCPASettlement.com

6

Question 9 for free or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Parties or the Released Claims or what they mean.

The release does not apply to Class Members who timely "opt-out" or request to be excluded from the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this Settlement, and you want to keep the right to sue or continue to sue Gallup on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement.

| 8.  How do I exclude myself from the Settlement? |
| --- |

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from *Soto v. The Gallup Organization, Inc..*, Case No. 13-cv-61747-MGC (S.D.Fla.).  Be sure to include your full name, address, and telephone number. You must also include a statement that you wish to be excluded from the Settlement. **You must mail your exclusion request postmarked no later than DATE** to:

Soto TCPA Settlement
Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA 19103

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this lawsuit. You may be  able to sue (or continue to sue) Gallup in the future.

## THE LAWYERS REPRESENTING YOU

| 9.  Do I have a lawyer in this case? |
| --- |

The Court appointed the following law firms to represent you and other Class Members:
- Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.
- Scott D. Owens, P.A.
- Bret Lusskin, P.A.
- Law Offices of Douglas J. Campion, APC
- Adler Law Group, APLC

These lawyers are called Class Counsel.  You will not be charged for these lawyers' services.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 10.  How will the lawyers and class representatives be paid? |
| --- |

Class Counsel will ask the Court to approve payment of $4,000,000 (which is one-third of the Settlement Fund) to compensate them for expenses and for attorneys' fees incurred while investigating the facts underlying the Action, litigating the case, and negotiating the Settlement.   Plaintiffs Soto, Marr and Fox will also request an incentive award of $2,000

each, in compensation for their time and effort in representing the Class. The Court may award less than the amounts requested by Class Counsel or Plaintiffs Soto, Marr and Fox. These payments, along with the costs of administering the Settlement, will be made out of the Settlement Fund.

Any objection to Class Counsel's application for attorneys' fees and costs may be filed, and must be postmarked, no later than **DATE**.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

| 11. How do I tell the Court that I do not think the Settlement is fair? |
| --- |

You can tell the Court that you do not agree with the Settlement or some part of it. If you are a Class Member, you can object to the Settlement if you do not think the Settlement is fair. You can state reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter to the Court, Class Counsel and Counsel for Gallup saying that you object to the proposed Settlement in *Soto v. The Gallup Organization, Inc.*., Case No. 13-cv-61747-MGC (S.D.Fla.). Be sure to include your full name, address, telephone number, the reasons you object to the Settlement and whether you intend to appear at the fairness hearing on your own behalf or through counsel. **Your objection to the Settlement must be postmarked no later than DATE**.

The objection must be submitted to the Clerk of Court for filing and mailed to counsel at the following addresses::

| | |
| --- | --- |
| *Soto v. The Gallup Organization, Inc.*, Case No. 13-cv-61747-MGC (S.D.Fla.) Clerk of the Court U.S. District Court Southern District of Florida 400 North Miami Avenue Miami, Florida 33128 | Class Counsel: Seth Lehrman Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L. 425 N. Andrews Ave., Suite 2 Fort Lauderdale, Florida 33301<br><br>Gallup's Counsel: Abraham Colman Felicia Yu Reed Smith LLP 355 South Grand Ave., Suite 2900 Los Angeles, CA 90071 |

## THE COURT'S FAIRNESS HEARING

| 12. When and where will the Court decide whether to approve the Settlement? |
| --- |

The Court will hold a hearing to decide whether to approve the Settlement. This Fairness Hearing will be held at TIME .m. on DATE, at the United States District Court for the

Questions?  Call 1-866-287-7513 or visit http://www.SotoTCPASettlement.com

Southern District of Florida, 400 North Miami Avenue, Miami, Florida 33128 in Courtroom 11-2.  The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and whether to award attorneys' fees, expenses, and service awards as described above, and in what amounts. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long it will take the Court to issue its decision. It is not necessary for you to appear at this hearing, but you may attend at your own expense.

| 13.  May I speak at the hearing? |
| --- |

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must send a letter saying that you intend to appear at the Fairness Hearing in *Soto v. The Gallup Organization, Inc..*, Case No. 13-cv-61747-MGC (S.D.Fla.). Be sure to include your full name, address, and telephone number. Your letter stating your notice of intention to appear must be postmarked no later than **DATE** and be sent to the Clerk of the Court. You cannot speak at the hearing if you excluded yourself.

# IF YOU DO NOTHING

| 14.  What happens if I do nothing at all? |
| --- |

If you do nothing, and are a Class Member, you will not receive a payment after the Court approves the Settlement, and any appeals are resolved. In order to receive a payment, you must submit a claim form. Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Gallup about the legal issues in this case, ever again.

# GETTING MORE INFORMATION

| 15.  How do I get more information? |
| --- |

This Notice summarizes the proposed Settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by calling the Claims Administrator toll-free at 1-866-287-7513, writing to: Soto TCPA Settlement Claims Administrator, Angeion Group, 1801 Market Street, Suite 660, Philadelphia, PA 19103; or visiting the website at www.SotoTCPASettlement.com, where you will find answers to common questions about the Settlement, a claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible  for a payment.

Questions?  Call 1-866-287-7513 or visit http://www.SotoTCPASettlement.com