UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-61747-Civ-COOKE/TORRES

KURT S. SOTO, an individual, on behalf of
himself and all others similarly situated,

    Plaintiff,

vs.

THE GALLUP ORGANIZATION, INC., a
Delaware corporation,

    Defendant.
_____/

LAURIE C. MARR, on behalf of herself
and all others similarly situated,

    Plaintiff,

vs.

GALLUP, INC.,

    Defendant.
_____/

ANN FOX, individually and on behalf of all
others similarly situated,

    Plaintiff,

vs.

GALLUP, INC.,

    Defendant.
_____/

**ORDER OF PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

1

WHEREAS, the Court has been advised that the parties to this action, Kurt S. Soto, Laurie C. Marr, Ann Fox (hereinafter referred to as "Plaintiffs" or "Class Representatives"), and The Gallup Organization, Inc. and Gallup, Inc. (hereinafter referred to as "Gallup" or "Defendants"), through their respective counsel, have agreed, subject to Court approval, to settle the above-captioned lawsuit (the "Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement ("Agreement") filed with the Court, and the Court deeming that the definitions set forth in the Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Agreement);

NOW, THEREFORE, based upon the Agreement and all of the files, records, and proceedings herein, and it appearing to the Court that upon preliminary examination the Agreement appears fair, reasonable, and adequate, and that a hearing should and will be held after the objection period passes to confirm whether the Agreement and settlement are fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Lawsuit;

It is hereby **ORDERED AND ADJUDGED:**

1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2. In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, the Settlement Administrator, Angeion Group, shall serve written notice of the proposed class settlement on the United States Attorney General and other required government officials, within ten (10) days of the entry of this order.

**Settlement Certification**

3. Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following settlement class (hereinafter referred to as the "Settlement Class Members"):

> All persons in the United States who received a survey call from Gallup to a cellular telephone, through the alleged use of an automatic telephone dialing system, from August 16, 2009 through August 16, 2013 (the "Calls").

4. Excluded from the Settlement Class are (1) Defendants and their parents, subsidiaries, affiliates, and any of their current officers, directors, and employees; (2) all officers, employees, and agents of Plaintiffs' Counsel, counsel of record for Defendants, and their immediate families; and (3) members of the Southern District of Florida judiciary and their immediate families.

5. Pursuant to Fed. R. Civ. P. 23, the Court preliminarily appoints Plaintiffs Kurt S. Soto, Laurie C. Marr, and Ann Fox as the Class Representatives.

6. Pursuant to Fed. R. Civ. P. 23, the Court preliminarily appoints Seth Lehrman, Steven Jaffe and Mark Fistos of Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L. and Scott D. Owens of Scott D. Owens, P.A. as Co-lead Class Counsel and Bret Lusskin, P.A., Law Offices of Douglas J. Campion, APC, and Adler Law Group, APLC as Class Counsel.

7. The Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

    7.1. The Settlement Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

       7.2.    There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

       7.3.    Plaintiffs' claims are typical of the claims of the Settlement Class Members;

       7.4.    Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and

       7.5.    Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

    8.    The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the settling class members, especially in light of the benefits to the settling class members; the strength of the Plaintiffs' case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Settlement Class Members; and the limited amount of any potential total recovery for the class.

**Notice and Administration**

    9.    The Court approves the form and substance of the notice of class action settlement described in ¶ 8 of the Agreement and attached to the Agreement as Exhibits A, C and D.  The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice.  The

Court finds that the proposed notice is clearly designed to advise the Settlement Class Members of their rights.

10. The Court appoints Angeion Group as the Settlement Administrator. In accordance with the Agreement, the Settlement Administrator shall cause the completed notices to be mailed to the Settlement Class Members as expeditiously as possible, but in no event later than sixty (60) calendar days after the Court's entry of this order.

11. The anticipated costs and expenses to provide notice and to administer this Settlement are estimated to be $2.5 million and shall be paid out of the Settlement Fund. Within ten (10) days after the entry of this Order, Gallup shall advance up to $2 million from the Settlement Fund to pay any reasonable costs incurred by the Settlement Administrator to provide Notice to the Class. Gallup will be given credit for all such advance payments, which shall be deducted from the Settlement Fund.

12. Because the costs of notice and settlement administration will affect each Class Member's pro rata share of the Settlement Fund, the costs of notice and settlement administration shall be overseen by Class Counsel. Gallup's counsel may also oversee the notice and settlement administration process as they deem necessary. The Parties shall use good faith efforts to minimize the costs of notice and settlement administration.

**Settlement Fund**

13. The Court approves and orders the creation of a common fund (the "Settlement Fund") to be established and maintained as a "Qualified Settlement Fund" in accordance with the terms of the Parties' Settlement and Release Agreement. The Qualified Settlement Fund will be administered by the Settlement Administrator, Angeion Group. The

Qualified Settlement Fund and its administrator will remain subject to the continuing jurisdiction of this Court until the Qualified Settlement Fund terminates by its terms.

**Exclusion**

14.     Any Settlement Class Member who desires to be excluded from the class must send a written request for exclusion to the class action administrator with a postmark date no later than one hundred fifty (150) days from the entry of this Order. To be effective, the Settlement Class Member must set forth his or her full name, address, telephone number and email address (if available), along with a statement that he or she wishes to be excluded.

15.     All potential Settlement Class members who do not timely and properly exclude themselves from the Settlement Class shall be bound by all proceedings, orders, and judgments in the action, and all their claims shall be dismissed with prejudice and released as provided for in the Settlement and Release Agreement, even if such Settlement Class member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims as defined in the Settlement and Release Agreement.

16.     The Court requires the Settlement Administrator to file proof of mailing of the Notice at or before the Fairness Hearing, along with the Opt-Out List, which shall be a list of all persons who timely and properly requested exclusion from the Settlement Class, and an affidavit attesting to the accuracy of the Opt-Out List.

**Objections**

17.     Any Settlement Class Member who wishes to intervene or object to the fairness of the settlement must file a written objection or request for intervention with the Court, at United States District Court, Southern District of Florida, Miami Division, 400

North Miami Avenue, Miami, Florida 33128. The Objection must be received or postmarked within one hundred fifty (150) days from entry of this Order. Further, any such Settlement Class Member must, within the same time period, provide a copy of the written objection to Class Counsel, Attention: Gallup TCPA Settlement, 425 N. Andrews Ave., Suite 2, Fort Lauderdale, Florida 33301, and Counsel for Defendants, Abraham Colman and Felicia Yu, Attention: Gallup TCPA Settlement, REED SMITH, LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, California 90071.

18. Any Settlement Class Member who desires to intervene in the instant action must file the appropriate motion and paper within one hundred fifty (150) days of the entry of this Order.

19. To be considered, the written objection must be signed by the Settlement Class Member and must set forth his or her full name, address, and telephone number, along with a statement of the reasons for his or her objection and whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel. Settlement Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

20. The parties may depose any objector.

**Fairness Hearing**

21. The Court shall conduct a hearing (the "Fairness Hearing") on **November 18, 2015**, at the United States District Courthouse, 400 North Miami Avenue, Miami, Florida 33128, before the Honorable Marcia G. Cooke in Courtroom 11-2, commencing at **11 a.m.**, to review and rule upon the following issues:

21.1. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

21.2. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members and should be approved by the Court;

21.3. Whether the attorney's fees awarded from the Settlement Fund are reasonable;

21.4. Whether the Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

21.5. To discuss and review other issues as the Court deems appropriate.

22. Attendance at the Fairness Hearing is not necessary. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement Class Members wishing to be heard, however, are required to indicate in their written objection whether or not they intend to appear at the Fairness Hearing.

23. Submissions by the Parties, including memoranda in support of the proposed settlement, responses to any objections, petitions for attorney's fees and reimbursement of costs and expenses by Class Counsel, shall be filed with the Court no later than fourteen (14) days before objections are due.

24. After the Fairness Hearing, the Court will enter a Final Order and Judgment as it deems appropriate regarding all issues.

25. The Agreement and this order shall be null and void if any of the following occur:

25.1. The Agreement is terminated by any of the Parties, or any specified condition to the settlement set forth in the Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

25.2. The Court rejects, in any material respect, the Final Order and Judgment substantially in the form and content attached to the Agreement and/or the Parties fail to consent to the entry of another form of order in lieu thereof;

25.3. The Court rejects any component of the Agreement, including any amendment thereto approved by the Parties; or

25.4. The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

26. If the Agreement and this order are voided per ¶ 25 of this Order, then the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this order never entered.

**Injunction**

27. Pursuant to 28 U.S.C. § 1651 and Federal Rule of Civil Procedure 23, the Court hereby bars and enjoins all Settlement Class members , unless and until they have timely and properly excluded themselves from the Settlement Class, (a) from filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any

jurisdiction based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the action and/or the released claims; (b) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, connected with, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the action and/or the released claims; and (c) from attempting to effect an opt-out or exclusion of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the action and/or the released claims.

28. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

**DONE and ORDERED** in chambers, at Miami, Florida, this 16th day of June 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*All Counsel of Record*