## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE NO. 0:13-61747-CIV- MGC/EGT

KURT S. SOTO, an individual, on behalf of
himself and all others similarly situated,

      Plaintiff,

vs.

THE GALLUP ORGANIZATION, INC., a
Delaware corporation,

      Defendant.
_____/

LAURIE C. MARR, on behalf of herself
and all others similarly situated,

      Plaintiff,
vs.

GALLUP, INC.,

      Defendant.
_____/

ANN FOX, individually and on behalf of all
others similarly situated,

      Plaintiff,

vs.

GALLUP, INC.,

      Defendant.
_____/

## PLAINTIFFS' UNOPPOSED PETITION TO AWARD FEES, COSTS, AND INCENTIVE AWARDS AND MEMORANDUM OF LAW

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .......................................................................... III

I.      INTRODUCTION ................................................................................. 1

II.     THE COST AND ATTORNEY FEE AMOUNT IS REASONABLE ................... 2

        A.      The Cost and Fee Amount Is Reasonable as a Percentage of the Total
                Settlement .................................................................................. 2

        B.      The Cost and Fee Amount Is Also Reasonable under the *Johnson*
                Factors. ....................................................................................... 4

                1.      The Time and Labor Required, Preclusion from Other
                        Employment and the Time Limits Imposed Justify the Cost and
                        Fee Amount. ................................................................... 4

                2.      The Case Involved Difficult Issues; the Risk of Nonpayment and
                        Not Prevailing on the Claims Was High. ............................. 6

                3.      Class Counsel Achieved an Excellent Result for the Settlement
                        Class. ............................................................................. 8

                4.      The Requested Fee is Consistent with Customary Fees Awarded
                        in Similar Cases. ............................................................. 9

                5.      This Case Required a High Level of Skill. ...................... 11

        C.      The Agreed-Upon Incentive Awards to Plaintiffs Should be Approved ....... 12

III.    CONCLUSION .................................................................................. 13

## TABLE OF AUTHORITIES

**Cases**

*Accounting Outsourcing, LLC. v Verizon Wireless,* 2007 U.S. Dist. LEXIS 97153 (M.D. La. 2007) ............................................................................................................................. 10

*Adams v. AllianceOne Receivables Management, Inc.*, 3:08-cv-00248 (S.D. California) ............... 9

*Agne v. Papa John's International, et al.*, 2:10-cv-01139 (W.D. Washington)(DE 389) ............. 9

*Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp.2d 1185 (S.D. Fla. 2006) ........................... 8

*Allapattah*, 454 F. Supp. 2d 1185 (S.D. Fla. 2006) ........................................................... 12, 13

*Atkinson v. Wal-Mart Stores, Inc.*, No. 8:08–CV–691–T–30TBM, 2011 WL 6846747 (M.D. Fla. Dec. 29, 2011) .......................................................................................................... 10

*Bellows v. NCO Financial Systems, Inc.*, 3:07-cv-01413 (S.D. California) ................................... 9

*Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980) ....................................................................... 2

*Bogosian v. Gulf Oil Cor.*, 621 F. Supp. 27 (E.D. Pa. 1985) ..................................................... 12

*Camden I Condo Ass'n v. Dunkle*, 946 F.2d 768 (11th Cir. 1991) ....................................... 2, 3, 4

*CE Design Ltd. v. Cy's Crab House N., Inc.*, No. 1:07-cv-05456 (N.D. Ill. Oct. 27, 2011) ......... 10

*CE Design, Ltd. v. Exterior Sys., Inc.*, No. 1:07-cv-00066 (N.D. Ill. Dec. 6, 2007) .................... 10

*Clark v. Payless ShoeSource, Inc.*, 2:09-cv-00915 (W.D. Wash.) .................................................. 9

*Cohn v. Nelson*, 375 F. Supp. 2d 844 (E.D. Mo. 2005) ............................................................. 2

*Cubbage v. The Talbots, Inc. et al.*, 2:09-cv-00911 (W.D. Wash.) ................................................ 9

*Cummings v Sallie Mae*, 12 C-9984 (N.D. Ill. May 30, 2014) .................................................... 9

*Desai v. ADT Sec. Servs., Inc.*, No. 1:11-cv-01925 (N.D. Ill. June 21, 2013) ....................... 8, 10

*Faught v. Am. Home Shield Corp.*, 668 F.3d 1233 (11th Cir. 2011) .......................................... 3

*Francisco v. Numismatic Guar. Corp.*, No. 06-61677, 2007 U.S. Dist. LEXIS 96618 (S.D. Fla. Jan. 30, 2007) ............................................................................................. 7

*G.M. Sign, Inc. v. Finish Thompson, Inc.*, No. 1:07-cv-05953 (N.D. Ill. Nov. 1, 2010) ............ 10

*Garret, et al. v. Sharps Compliance, Inc.*, Case No. 1:10-cv-04030 (N.D. Illinois) ...................... 9

*Gehrich v. Chase Bank, USA, N.A.*, No. 1:12-cv-05510 (N.D. Ill. Aug. 12, 2014)..................... 9

*Guarisma v. ADCAHB Medical Coverages, Inc., et al.*, 1:13-cv-21016 (S.D.FL. June 24, 2015) Doc. 95 ..................................................................................... 9

*Gutter v. E.I. DuPont De Nemours & Co.,* No. 1:95–cv–02152–ASG, ECF No. 626 at 7 (S.D. Fla. May 30, 2003) ....................................................................... 10

*Hanley v. Fifth Third Bank*, No. 1:12-cv-01612 (N.D. Ill. Dec. 23, 2013) ............................... 10

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ......................................................................... 2

*Hinman, et al., v. M & M Rental Ctr., Inc.*, No. 1:06-cv-01156 (N.D. Ill. Oct. 6, 2009)............ 10

*Holtzman v. CCH*, No. 1:07-cv-07033 (N.D. Ill. Sept. 30, 2009) ............................................ 10

*Hovila v. Tween Brands, Inc.*, 2:09-cv-00491 (W.D. Wash.)......................................................... 9

*In re Capital One Tel. Consumer Prot. Act Litig*, 2015 U.S. Dist. LEXIS 17120 (N.D. Ill. Feb. 12, 2015) ................................................................................................ 11

*In re Checking Account Overdraft Litig*, 830 F. Supp. 2d 1330 ................................................... 4, 8

*In re Dunn & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366 (S.D. Ohio 1990).......... 12

*In re Jiffy Lube International, Inc. Text Spam Litig.*, 3:11-MD-02261 (S.D. Cal.)........................ 9

*In re Sunbeam Sec. Litig.*, 176 F. Supp.2d 1323.......................................................................... 7

In re: Terazosin Hydrochloride Antitrust Litigation, 99- 1317-MDL-Seitz (S.D.Fla. April 19, 2005) ........................................................................................ 10, 11

iv

*Ingram v. The Coca Cola Co.*, 200 F.R.D. 685 (N.D.Ga. 2001) ........................................... 12, 13

*Johnson v. Georgia Highway Expr., Inc.*, 488 F.2d 714 (5th Cir. 1974) ......................... 4, 6, 9, 11

*Kazemi v. Payless ShoeSource, Inc. et al.*, 3:09-cv-05142 (N.D. Cal.) ............................................ 9

*Kwan v. Clearwire Corp.*, 2:09-cv-01392 (W.D. Wash.) ............................................................. 9

*Lemieux v. Global Credit & Collection Corp.*, 3:08-cv-01012 (S.D. Cal.)...................................... 9

*Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.* 540 F.2d 102 (3d Cir. 1976)

............................................................................................................................................. 8

*Locklear Elec., Inc. v. Norma L. Lay*, No. 3:09-cv-00531 (S.D. Ill. Sept. 8, 2010) .................... 10

*Malta v. Freddie Mac & Wells Fargo Home Mortgage*, 3:10-cv-01290 (S.D. Cal.) ........................ 9

*Martin v. Dun & Bradstreet, Inc. et al*, No. 1:12-cv-00215 (N.D. Ill. Jan. 16, 2014).................... 9

*Morefield v. NoteWorld, LLC*, Nos. 1:10– CV–00117, 1:11–CV–00029, 2012 WL 1355573 (S.D. Ga. April 18, 2012)......................................................................................................... 10

*Nelson v. Mead Johnson & Johnson Co.*, 484 Fed. Appx. 429 (11th Cir. 2012).......................... 12

*Paldo Sign and Display Company v. Topsail Sportswear*, Case No. 1:08-cv-05959 (N.D. Illinois)

......................................................................................................................................... 9, 10

*Pinto v. Princess Cruise Lines, Ltd.*, 513 F. Supp.2d 1334 (S.D. Fla. 2007).................................. 7

*Reyes, et al. v. AT&T Mobility Services, LLC*, No. 10-20837-CIV ................................................ 10

*Sarabi v. Weltman, Weinberg & Reis Co.*, 3:10-cv-01777 (S.D. Cal.) ............................................ 9

*Spillman v. RPM Pizza, LLC*, Case No. 3:10-cv-00349 (M.D. Louisiana)(DEs 244, 245) (...... 8

*Stalcup v. Schlage Lock Co.*, 505 F.Supp.2d 704 (D. Colo. 2007) ................................................. 6

*Steinfeld, et al. v. Discover Financial Services, et al.*, 3:12-cv-01118 (N.D. Cal.) ........................... 9

*Su v. Electronic Arts, Inc.*, 2006 WL 47292780 (M.D.Fl. 2006) .................................................. 12

*Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291 (11th Cir.1999) ........................................... 3

*Wojcik v. Buffalo Bills, Inc.*, 8:12-cv-02414 (M.D. Fla.) ............................................................ 9

*Wolff v. Cash 4 Titles*, No. 03-cv-22778, 2012 WL 5290155 (S.D. Fla. Sept. 26, 2012) ...... 3, 10

*Yates v. Mobile Cnty. Pers. Bd.*, 719 F.2d 1530 (11th Cir. 1983) ................................................... 6

**Other Authorities**

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*,
    https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order   (July   10,
    2015) ............................................................................................................................................ 7

## I.    INTRODUCTION

On or about March 30, 2015, Plaintiffs Kurt Soto, Laurie Marr and Ann Fox ("Plaintiffs"), on behalf of themselves and the class of persons they seek to represent, entered into a Settlement Agreement and Release with Defendant Gallup, Inc., formerly known as The Gallup Organization, Inc. ("Gallup"), to resolve the consolidated class actions entitled *Soto v. The Gallup Organization, Inc.*, Case 0:13-cv-61747-MGC, which is pending before this Court.  On or about June 16, 2015, the Court granted preliminary approval of the Settlement. Pursuant to the Settlement Agreement and Release, Gallup agreed to pay $12,000,000 to establish a Settlement Fund, which will be used to provide the exclusive recovery and relief for the Class, any reasonable attorneys' fees and costs approved and awarded by the Court to Plaintiff's Counsel, any incentive awards approved and awarded by the Court to Plaintiffs Soto, Marr and Fox, and the costs of notice and settlement administration.

By this Motion, Class Counsel seeks an award of attorneys' fees, costs and incentive awards from the Settlement Fund, which proposes a common fund of $12 million for the benefit of the Class.[1] Class Counsel apply for one-third of the common fund as attorneys' fees ($4 million) and reimbursement of costs ($30,316.10). The Settlement has been produced through the work of Class Counsel and the Class Representatives.

The Settlement was obtained after more than two years of high-risk litigation. Class Counsel expended more than 1,700 attorney hours and more than $30,000 in out-of-pocket expenses. Class Counsel made this investment, despite the risk presented by the litigation. As described in detail below, Gallup and its counsel vigorously defended this litigation. It took

---

[1] Declaration of Seth Lehrman ("Lehrman Decl.") is filed in support of Plaintiffs' Petition to Award Fees, Costs, and Incentive Awards ("Fee Petition").

1

more than three years to obtain this substantial Settlement for the Class. As a result of this significant outcome and the significant risk undertaken by Class Counsel, through this petition, Class Counsel are requesting an award of attorneys' fees and costs equal to one-third (33 ⅓%) of the common fund – a commonly awarded percentage under well-settled Eleventh Circuit jurisprudence.

## II.   THE COST AND ATTORNEY FEE AMOUNT IS REASONABLE

In the Eleventh Circuit, "it is well established that when a representative party has conferred a substantial benefit upon a class, counsel is entitled to an allowance of attorneys' fees based upon the benefit obtained." *In re Checking Acct. Overdraft Litig.*, 830 F. Supp.2d at 1358, *citing Camden I Condo Ass'n v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991) and *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980).

Negotiated cost and attorney fee awards in class action settlements are strongly encouraged.  *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("Ideally, of course, litigants will settle the amount of the fee."); *accord Cohn v. Nelson*, 375 F. Supp. 2d 844, 854 (E.D. Mo. 2005) ("where, as here, the parties have agreed on the amount of attorneys' fees and expenses, courts give the parties' agreement substantial deference.")

The reasonableness of this figure is confirmed by examining it both as a percentage of the total Settlement, as well as the various factors established for evaluating attorney fee requests (including the "Johnson" factors).  *Camden I Condo. Ass'n*, 946 F.2d at 774-775.

### A.  The Cost and Fee Amount Is Reasonable as a Percentage of the Total Settlement.

The Court has substantial discretion in determining the appropriate fee percentage. "There is no hard and fast rule mandating a certain percentage of a common fund which may

be awarded as a fee because the amount of any fee must be determined upon the facts of each case." *In re Sunbeam: Securities Litigation*, 176 F.Supp.2d 1323, 1333 (quoting *Camden I*, 946 F.2d at 774). Courts in the Eleventh Circuit commonly approve common fund fee awards of 33% or more, finding these fees reasonable under a *Johnson* factors analysis. *Wolff v. Cash 4 Titles*, No. 03-cv-22778, 2012 WL 5290155, *4 (Approving requested fee of 33% and finding that "One-third of the recovery is considered standard in a contingency fee agreement"). Although the "bench mark" range of reasonableness in the Eleventh Circuit is between 20% to 30% of the fund, awarded fees may and frequently do exceed this benchmark. *Camden I Condo. Ass'n*, 946 F.2d at 774-775; *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295–96 (11th Cir.1999) (affirmed class attorneys' award of 33.3%). *See, e.g., Wolff v. Cash 4 Titles*, No. 03-cv-22778, 2012 WL 5290155, at *6 (S.D. Fla. Sept. 26, 2012) (collecting cases and concluding that 33% is consistent with the market rate in class actions).

The negotiated cost and fee award here easily satisfies that criteria.  The Postcard Notice, Long Form Notice and Website all specifically set out both the amount and corresponding percentage of the attorney fees that were to be requested.  The Long Form Notice states:

> "Class Counsel will ask the Court to approve payment of $4,000,000 (which is one-third of the Settlement Fund) to compensate them for expenses and for attorneys' fees incurred while investigating the facts underlying the Action, litigating the case, and negotiating the Settlement." DE 77-4, Exhibit D.

The requested fee is inclusive of costs and does not seek fees from the value of the non-monetary benefits of the class.  This alone establishes its reasonableness. *See Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1244-1245 (11th Cir. 2011) (cost and fee award reasonable

in part because "the $1.5 million payment is designed to compensate the class counsel for the non-monetary benefits they achieved for the class.").

### B.  The Cost and Fee Amount Is Also Reasonable under the *Johnson* Factors.

In cases where fees are sought in excess of 25%, the Eleventh Circuit endorses using the factors articulated in *Johnson v. Georgia Highway Expr., Inc.*, 488 F.2d 714 (5th Cir. 1974), to confirm the reasonableness of fees and costs. *See Camden I Condo. Ass'n*, 946 F.2d at 775. The "*Johnson* factors" are (1) the time and labor required;[2] (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is contingent; (7) the time limitations imposed; (8) the amount involved and results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Camden I*, 946 F.2d at 772.   The *Johnson* factors further establish the reasonableness of the requested cost and fee award.

### 1.  The Time and Labor Required, Preclusion from Other Employment and the Time Limits Imposed Justify the Cost and Fee Amount.

The first, fourth, and seventh *Johnson* factors—the time and labor, preclusion of other employment, and time limitations imposed, respectively—are interrelated inquires and each support the reasonableness of the request.  This case has been pending since 2013 and Class Counsel had to engage in substantial litigation against a well-heeled defendant and sophisticated

---

[2] The Eleventh Circuit made clear in *Camden I* that percentage of the fund is the exclusive method for awarding fees in common fund class actions ... "[and] [t]he lodestar approach should not be imposed through the back door via a 'cross-check.'"  *In re Checking Account Overdraft Litig*, 830 F. Supp. 2d at 1362.

defense counsel to reach the Settlement. Class counsel expended more than 2,500 otherwise billable hours to this litigation over three years, worth more than $1.4 million, and more than $30,000 in out-of-pocket expenses.

The work needed was extensive. These efforts required work representing Plaintiffs and the class without compensation. The tasks Interim Class Counsel was required to perform in order to achieve the beneficial results of the Settlement included:

- extensive pre-suit investigation of Plaintiffs' claims and the claims of the Class

- effectively opposing Defendant's repeated requests to stay the litigation based on pending FCC petitions and the primary jurisdiction doctrine;

- substantial class and merits focused discovery, including the production and review of thousands of pages of documents, and the Rule 30(b)(6) deposition of Defendant Gallup;

- a series of telephonic conferences with Gallup's counsel concerning the nature and scope of discovery and the sufficiency of Gallup's discovery responses;

- the filing of a motion seeking a discovery conference;

- attending an in-person mediation with a retired federal magistrate judge; and

- extensive arm's length settlement negotiations that culminated in a comprehensive settlement agreement.

Lehrman Decl., ¶ 10.

In addition, the time spent does not include the work still to come if final approval is granted, which will include supervising the administration of the settlement, answering Settlement Class Member questions, and resolving any issues that arise.

5

The substantial work necessitated by this case diverted the time and resources from being put into other matters. *See Yates v. Mobile Cnty. Pers. Bd.*, 719 F.2d 1530, 1535 (11th Cir. 1983) (The expenditure of time necessarily had some adverse impact upon the ability of counsel for plaintiff to accept other work, and this factor should raise the amount of the award.); *see also Stalcup v. Schlage Lock Co.*, 505 F. Supp.2d 704, 708 (D. Colo. 2007) (noting that "the *Johnson* court concluded that priority work that delays a lawyer's other work is entitled to a premium.")

Finally, and perhaps most tellingly, very few of the millions of Settlement Class Members raised objections to Class Counsel's effort or the cost and fee award proposed here despite the class notices explicitly advising of both the percentage and amount of the fees requested. Accordingly, the amount of time and labor devoted to this case supports the reasonableness of the cost and fee request.

### 2. The Case Involved Difficult Issues; the Risk of Nonpayment and Not Prevailing on the Claims Was High.

The second, sixth, and tenth *Johnson* factors—the novelty and difficulty of the questions, whether the fee is contingent, and the "undesirability" of the case, respectively— are also interrelated and support the requested cost and fee award.

This case involved difficult substantive issues which presented a significant risk of nonpayment. First, many TCPA claims, including the present action, require a finding that the Defendant's telephone dialing system constitutes an automatic telephone dialing system ("ATDS") under the TCPA and applicable regulations and FCC orders. The law on the ATDS issue continues to develop as the FCC recently ruled on TCPA related petitions in its July 10, 2015 Order. *See In the Matter of Rules and Regulations Implementing the Telephone*

6

*Consumer Protection Act of 1991*, https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order (July 10, 2015).

In addition, the ability to recover costs and fees in this case has always been contingent on a successful outcome and substantial recovery. The TCPA does not provide for an award of attorney fees to a prevailing plaintiff. The only way to recover a fee is to be part of a large recovery. Counsel had to advance the costs and fees, and risked receiving nothing in return. Lehrman Decl., ¶ 6. This is important because "[a] determination of a fair fee for Class Counsel must include consideration of the contingent nature of the fee, the wholly contingent outlay of out-of-pocket sums by Class Counsel, and the fact that the risks of failure and nonpayment in a class action are extremely high." *Pinto v. Princess Cruise Lines, Ltd.*, 513 F. Supp.2d 1334 at 1339 (S.D. Fla. 2007). Indeed, "[a] contingency fee arrangement often justifies an increase in the award of attorney's fees." *In re Checking Acc't Overdraft Litig.*, 830 F. Supp.2d at 1364, *quoting In re Sunbeam Sec. Litig.*, 176 F. Supp.2d at 1335. This case presented significant additional risk of non-payment because Gallup, although a well-known company, is privately held and could not fund the type of settlement recently reached with the national banks that have market capitalizations of tens of billions of dollars.[3] Accordingly, some courts have observed that "[a]ttorneys' risk is perhaps the foremost factor in determining an appropriate fee award." *Francisco v. Numismatic Guar. Corp.*, No. 06-61677, 2007 U.S. Dist. LEXIS 96618 at *35 (S.D. Fla. Jan. 30, 2007), *citing Pinto,* 513 F. Supp.2d at 1339.

---

[3] Gallup has reported annual revenue of $249 million. See http://www.hoovers.com/company-information/cs/revenue-financial.Gallup_Inc.ac5651a81ca60786.html (October 15, 2015). In comparison, several national banks that have funded recent TCPA class action settlements have market values of billions of dollars. For example, Capital One Bank, N.A.'s market capitalization and HSBC's market capitalization are more than $39 billion and $154 billion respectively. See http://www.nasdaq.com/symbol/cof (October 15, 2015) and http://www.nasdaq.com/symbol/hsbc (October 15, 2015).

The novelty and contingent nature of the case demonstrate the undesirability of the case. Few lawyers will take on a lawsuit that consumes significant attorney time, involves uncertain questions, and requires the lawyers to advance out-of-pocket costs, and risk getting paid nothing.

Although Class Counsel were able to achieve an excellent result for the class, achieving this outcome was anything but certain when they agreed to take the case, and thus these factors all weigh in favor of approving the mediated cost and fee amount. *See In re Checking Account Overdraft Litig*, 830 F. Supp. 2d 1330 (S.D. Fla. 2011) at 1364 ("'Undesirability' and relevant risks must be evaluated from the standpoint of plaintiffs' counsel as of the time they commenced the suit, not retroactively, with the benefit of hindsight"), *citing Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.* 540 F.2d 102, 112 (3d Cir. 1976)).

### 3. Class Counsel Achieved an Excellent Result for the Settlement Class.

The eighth *Johnson* factor looks to the amount involved in the litigation with particular emphasis on the "monetary results achieved" in the case by class counsel. *See Allapattah Servs., Inc. v. Exxon Corp.*, 454 F. Supp.2d 1185, 1202 (S.D. Fla. 2006).

Here, the parties' negotiated Settlement contemplates a Settlement Fund of $12,000,000 for a class of approximately 6,930,000 persons. Settlement Agreement, DE 77-1, at ¶3. Once again, each class member who submitted a valid claim will receive a pro rata share of the $12,000,000 Settlement Fund, estimated to be between $25 to $80 per claim, which is well within the range of various other TCPA settlements that have been granted final approval.[4]

---

[4] There have been at least eighteen other approved TCPA class action settlements that provided cash or merchandise to class members less than $100. *See e.g. Spillman v. RPM Pizza, LLC*, Case No. 3:10-cv-00349 (M.D. Louisiana)(DEs 244, 245)($15 recovery per claimant); *Desai v. ADT Security Systems*, Case No. 1:11-cv-01925 (N.D. Illinois) (DEs 240 and 243)($47

This factor thus weighs strongly in favor of approving the cost and fee amount.  As shown above, this recovery is significant when compared to many other TCPA cases that provided a portion of what each claimant will receive.

### 4.  The Requested Fee is Consistent with Customary Fees Awarded in Similar Cases.

The fifth and twelfth *Johnson* factors, the customary fee and awards in similar cases supports approval.  Many similar TCPA class settlements provide for one third of the fund. *See Guarisma v. ADCAHB Medical Coverages, Inc., et al.*, 1:13-cv-21016, Doc. 95 (S.D.FL. June 24, 2015) (awarding one-third plus costs)[5]. Furthermore, this honorable Court has found that

---

recovery per claimant); *Garret, et al. v. Sharps Compliance, Inc.*, Case No. 1:10-cv-04030 (N.D. Illinois)(DE 74)($28.13 recovery per claimant); *Paldo Sign and Display Company v. Topsail Sportswear*, Case No. 1:08-cv-05959 (N.D. Illinois)(DE 116)($42 recovery per fax); *Adams v. AllianceOne Receivables Management, Inc.*, 3:08-cv-00248 (S.D. California)($40 recovery per claimant)(DEs 116 and 137); *Agne v. Papa John's International, et al.*, 2:10-cv-01139 (W.D. Washington)(DE 389)($50 recovery plus $13 merchandise per claimant); *Bellows v. NCO Financial Systems, Inc.*, 3:07-cv-01413 (S.D. California)(DE 38 at 6)($70 recovery per claimant); *Clark v. Payless ShoeSource, Inc.*, 2:09-cv-00915 (W.D. Wash.)(DEs 61 at 3; 72)($10 merchandise certificate per claimant); *Cubbage v. The Talbots, Inc. et al.*, 2:09-cv-00911 (W.D. Wash.)(DE 114, ¶ 11)($40 or $80 merchandise certificate per claimant); *Hovila v. Tween Brands, Inc.*, 2:09-cv-00491 (W.D. Wash.)(DE 12, ¶ 12)($20 or $45 merchandise certificate); *In re Jiffy Lube International, Inc. Text Spam Litig.*, 3:11-MD-02261 (S.D. Cal.)(DEs 90-1 at 7-8; 97)($15); *Kazemi v. Payless ShoeSource, Inc. et al.*, 3:09-cv-05142 (N.D. Cal.)(DE 94, ¶ 10)($15 merchandise certificate); *Kwan v. Clearwire Corp.*, 2:09-cv-01392 (W.D. Wash.)(DEs 201) ($53 per call); *Lemieux v. Global Credit & Collection Corp.*, 3:08-cv-01012 (S.D. Cal.)(DE 46, at 4)($70 recovery per claimant); *Malta v. Freddie Mac & Wells Fargo Home Mortgage*, 3:10-cv-01290 (S.D. Cal.)(DE 91 at 5)($85 recovery per claimant); *Sarabi v. Weltman, Weinberg & Reis Co.*, 3:10-cv-01777 (S.D. Cal.)(DE 42 at 6)(48 recovery per claimant); *Steinfeld, et al. v. Discover Financial Services, et al.*, 3:12-cv-01118 (N.D. Cal.)(DE 65 at 17)($47 recovery per claimant); and *Wojcik v. Buffalo Bills, Inc.*, 8:12-cv-02414 (M.D. Fla.)(DE 77 at 5)($58-$75 recovery per claimant).

[5] *Gehrich v. Chase Bank, USA, N.A.*, No. 1:12-cv-05510 (N.D. Ill. Aug. 12, 2014) (preliminarily approving attorneys' fees and costs up to $11,000,000 (Feinerman, J.) (Dkt. No. 117) (one-third of the Settlement Fund after subtracting the Dedicated Cy Pres Distribution); *Martin v. Dun & Bradstreet, Inc. et al*, No. 1:12-cv-00215 (N.D. Ill. Jan. 16, 2014) (Martin, J.) (Dkt. No. 63) (awarding one-third fee payment of distributed fund); *Cummings v Sallie Mae*, 12 C-9984 (N.D. Ill. May 30, 2014) (Gottschall, J.) (Dkt. No. 91) (awarding one-third of the common

percentage of common fund attorney fee awards of one-third are "consistent with the trend in this Circuit." *Reyes, et al. v. AT&T Mobility Services, LLC*, No. 10-20837-CIV (S.D. Fla, [DE 196].[6]

---

fund for fees); *Hanley v. Fifth Third Bank*, No. 1:12-cv-01612 (N.D. Ill. Dec. 23, 2013) (Castillo, J.) (Dkt. No. 86) (awarding one-third of common fund); *Desai v. ADT Sec. Servs., Inc.*, No. 1:11-cv-01925 (N.D. Ill. June 21, 2013) (Bucklo, J.) (Dkt. No. 243) (approving payment of one-third of common fund); *Paldo Sign and Display Company v. Topsail Sportswear, Inc.*, No. 1:08-cv-05959 (N.D. Ill. Dec. 21, 2011) (Kennelly, J.) (Dkt. No. 116) (approving one-third of the settlement fund plus expenses); *CE Design Ltd. v. Cy's Crab House N., Inc.*, No. 1:07-cv-05456 (N.D. Ill. Oct. 27, 2011) (Kennelly, J.) (Dkt. No. 424)  (Dkt. No. 100) (same); *G.M. Sign, Inc. v. Finish Thompson, Inc.*, No. 1:07-cv-05953 (N.D. Ill. Nov. 1, 2010) (Kendall, J.) (Dkt. No. 146) (same); *Hinman, et al., v. M & M Rental Ctr., Inc.*, No. 1:06-cv-01156 (N.D. Ill. Oct. 6, 2009) (Bucklo, J.) (Dkt. No. 225) (same); *Holtzman v. CCH*, No. 1:07-cv-07033 (N.D. Ill. Sept. 30, 2009) (Nordberg, J.) (Dkt. No. 33) (same); *CE Design, Ltd. v. Exterior Sys., Inc.*, No. 1:07-cv-00066 (N.D. Ill. Dec. 6, 2007) (Darrah, J.) (Dkt. No. 39) (same); *e.g., Locklear Elec., Inc. v. Norma L. Lay*, No. 3:09-cv-00531 (S.D. Ill. Sept. 8, 2010) (Reagan, J.) (awarding 33% of the common fund plus costs); *Accounting Outsourcing, LLC. V. Verizon Wireless*, No. 03-CV-161, 2007 U.S. Dist. LEXIS 97153, at *6-7 (M.D. La. 2007) (awarding in excess of 35% of the common fund plus costs).

[6] In *Reyes*, this Court cited five class action settlements, in the Eleventh Circuit, approving percentage of common fund fee awards of one-third. *Wolff v. Cash 4 Titles*, No. 03–22778–CIV, 2012 WL 5290155, at *4 (S.D. Fla. Sept. 26, 2012) ("One-third of the recovery is considered standard in a contingency fee agreement."); *Morefield v. NoteWorld, LLC*, Nos. 1:10– CV–00117, 1:11–CV–00029, 2012 WL 1355573 (S.D. Ga. April 18, 2012) (class settlement approved with 33 1/3 of the common fund payable as attorneys' fees); *Atkinson v. Wal-Mart Stores, Inc.*, No. 8:08–CV–691–T–30TBM, 2011 WL 6846747, at *6 (M.D. Fla. Dec. 29, 2011) (approving class settlement with one-third of maximum common fund apportioned as attorneys fees); *Gutter v. E.I. DuPont De Nemours & Co.*, No. 1:95–cv–02152–ASG, ECF No. 626 at 7 (S.D. Fla. May 30, 2003) (awarding class counsel 33.3% of the Settlement Fund as attorneys' fees, specifically $1,201,728.42, because they expended significant time and resources on a purely contingent basis under the common fund theory); *In re Terazosin Hydrochloride Antitrust Litig.*, No. 1:99–md–01317–PAS, ECF No. 1557 at 8–10 (S.D. Fla. Apr. 19, 2005) (awarding class counsel 33.3% of settlement fund in part because they prosecuted the action on a wholly contingent basis).

10

Recently the court in *In re Capital One Tel. Consumer Prot. Act Litig*, 2015 U.S. Dist. LEXIS 17120, *62 (N.D. Ill. Feb. 12, 2015), analyzed dozens of TCPA class settlements throughout the country and determined that a risk adjusted fee structure would provide a fee of 36% for the first $10 million and then lower percentages after that. *See also In re: Terazosin Hydrochloride Antitrust Litigation*, 99-1317-MDL-Seitz (S.D.Fla. April 19, 2005)(awarding fees of 33 1/3% of settlement of over $30 million). The subject Settlement Agreement is consistent with this commonly approved rate of one-third mark and includes costs. Accordingly, this factor also favors the agreed cost and attorney fee award proposed here.

### 5. This Case Required a High Level of Skill.

The remaining *Johnson* factors – the skill required to perform the legal services properly and the experience, reputation, and ability of the attorneys – confirm that the costs and fees sought are reasonable. As shown above, Class Counsel achieved a settlement that confers substantial monetary benefits to the Settlement Class despite the hard fought litigation against a sophisticated and well-financed defendant represented by top-tier counsel. *See In re Sunbeam Sec. Litig.,* 176 F. Supp.2d at 1334 ("In assessing the quality of representation, courts have also looked to the quality of the opposition the plaintiffs' attorneys faced.")

This outcome was made possible by Class Counsel's extensive experience in litigating class actions of similar size, scope, and complexity to the instant action. Class Counsel regularly engage in complex litigation involving consumer issues, all have been class counsel in numerous consumer class action cases. Mr. Lehrman and his firm Farmer Jaffe Weissing, have served as class counsel in class action cases throughout the country which have

recovered tens of millions of dollars for consumers[7], Mr. Owens is one of the leading TCPA practitioners in Florida, Mr. Campion has been co-lead or class counsel in TCPA cases that have produced some of the largest TCPA settlements in history, Mssrs. Lusskin and Adler are consumer advocates who have been appointed class counsel in other important consumer matters as well.  The *Johnson* factors confirm that the negotiated cost and attorney fee award agreed is reasonable.

### C.    The Agreed-Upon Incentive Awards to Plaintiffs Should be Approved

Finally, the Court must consider whether to approve the requested Incentive Awards to Plaintiffs as class representatives. Courts consistently find it appropriate to provide a named class representative with an incentive award for the benefits they have conferred upon the rest of the class. *See Allapattah*, 454 F. Supp. 2d at 1218-19; *In re Dunn & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366 (S.D. Ohio 1990)(awarding two incentive awards of $55,000 and three incentive awards of $35,000); *Bogosian v. Gulf Oil Cor.*, 621 F. Supp. 27 (E.D. Pa. 1985)(awarding incentive awards of $20,000 to each of two plaintiffs). Courts within the Eleventh Circuit frequently approve incentive awards of $10,000 or more. *See e.g. Nelson v. Mead Johnson & Johnson Co.*, 484 Fed. Appx. 429, 432 (11th Cir. 2012)(unpublished)(awarding $10,000 incentive award); *Ingram v. The Coca Cola Co.*, 200 F.R.D. 685, 694 (N.D.Ga. 2001)(approving $300,000 incentive awards); *Su v. Electronic Arts, Inc.*, 2006 WL 47292780, *5 (M.D.Fl. 2006).

Incentive awards are intended to "compensate named Plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation."

---

[7] *See* Lehrman Decl., Ex. A.

*Allapattah*, 454 F. Supp. 2d at 1218-19 (*quoting Ingram*, at 694). Here, the agreed-upon incentive award of $2,000 to each Class Representative is entirely reasonable because the involvement of Mr. Soto, Ms. Marr, and Ms. Fox, in presuit investigation, reviewing draft pleadings, and during discovery, was essential to the ultimate success of the settlement. See Lehrman Decl., ¶ 15. Further, the requested incentive awards are level with awards approved in similar class action settlements. *See, e.g., In re Checking Accounts Overdraft Litig.*, 830 F. Supp. 2d at 1363, at 1357

### III.    CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court: (1) award incentive awards of $2,000 each to Plaintiffs Kurt Soto, Laurie Marr, and Ann Fox; (2) award Class Counsel attorneys' fees in the amount of 33 1/3% of the $12 million common fund, for an award in the amount of $4 million inclusive of Class Counsel's costs; (3) award Class Counsel reimbursement of its costs in the amount of $30,316.10; and enter the proposed Order.

### CERTIFICATE PURSUANT TO LOCAL RULE 7.1

Prior to filing the instant Petition, Plaintiffs' undersigned counsel avers he conferred with Defendant's counsel pursuant to Local Rule 7.1 and is authorized to represent that Defendant does not oppose the relief sought in this motion.

Dated: October 30, 2015                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　/s/ Seth M. Lehrman
　　　　　　　　　　　　　　　　　　　　　Steven R. Jaffe (Fla. Bar No. 390770)
　　　　　　　　　　　　　　　　　　　　　Email: steve@pathtojustice.com
　　　　　　　　　　　　　　　　　　　　　Seth M. Lehrman (Fla. Bar No. 132896)
　　　　　　　　　　　　　　　　　　　　　Email: seth@pathtojustice.com
　　　　　　　　　　　　　　　　　　　　　Mark S. Fistos (Fla. Bar No. 909191)
　　　　　　　　　　　　　　　　　　　　　Email: mark@pathtojustice.com

FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: (954) 524-2820
Facsimile: (954) 524-2822

Scott D. Owens (Fla. Bar No. 0597651)
Email: scott@scottdowens.com
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Suite 235
Hollywood, FL 33091
Telephone: (954) 589-0588
Facsimile: (954) 337-0666

Bret L. Lusskin, Jr. (Fla. Bar No. 28069)
Email: Blusskin@lusskinlaw.com
BRET LUSSKIN, P.A.
20803 Biscayne Blvd., Ste 302
Aventura, FL 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844

Douglas J. Campion, Esq.*
Email: doug@djcampion.com
LAW OFFICES OF DOUGLAS J. CAMPION,
APC
17150 Via Del Campo Suite 100
San Diego, CA 92127
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

E. Elliot Adler, Esq.*
Email: eadler@theadlerfirm.com
ADLER LAW GROUP, APLC
402 W. Broadway, Suite 860
San Diego, CA 92101
Telephone (619) 531-8700
Facsimile (619) 342-9600

*Class Counsel*

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on October 30, 2015, to all counsel of record listed below via email.

*/s/ Seth M. Lehrman*
Seth M. Lehrman

## SERVICE LIST

*Soto v. The Gallup Organization, Inc.*
**CASE NO. 0:13-CV-61747- COOKE/TORRES**
**United States District Court, Southern District of Florida**

Felicia Yu, Esq.*
Email: fyu@reedsmith.com
Raagini Shah, Esq.*
Email: rshah@reedsmith.com
Abraham J. Colman, Esq.*
Email: acolman@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 457-8000
*Admitted Pro Hac Vice*

J. Randolph Liebler (Fla. Bar No. 507954)
Email: jrl@lgplaw.com
Dora F. Kaufman (Fla. Bar No. 771244)
Email: dfk@lgplaw.com
LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone: (305) 379-0400
Facsimile: (305) 379-9626

*Attorneys for Defendant*

Todd M. Friedman, Esq.
Email: tfriedman@attorneysforconsumers.com
Nicholas J. Bontrager, Esq.
Email: nbontrager@attorneysforconsumers.com
LAW OFFICES OF TODD M. FRIEDMAN, PC
369 South Doheny Drive, Suite 415

15

Beverly Hills, CA 90211
Telephone: (877) 206-4741
Facsimile: (866) 623-0228

Abbas Kazerounian, Esq.
Email: ak@kazlg.com
Matthew M. Loker, Esq.
KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
800-400-6808
Facsimile: 800-520-5523

Joshua B. Swigart, Esq.
Email: josh@westcoastlitigation.com
HYDE & SWIGART
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: 619-233-7770
Facsimile: 619-297-1022

*Attorneys for Plaintiff Ann Fox in related action*
*Fox v. Gallup (1:14-cv-20538)*

16