**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:13-61747-CIV- MGC/EGT**

KURT S. SOTO, an individual, on behalf of himself and all others similarly situated,

Plaintiff,

vs.

THE GALLUP ORGANIZATION, INC., a Delaware corporation,

Defendant.
_______________________________________/

LAURIE C. MARR, on behalf of herself and all others similarly situated,

Plaintiff,

vs.

GALLUP, INC.,

Defendant.
_______________________________________/

ANN FOX, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

GALLUP, INC.,

Defendant.
_______________________________________/

**DECLARATION OF SETH LEHRMAN IN SUPPORT OF PLAINTIFFS' APPLICATION TO AWARD FEES, COSTS, AND INCENTIVE AWARDS**

I, SETH LEHRMAN, pursuant to 28 U.S.C. Sec. 1746, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called to testify to them, would be competent to do so.

2. I submit this Declaration in support of Plaintiffs' Application to Award Fees, Costs, and Incentive Awards (the "Fee Petition") which is being filed.

3. I and am one of the Co-Lead Class Counsel appointed by this Court in the above captioned matter. I am a member of the law firm Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L. ("Farmer Jaffe Weissing"). The focus of my practice is consumer class action work.

4. Our firm Farmer Jaffe Weissing, has served as class counsel in class action cases throughout the country which have recovered tens of millions of dollars for consumers. A true and correct copy of our firm's Class Action Resume is attached as **Exhibit A**.

5. I have been closely involved in prosecuting this litigation. I have worked closely with Co-Lead Interim Class Counsel, Scott D. Owens, and other Interim Class Counsel.

6. In connection with the submission of our Fee Petition, I compiled and reviewed the invoices for work performed by all Interim Class Counsel. In total, and as set forth in more detail in the table below, Interim Class Counsel spent more than 1,700 hours prosecuting this matter. In addition, counsel for the class incurred more than $30,000 in out of pocket expenses and risked receiving nothing in return.

| **Firm** | **Total Disbursements** | **Total Timekeeper Hours** |
|---|---|---|
| Farmer Jaffe Weissing | $22,880.17 | 748.2 |
| Scott D. Owens, P.A. | $3,582.04 | 413.9 |
| Bret Lusskin, P.A. | $2,747.03 | 321.4 |

| | | |
|---|---|---|
| Douglas Campion, APC | $861.71 | 107.6 |
| Elliot Adler, APC | $245.15 | 122.7 |
| TOTAL | $30,316.10 | 1713.8 |

7. Interim Class Counsel represent Plaintiffs and the Class on a purely contingent basis. Interim Class Counsel assumed the significant risk that they would not be compensated for time and out of pocket expenses put into this litigation. This risk of non-payment incentivized all Interim Class Counsel to work efficiently, to prevent duplication of effort, and to advance expenses responsibly.

8. Interim Class Counsel had to forgo the representation of other clients and other cases in order to prosecute this litigation.

9. I believe that my firm and other Interim Class Counsel assumed significant risk of nonpayment in initiating and expending over 1,700 attorney hours in this case given the legal issues involved and Defendant's vigorous defense of Plaintiffs' liability theory.

10. The tasks Class Counsel were required to perform in order to achieve the beneficial results of the Settlement included:

a. extensive pre-suit investigation of Plaintiffs' claims and the claims of the Class
b. effectively opposing Defendant's repeated requests to stay the litigation based on pending FCC petitions and the primary jurisdiction doctrine;
c. substantial class and merits focused discovery, including the production and review of thousands of pages of documents, and the Rule 30(b)(6) deposition of Defendant Gallup;
d. a series of telephonic conferences with Gallup's counsel concerning the nature and scope of discovery and the sufficiency of Gallup's discovery responses;
e. the filing of a motion seeking a discovery conference;
f. attending an in-person mediation with a retired federal magistrate judge; and

g. months of extensive arm's length settlement negotiations that culminated in a comprehensive settlement agreement.

11. Despite these risks, my firm, along with other Class Counsel, was able to successfully resolve this case through a settlement that confers substantial monetary relief to Settlement Class Members despite litigating against a well-financed Defendant employing top-tier counsel from a national law firm.

12. Interim Class Counsel are responsible for maintaining time records that reflect the time spent working on the instant action.

13. As Co-Lead Class Counsel, I have made a conscious effort to minimize the duplication of work, both by avoiding multiple attorneys working on the same assignment and by adjusting time records that I deemed unnecessary or duplicative.

14. Based on my experience, I anticipate that approximately fifty hours of additional attorney time will be required through final approval and administration of the settlement, should it be approved by the Court. The attorneys handling this matter must prepare for and attend the final fairness hearing, continue to communicate with Plaintiffs and Class Members, and otherwise supervise the administration of the settlement.

15. Plaintiffs Soto, Marr and Fox demonstrated a willingness to participate and undertake responsibilities and risks attendant with bringing a representative action. Mr. Soto, Ms. Marr and Ms. Fox aided in the investigation of the claims, consulted with counsel, reviewed draft pleadings, participated in formal and informal discovery, and contributed to the settlement efforts.

//

Left blank intentionally

//

Executed this 30th day of October, 2015 in Fort Lauderdale, Florida.

*/s/ Seth M. Lehrman*
Seth M. Lehrman

# Exhibit A

Qui Tam
Class Action
Personal Injury
Wrongful Death
Commercial Litigation
PATHTOJUSTICE.COM

Farmer, Jaffe, Weissing,
Edwards, Fistos & Lehrman, P.L.

## Class Action Resume

**Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L.** is an eight lawyer firm that is actively engaged in consumer class action, qui tam, and other complex litigation nationwide. The Firm represents plaintiffs in consumer, insurance, healthcare, and other class actions. The Firm's attorneys have successfully prosecuted dozens of class action lawsuits against major corporations. Our experienced attorneys include several former prosecutors and a former Senior Assistant Attorney General.

Our firm is proud of its commitment to pro bono work and community service. The Firm's attorneys and staff expend considerable time representing and advocating for deserving pro bono clients, including, victims of violent crimes and sexual abuse, and legal aid clients who seek legal counsel and access to the courts to protect their rights. Our attorneys serve as volunteer board members of various community non-profit organizations, including Legal Aid, the Daniel Cantor Senior Center, and the Crohn's and Colitis Foundation - Florida.

### Consumer Class Action

Class actions provide an effective means for an individual to challenge and remedy a corporate wrong. Farmer Jaffe Weissing attorneys represent consumers nationwide in important class actions involving banks, insurance companies, telemarketers, and debt collectors. Below are a few representative samples of our established nationwide consumer class action practice.

**Doherty and Simonson v. Hertz Corp.** No. 10-359 (D NJ) – Co-lead counsel in class action which produced $11 million common fund settlement. Hertz rental customers who did not rent a Hertz PlatePass electronic toll payment device, but who alleged that they had paid PlatePass-related charges, obtained the right to claim settlement monies from the settlement.

**Matute and McDonald v. Main Street Acquisitions Corp.**, No. 11-cv-62375-KMW (S.D.Fla.) The Firm served as class counsel in this case in which consumers alleged that they were subjected to collection activity from a debt collector that had failed to maintain the statutorily required registration with the State of Florida. A class action settlement was reached on behalf of the class of 969 Florida consumers that provided a common fund and more than $5 million in debt relief.

**Fraser v. Asus Computer International**, No. 12-00652 (N.D.Cal.) Class action settlement reached on behalf of purchasers of Asus Transformer Prime EE TF201 tablet computer. Plaintiff had alleged that the Asus tablet was defective because the GPS did not operate. The settlement afforded every purchaser the right to claim $17 and a piece of hardware that enabled the GPS to work properly.

**Appel v Liberty American Insur.** Case No. 08-cv-20385 (S.D.Fla.) – Co-lead counsel in class action which produced $40 million common fund settlement following two appeals and four years of intense litigation. 8,875 Florida mobile home owners obtained the right to claim settlement monies from alleged systematic under payment of hurricane property damage claims.

**Margolis v Continental Casualty.** Case No. 11-80765-cv-WJZ (S.D.Fla.) – Co-lead counsel in class action challenging insurer's alleged companywide practice of discriminating against Florida nurse registries which results in the denial of home health claims. Settlement reached which will result in subject denied claims being paid and defendant insurer agreeing to afford coverage for previously denied Florida nurse registry claims.

**Mowatt v Stern, DJSP Ent., et al.** Case No. 10-cv-62302 (S.D.Fla.)--Co-lead counsel in mass layoff class action filed under the Warn Act. Over 700 employees were terminated without the required statutory notice. Court has granted preliminary approval of class action settlement that proposes to provide statutory benefits to class members without a claim process.

**Ruderman v. Washington Nat. Ins. Co.**, Case No. 08-23401-cv-JIC (S.D.Fla.). Co-Lead Counsel, prevailing on a vigorously contested class certification motion granted for elderly long term care insurance policyholders. An $8 million common fund settlement was obtained permitting every Class Member to obtain up to $200,000 of additional home health care insurance benefits. Eleventh Circuit certified question to Florida Supreme Court as to whether automatic benefit increase provision of home health care policy applied to lifetime maximum benefit or, as the insurer contended, only the per occurrence benefit. The Florida Supreme Court held that the benefit increase applied to the lifetime benefit. *Ruderman*, 117 So.3d 943 (Fla. 2013). Thereafter, the Eleventh Circuit affirmed its holding based on the Florida Supreme Court's decision. *Ruderman*, 731 F. 3d 1188 (11th Cir. 2013).

**Fresco et al., v. Auto Data Direct, et al.**, Case No. 07-cv-60695-JEM (S.D.Fla.)—Nationwide injunctive class settlement composed of over 200 million Americans whose personal information was allegedly brokered in violation of federal privacy laws. The settlement requires companies to implement extensive programs and policies to protect consumers' privacy, and to stop alleged misuse of their personal information.

**Pro v. Hertz Equipment Rental Co.** Case No. 06-CV-3830 (DNJ). Class certification granted for nationwide class of renters; Rule 23(f) petition rejected; case proceeding to trial.

**Thomas J. Dolan v. Hewlett-Packard Company**, Case No. 51-2002-CA-001245, in the Circuit Court for Pasco County, Florida, and *Melissa Dukes v. Hewlett-Packard Company*, Case No. CV-2002-270, in the Circuit Court for Phillips County, Arkansas—Winning nationwide class settlement including approximately 5 million class members and relief to the Class valued at over $144,000,000.

**Rios v. Direct Mail Express***,* Case No*.* 05-61689 (S.D.Fla.)—lead counsel; Wining injunctive class settlement prohibiting marketer of trading in personal information unlawfully.

**Curry v. Fairbanks Capital Corporation**, Case No. 03-10875-DPW (D. Mass.)—Winning $55 million settlement on behalf of nationwide class of borrowers who were allegedly subject to predatory lending.

**Yolanda M. Spund, et al. v. Associates Financial Services** Case No. 3D01-2454 (3rd DCA Fla.)—Co-lead counsel; Achieving settlement of class case consisting of 5000 members and a settlement fund of $2.5 million.

**Hernandez v. GE Capital Consumer Card Co.**, Case Nos. 00-4828-CIV-SEITZ and 01-23566 (S.D. Fla. and Fla. Cir. Ct.)-lead counsel; Winning $67 million settlement of national payment posting class action against credit card banks.

**Davis v. Bank of America, N.A.**, Case No. 05-80806 (S.D.Fla.)--$6 million class settlement on behalf of persons whose personal information was allegedly taken in violation of the federal Drivers Privacy Protection Act; settlement requires destruction of personal information allegedly obtained unlawfully.

**Collier, et al. v. Fred O. Dickinson, et al.**, Case No. 04-21351-CIV (S.D.Fla.)-Class settlement valued at $10-18 million for a class of drivers whose personal information was allegedly sold to private marketers by the state of Florida.

**Pino v. Warranty Acceptance Corp.**, Case No. 05-61576 (S.D.Fla.)—Co-lead counsel; Winning class settlement which provided that defendant was permanently enjoined from using certain personal information obtained from a state motor vehicle bureau.

**PNR, Inc. v. Beacon Property Management, Inc.** 842 So.2d 773 (Fla. 2003)—Landmark case from the Florida Supreme Court establishing that a single act may violate Florida Deceptive and Unfair Trade Practices Act. FJW counsel appeared as amicus on behalf of the Florida Justice Association.

**America Online, Inc. v. Pasieka***,* 870 So.2d 170 (Fla. 1st DCA 2004)— Successful challenge to internet provider's use of a subscriber agreement which required all suits against the company to be brought in a state that didn't allow class actions.

**GTE Communications Corporation** (AG Case No. L99-3-1231)*;* **Snyder Communications Inc.; Snyder Direct Services, Inc.** (AG Case No. L97-3-1301)-- Companion RICO/Theft matters involving "slamming" of long-distance telephone customers which yielded a $3.1 million recovery. Consumers received redress and two of the Snyder-related entities agreed to surrender all licenses and cease all business operations in Florida (2001).

**Prime Succession, Inc., Prime Succession of Florida, Inc., Fred Hunter Memorial Services, Inc.** (AG Case #: L97-3-1214) RICO/Deceptive Trade Practice and Funeral Services statute matter based on Chapter 497, Florida Statutes. Recovery of $500,000 and agreed-upon extensive additional consumer redress (2000).

**Promark Telecommunications, Inc.; One Step Billing, Inc.** (AG No. L97-3-1300) Telephone "slamming" matter resulting in a $1.3 million recovery. Consumers were

reimbursed. The target companies surrendered their licenses and ceased operations in Florida (1999).

**Mack v. Bristol-Myers Squibb Co.** 673 So.2d 100, 101 (Fla. 1st DCA 1996)—Prevailing as amicus for the state of Florida against argument that the indirect purchaser rule applies to claims brought pursuant to the Florida Deceptive and Unfair Trade Practices Act.

**Credit Life Corp.** (AG #93-400162; 94-1015-CI-07)--First viatical settlement case handled by the Office of the Attorney General and was one of the first of such cases ever litigated in the country. Consumers received restitution and the principal operator was permanently enjoined from ever engaging in the viatical and insurance businesses. The case served as a primary impetus for passage of a Viatical Settlement Act in Florida. FJW attorney was lead counsel.

**Class Action Settlement Summary**

| CASE | COURT | SETTLEMENT VALUE | POSITION |
|---|---|---|---|
| *Fresco et al., v. Auto Data Direct, et al.*, Case No. 07-cv-60695 | S.D.Fla. | One of the largest B(2) settlements in the country | Class Counsel |
| *Thomas J. Dolan v. Hewlett-Packard Company*, Case No. 51-2002-CA-001245, in the Circuit Court for Pasco County, Florida & Melissa Dukes v. Hewlett-Packard Company, Case No. CV-2002-270, in the Circuit Court for Phillips County, Arkansas. | Circuit Court Pasco Co., FL &Phillips County, AR | $144 Million | Class Counsel |
| *Hernandez v. GE Capital Consumer Card Co.*, Case Nos. 00-4828-CIV & 01-23566 | S.D. Fla. & Fla. Cir. Ct. | $67 Million | Class Counsel |
| *Curry v. Fairbanks Capital Corp.*, Case No. 03-10875 | D.Mass. | $55 Million | Class Counsel |
| *Appel v. Liberty American Ins.*, Case No. 08-cv-20385 | S.D.Fla. | $40 Million | Co-Lead Class Counsel |
| *Collier, et al. v. Fred O. Dickinson, et al.*, Case No. 1:04-cv-21351 | S.D.Fla. | $10-18 Million | Class Counsel |

| | | | |
|---|---|---|---|
| *Soto v. Gallup Organization, Inc.*, Case No. 13-cv-61747 | S.D.Fla. | $12 Million | Co-Lead Class Counsel |
| *Doherty v. Hertz Corp.*, Case No. 1:10-cv-00359 | D.N.J. | $11 Million | Co-Lead Class Counsel |
| *Ruderman v. Washington Nat. Ins. Co.*, Case No. 1:08-cv-23401 | S.D.Fla. | $8 Million | Co-Lead Class Counsel |
| *Davis v. Bank of America, N.A.*, Case No. 9:05-cv-80806 | S.D.Fla. | $6 Million | Class Counsel |
| *Matute v. Main Street Acquisitions Corp.*, Case No. 11-cv-62375 | S.D.Fla. | $5 Million | Class Counsel |
| *Yolanda M. Spund, et al. v. Associates Financial Services*, Case No. 3D01-2454 | Third DCA FL | $2.5 Million | Co-Lead Class Counsel |
| *Mowatt v Stern, DJSP Ent., et al.*, Case No. 10-cv-62302 | S.D.Fla. | $550,000 | Co-Lead Class Counsel |
| *Rios v. Direct Mail Express, Case No.*, Case No. 05-cv-61689 | S.D.Fla. | Injunctive Relief | Lead Class Counsel |
| *Pino v. Warranty Acceptance Corp.*, Case No. 0:05-cv-61576 | S.D.Fla. | Injunctive Relief | Co-Lead Class Counsel |

**FJW attorneys who litigate class actions, include:**

***Gary M. Farmer, Jr., Esq.***

Gary Farmer has spent his career fighting for the rights of consumers, fair and just compensation for victims, the protection of the civil justice system and full access to the court system. Gary developed an interest in law at an early age when after school he would meet his father, who was attending law school. After following in his father's footsteps and

attending the same law school Gary began his legal career with an insurance defense firm where he gained invaluable knowledge and experience in trial law before moving into plaintiff's work.

Over the past decade, Gary has been at the forefront of high-profile consumer litigation in Florida: creating new law and causes of actions for subscribers wrongfully denied coverage by their HMO's; litigating the "Butterfly Ballot" and absentee voting cases to the Florida Supreme Court during the infamous 2000 election litigation; representing consumers who were deceived by tobacco companies' deceptive marketing practices involving light cigarettes; and representing patients, consumers and employees wronged by hospitals and insurance companies' deceptive trade practices. In the past few years Gary served as lead counsel in some of the largest qui tam (whistleblower) recoveries in the country's history involving off-label marketing of pharmaceutical drugs. He has consistently sought to protect the rights of consumers and helped them achieve redress for financial wrongs and bodily injury.

In addition to his work in the courtroom, Gary has devoted thousands of hours serving as a board member, officer and in 2012-2013 as President of the Florida Justice Association, the state's largest and most effective consumer protection organization. For the past several years, he has spent six to seven weeks a year volunteering as a lobbyist in Tallahassee with the FJA, fighting proposed laws that would limit the Constitutional right to access to court, impose limitations on rights, and lessen consumer protections.

Gary is a member of the Florida Bar, the United States Court of Appeals for the Eleventh Circuit, and the U.S. District Court, Southern District of Florida. He has been profiled in The Best Lawyers in America and is AV-rated by Martindale-Hubbell, and included in their Bar Register of Preeminent Lawyers. He is a board member of the Broward County Justice Association, and the 2012-13 President of the Florida Justice Association. He is also a member of the American Association for Justice's Leaders Forum.

***Steven R. Jaffe, Esq.***

Steven Jaffe has been an impassioned advocate for individuals, families and consumers, successfully representing them in their quest for justice for 30 years.

Steven Jaffe concentrates exclusively on complex civil jury trial matters. He has focused on handling class action cases that have been certified in federal court and state courts involving fraud, false and deceptive trade practices, and violations of the driver privacy protection act, for the past fifteen years. He has served as lead and co-lead counsel in class action cases involving long term care insurance, unsafe and hazardous products, unlawful consumer charges, hidden fees, and consumer class action cases throughout the country.

Mr. Jaffe has been named in The Best Lawyers in America and is AV rated by his professional peers through the *Martindale-Hubbell*© Peer Review Rating system. According to Martindale-Hubbell, the "AV" rating of "Very High to Preeminent" legal ability is a testament from peer legal professionals of the highest level of professional excellence and of

unquestionable ethics. The South Florida Legal Guide has selected Mr. Jaffe to be recognized as a "Top Lawyer." He has also been recognized by the National Trial Lawyers Association as one of Florida's Top 100 Trial Lawyers and he has been selected by the ALM for 2013 Top Rated Lawyers in Personal Injury Law. Mr. Jaffe has also been named 2013 South Florida "Lawyer of the Year" for Class Actions – Plaintiffs by Best Lawyers in America. Additionally, Mr. Jaffe has been selected as a 2014 and 2015 Florida Super Lawyer.

Mr. Jaffe has assumed positions of leadership in the legal community, including his former role as president of the Broward County Justice Association. He is a member of the American Association for Justice's Leaders Forum, a member of the Broward County Bar Association Professionalism Committee, and he is on the Board of Directors of the Stephen Booher Inns of Court and of the Florida Justice Association. He is a member of the Mass Tort Trial Lawyers Association, the Class Action Trial Lawyers Association, and the National Trial Lawyers Association.

Mr. Jaffe is a member of the Florida Bar, the Colorado Bar, the U.S. District Court, Southern District of Florida, and the U.S. District Court, Middle District of Florida. He is also a member of the United States Court of Appeals for the Eleventh Circuit and Northern District Court of Illinois.

In addition to his legal endeavors, Steven Jaffe is passionately committed to the fight against Crohns disease and has been an active fundraiser for the past decade. In 2005 he was also appointed to the Florida Chapter, Board of Trustees of the Crohn's and Colitis Foundation of America. Steven Jaffe was named Crohn's and Colitis Volunteer of the Year 2010 and is the recipient of the 2013 Hope Award. He is a frequent lecturer often addressing Long term care insurance issues involving caregivers, nurses and home health care agencies on elder issues. Mr. Jaffe is on the Executive Committee for the Fort Lauderdale Heart Ball which raises one million dollars each year. In 2013, Mr. Jaffe became a member of the Board of Directors of Legal Aid Services of Broward County, Inc.

***Mark S. Fistos, Esq.***

Mr. Fistos concentrates his practice on complex civil litigation in state and federal courts, including class-action and individual litigation relating to breach of contract, unjust enrichment, long-term care insurance, privacy, false advertising, elder abuse, the Lanham Act, breach of warranty, unfair competition, fraud, unfair and deceptive trade practices and Qui Tam (whistleblower) claims. He has litigated class action and consumer cases in various state and federal jurisdictions for more than 20 years. He has published and presented several article and training materials for The Florida Bar on consumer fraud and deceptive trade practice issues. He has been published in the journal of the Florida Justice Association. He has also been a regular presenter for the Florida Justice Association on various topics, including insurance law and e-discovery.

After receiving his M.A. and law degrees from Florida State University, he began his legal career as an Assistant Attorney General in the Florida Attorney General's Economic Crimes Litigation Unit in Tallahassee. There, he prosecuted numerous cases involving consumer

fraud, unfair methods of competition, the Racketeer Influenced and Corrupt Organizations (RICO) Act, deceptive trade practices, and whistleblowers, against defendants ranging from large telecommunications companies, and marketing enterprises to corporate-owned funeral providers.

As an Assistant Attorney General, Mr. Fistos was a primary drafter of the major amendments to the Little FTC Act in 1993 (appearing in Chapter 93-38, Laws of Florida), commonly referred to as the Florida Deceptive and Unfair Trade Practices Act, F.S. Chapter 501, part II.

As a Florida Class Action and trade practice lawyer, Mr. Fistos' work has litigated state and federal class cases and Qui Tam cases involving national computer manufacturers, utilities, banks, and data mining companies, among others. Some representative cases in Mr. Fistos' practice areas include:

Mr. Fistos handled one of the first viatical settlement case handled by the Office of the Florida Attorney General and one of the first such cases ever litigated in the county. Consumers received restitution and the principal operator was permanently enjoined from ever engaging in the viatical and insurance business. The case served as a primary impetus for passage of a Viatical Settlement Act in Florida.

As lead counsel, Mr. Fistos won a nationwide class settlement with a worldwide computer manufacturer including approximately 5 million class members and relief to the class valued at over $144,000,000.

In another class case, Mr. Fistos and co-counsel won a nationwide injunctive class settlement composed of over 200 million Americans whose personal information was allegedly brokered in violation of federal privacy laws. The settlement requires companies to implement extensive programs and policies to protect consumer's privacy, and to stop alleged misuses of their personal information. Mr. Fistos was a primary litigator on the case, drafter of case documents, and a primary strategist.

In a recent precedent-setting long term care insurance case that Mr. Fistos, his partner and his co-counsel advocated for elderly victims — Judge James I. Cohn of the U.S. District Court of the Southern District of Florida granted final approval of a class action settlement which created an $8 million fund for elderly class members with home healthcare insurance policies issued by Washington National Insurance Company (WNIC). The agreement also placed all those elderly insured's back on claim, meaning the insurance company would now be responsible for the cost of care of our clients. In addition, plaintiff's counsel also received court approval that required WNIC to make a $100,000 cy pres award (donation) to a charity whose mission is to serve the needs of the elderly — the court approved the Alzheimer Association as recipient of the donation.

Mr. Fistos has been selected as Florida Super Lawyer, a rating service of outstanding lawyers from more than 70 practice areas who have attained a high-degree of peer recognition and professional achievement. The selection process includes independent research, peer nominations and peer evaluations.

The REALTOR Association of Greater Fort Lauderdale, Inc. awarded him the Presidential Distinguished Services Award.

Mr. Fistos is a member of The Florida Bar and a member of its Trial Lawyers Section. He is admitted to practice in U.S. District Courts in the Southern, Middle and Northern Districts of Florida and the Northern District of Illinois. He is also a member of the United States Court of Appeals for the Eleventh Circuit.

Mr. Fistos is a member of the American Association for Justice's Leadership Forum, the Florida Justice Association, and the Tallahassee Bar Association. He serves on the Board of Directors of the Epilepsy Association of the Big Bend in Tallahassee and has regularly volunteered his time to assist in local charitable endeavors.

***Seth Lehrman, Esq.***

Mr. Lehrman is a founding member of FJW. He has served as plaintiff's class counsel for more than ten years in consumer class action cases around the country and has been lead or co-lead in several class actions. He is an experienced electronic discovery practitioner and is a Certified E-Discovery Specialist by the Association of Certified E-Discovery Specialists (ACEDS).

Aside from class action cases, Mr. Lehrman has other significant experience with complex civil litigation. He represented thirty-seven individuals who were innocent victims of the largest Ponzi scheme in South Florida.

The Legal Aid Society of Broward County has recognized Mr. Lehrman on several occasions for having performed significant pro bono work.

Mr. Lehrman is a member of the Florida Justice Association and the Broward County Justice Association. Through these affiliations, Mr. Lehrman seeks to protect access to the courts and to promote professionalism in the practice of law.

Mr. Lehrman is a member of the Florida Bar and the California Bar. He is a member of the U.S. District Court, Southern District of Florida, Middle District of Florida, Northern District of California, and Central District of California. He is also a member of the United States Supreme Court.