UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| **KURT S. SOTO**, an individual, on behalf of himself and all others similarly situated,<br>    Plaintiff,<br>v.<br>**THE GALLUP ORGANIZATION, INC.**, a Delaware corporation<br>    Defendant,<br>&<br>**LAURIE C. MARR**, on behalf of herself and all others similarly situated,<br>    Plaintiff,<br>v.<br>**GALLUP, INC.**,<br>    Defendant,<br>&<br>**ANN FOX**, individually and on behalf of all others similarly situated,<br>    Plaintiff,<br>v.<br>**GALLUP, INC.**,<br>                                   Defendant/ | CASE NO. 13-cv-61747-MGC<br><br><br><br><br><br>MEMBERSHIP IN CLASS AND<br>NOTICE OF INTENT TO APPEAR<br>BY COUNSEL, AT THE NOVEMBER<br>18, 2015 FAIRNESS HEARING |

**OBJECTIONS, PROOF OF MEMBERSHIP IN CLASS AND
NOTICE OF INTENT TO APPEAR, BY COUNSEL,
AT THE NOVEMBER 18, 2015 FAIRNESS HEARING**

Objectors, Cathy Scarberry and Dave Scarberry (hereinafter "the Scarberry Objectors"), by and through undersigned counsel, hereby provide the information needed to demonstrate their membership in the settlement class; give Notice of Their Intent to Appear, by counsel, at the Fairness Hearing before the Honorable, Marcia G. Cooke, U.S. District Judge, on November 18, 2015 at 11:00AM in Courtroom 11-2; object to the proposed settlement; and say:

## PROOF OF MEMBERSHIP IN THE SETTLEMENT CLASS

The Scarberry Objectors are members of the settlement class in that Dave Scarberry, having received a post card from the Settlement Administrator, Angeion Group, so stating and assigning him Claim No. GA92750749.  On or about Thursday November 12, 2015 the Sobjectors file a claim by U.S. Mail, postage prepaid, addressed to: Settlement Administrator, Angeion Group, 1801 Market Street, Suite 660, Philadelphia, PA 19103.

## NOTICE OF INTENT TO APPEAR

The Scarberry Objectors gives notice of their intent to appear, by and through undersigned counsel, at the Fairness Hearing before the Honorable Marcia G. Cooke, U.S. District Judge, in Courtroom 11-2 on November 18, at 11a.m for the purpose of  cross-examining witnesses and presenting legal arguments addressing their objections.  At this time, the Scarberry objectors do not intend to offer documents into evidence or call witnesses.

## OBJECTIONS

1.	The Long Form Notice on the proposed settlement website is defective because it does not meet minimum constitutional due process requirements with regard to providing class members with notice and an opportunity to be heard.

2.	The Notice says at paragraph 7, page 5, entitled, "What am I giving up to get a payment or stay in the Class?" that "The TCPA provides for damages of $500 per negligent violation, or $1500 for willful violations."  Plaintiffs allege that "Gallup violated the TCPA by using an automatic telephone dialing system to call cell phones without the prior express consent of the recipients."

3.      The Notice fails to inform class members of the size of the class.  Therefore, it is impossible for class members to evaluate whether the proposed $12 million Proposed Settlement is Fair, Adequate or Reasonable. However, Plaintiffs' Unopposed Motion and Plaintiffs' Memorandum of Law in Support of Preliminary Approval of Proposed Class Action Settlement Agreement and Release (Doc 77) provides at page 2, first full paragraph "The parties have determined that there are approximately 6.93 million unique cellular telephone numbers associated with the Settlement Class." (Footnote omitted) If classmembers were so informed by the notice, they could calculate the class' statutory damages to be $3.465 Billion  (6,930,000 x $500 = $3,465,000,000) Then by dividing $12 Million by $3.465 Billion they could determine that class counsel was advocating that the class settle for 0.0035 percent of their statutory damages which amounts to a recovery of 3.5/10 of a penny on the dollar. Thus, the Proposed Settlement provides for a recovery of $1.73 per class member; which is slightly more than 1/3 of 1 percent of the $500.00 in statutory  damages made  available by Congress.

4.      For the Court to evaluate whether the Proposed $12 million Settlement is Fair, Adequate or Reasonable, it is necessary to quantify the net expected value of continued litigation to the class, since a settlement for less than that value would not be adequate. Determining that value require estimating the range of possible outcomes and ascribing a probability to each point on the range. *In re General Motors Corp. Engine Interchange Litigation*, 594 F.2d 1106, 1132- 133 (7th Cir.1979)  Admittedly, a high degree of precision cannot be expected in valuing a litigation, especially regarding the estimation of the probability of particular outcomes.  One methodology for estimating fair settlement value is to estimate the range of possible outcomes and assign values to the range.  For settlement purposes the lawyer estimates the chance of winning at 50/50

and assign a 50% chance of a zero verdict. Then the lawyer estimates a high, medium and low outcome, and assigns a percentage (out of the remaining 50%) to each.

5.      However, in this matter, because statutory damages are available, the calculations are straight forward. i.e.,if you win at trial by establishing violation of the Telephone Consumer Protection Act of 1991 (TCPA), 47 U.S.C. § 227(b)(3), everyone in the class gets $500.00 and the total damages are $3.465 Billion. So, the question in this matter is, does the class really only have a 1/3 of 1% chance, or less, of winning this case? After all if there we a 10% chance of winning $3.465 Billion, the settlement value would be $346.5 Million. Respectfully, the Court is reminded that ordinarily, "a defendant is interested only in disposing of the total claim asserted against it . . . the allocation between the class payment and the attorneys' fees is of little or no interest to the defense . . . ." *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, at 819-20  (3d Cir. 1995)

6.      The Proposed $12 million Settlement is not Fair, Adequate or Reasonable because it is release driven, not damages driven. i.e., the value of the proposed settlement in this matter is that for $12 million dollars, attorney fees and costs included, Gallup gets fully released from a $3.465 Billion cause of action and class members who have filed claims each walk away with $34[1].

7.      Because the Notice failed to inform class members of the size of the class, it was impossible for class members to estimate their pro rata share of the proposed $12 million settlement fund. If a class member knew there were 6,930,000 people in the class, then they

---

[1] Based upon the 145,677 number of existing valid claims, and assuming the requested fees and costs are awarded in an approximate amount of $4,000,000 that would allow for each claimant to receive approximately $34 from the $5,100,000 balance of the $12,000,000 settlement payment to be paid by Gallup." (Doc 82, Plaintiffs' Unopposed Motion for For Final Approval of Class Action Settlement and Memorandum of Law.)

could calculate the "claim-filing rates" at 3% to 5% and estimate that if 3% of class members, 207,900 people, filed claims then each claimant's pro rata share would be $57.72 before attorney fees and costs; and if 5% of class members, 346,500 people, filed claims then each claimant's pro rata share would be $34.63 before attorney fees and costs.

8. As Judge Posner stated in *Reynolds, V. Beneficial Natl. Bank* 288 F.3d 277 (7th Cir. 2002) in discussing the judicial duty to protect the members of a class in class action litigation from lawyers for the class who may, in derogation of their professional and fiduciary obligations, place their pecuniary self-interest ahead of that of the class. "This problem, repeatedly remarked by judges and scholars, see, e.g., *Culver v. City of Milwaukee*, 277 F.3d 908, 910 (7th Cir. 2002); *Greisz v. Household Bank* (Illinois), N.A., 176 F.3d 1012, 1013 (7th Cir. 1999); *Rand v. Monsanto Co.*, 926 F.2d 596, 599 (7th Cir. 1991); *Duhaime v. John Hancock Mutual Life Ins. Co.*, 183 F.3d 1, 7 (1st Cir. 1999); John C. Coffee, Jr., "Class Action Accountability: Reconciling Exit, Voice, and Loyalty in Representative Litigation," 100 Colum. L.Rev. 370, -385-93 (2000); David L. Shapiro, "Class Actions: The Class as Party and Client," 73 Notre Dame L.Rev. 913, 958-60 and n. 132 (1998), requires district judges to exercise the highest degree of vigilance in scrutinizing proposed settlements of class actions. We and other courts have gone so far as to term the district judge in the settlement phase of a class action suit a fiduciary of the class, who is subject therefore to the high duty of care that the law requires of fiduciaries. *Culver v. City of Milwaukee*, supra, 277 F.3d at 915; *Stewart v. General Motors Corp.*, 756 F.2d 1285, 1293 (7th Cir. 1985); *In re Cendant Corp. Litigation*, 264 F.3d 201, 231 (3d Cir. 2001); *Grant v. Bethlehem Steel Corp.*, 823 F.2d 20, 22 (2d Cir. 1987)"

9. The proposed settlement has a Clear Sailing provision, that provides for $4 Million in

attorneys' fees. "Class Counsel shall move the Court for an award of attorneys' fees and costs incurred in connection with the Action to be paid to Class Counsel from the Settlement Fund. Gallup shall not object to such a motion so long as the total attorneys' fees and costs requested by Class Counsel do not exceed $4,000,000." (Doc 77-1, page 6, paragraph 5) Under the facts of this Proposed Settlement, in light of the defendant's potential liability, compared to the amount of the settlement, the Clear Sailing provision should weigh heavily against approving this Court approving the settlement or the requested attorney fees

10.   In this matter, based on the forgoing analysis, the requested attorney's fees are excessive and unreasonable.

11.   The Scarberry Objectors hereby adopt and incorporate all other meritorious and timely filed objections that are not inconsistent with these objections, as if set forth fully herein.

**WHEREFORE**, the Scarberry Objectors respectfully request that this Court sustain these Objections and enter such Orders as are necessary and just to adjudicate these Objections including but not limited to an order:

A.   disapproving the proposed settlement because it is not Fair, Adequate or Reasonable;

B.   disapproving the proposed settlement because of the improper and constitutionally defective notice to the class;

C.   Denying the requested attorney's fees to Class Counsel;

D.   requiring class counsel and the settling defendants to craft a new settlement and notice and then to re-notice the class;

E.   Staying any *cy pres* award until such time as this Court has determined that all settlement

funds have been paid over to those class members who have filed claims;

F.    Directing that any nominated *cy pres* beneficiary be subjected to review by the Scarberry Objectors prior to any hearing scheduled with this Court; and,

G.    granting such other relief that this court deems necessary or proper so as to alleviate the inherent unfairness, inadequacy and unreasonableness of the proposed Settlement.

Respectfully submitted,

 /s/   N. Albert Bacharach, Jr.
N. Albert Bacharach, Jr.
Florida Bar Number: 209783
**N. ALBERT BACHARACH, JR., P.A.**
Attorney for  Objectors Cathy and Dave Scarberry
4128 NW 13th Street
Gainesville, Florida  32609-1807
(352) 378-9859 FAX: (352) 338-1858
N.A.Bacharach@att.net

## MEMORANDUM OF LAW

The "proponents of class action settlement bear the burden of developing a record demonstrating that the Proposed Settlement distribution is fair, reasonable and adequate." *Faught v. American Home Shield Corp.*, 668 F.3d 1233 (11th Cir. 2012)  The district court "reviews a class action settlement for fairness, reasonableness, and adequacy." *Faught* at 1240 after considering: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the anticipated complexity, expense, and duration of litigation; (5) the opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. *Faught* at 1240.

In this matter, outside of preliminarily settling $3.465 Billion of statutory claims for $12 Million, it is not readily apparent what class counsel did that warrants a 33.3 % fee of $4 Million. Clearly, as shown on the face of the docket, this was not a vigorously litigated case, on either side. Yet despite the evidence on the face of the docket Class Counsel alleges that "the substantial work necessitated by this case diverted the time and resources from being put into other matters." (Doc 83, page 12) in an effort to justify millions of dollars in requested fees. Luckily for the class this "court has great latitude in formulating attorney's fees awards subject only to the necessity of explaining its reasoning so that we can undertake our review." *Faught*, 668 F.3d at 1242; *McKenzie v. Cooper, Levins & Pasko, Inc.*, 990 F.2d 1183, 1184 (11th Cir. 1993).

Furthermore, the proposed settlement includes a *cy pres* provision that benefits an unidentified beneficiary. "Any funds from uncashed settlement checks, as well any funds from settlement checks to Class Members whose valid address could not be located pursuant to Section 8.2.1 above, shall be delivered to a cy pres recipient selected by the parties and approved by the Court. (Doc 77-1, page 18, paragraph). "Courts are not in disagreement that *cy pres* distributions are proper in connection with a class settlement, subject to court approval of the particular application of the funds." *Nelson v. Mead Johnson & Johnson, Co.*, 484 F. App'x 429, 435 (11th Cir. 2012). *In fact, Cy pres* distributions are commonly utilized for unclaimed funds. *Nelson v. Greater Gadsden Hous. Auth.*, 802 F.2d 405, 409 (11th Cir. 1986).  But the Court should note that *Nelson* was a class action involving utility allowances to tenants in a public-housing complex in which the District Court approved of a settlement in which defendant utilized unclaimed settlement funds to increase energy efficiency of the apartment units).  In this

matter the Court should insure that there is a relationship between the recipient of the *cy pres* award and the class members defined by the proposed settlement.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the November 13, 2015, a searchable PDF of the foregoing was filed with the Clerk of the Court and that all parties will be noticed and served by the Courts CM/ECF system.

/s/ N. Albert Bacharach, Jr.
N. Albert Bacharach, Jr.
