**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 0:13-cv-61747-MGC

KURT S. SOTO, an individual on behalf
of himself and all others similarly situated,

  Plaintiff,

v.

THE GALLUP ORGANIZATION, INC.,
*a Delaware corporation*,

  Defendant.
_____/
LAURIE C. MARR, on behalf of herself
And all others similarly situated,

  Plaintiff,

v.

GALLUP, INC., a Delaware corporation,

  Defendant.
_____/
ANN FOX, individually and on behalf of all
Others similarly situated,

  Plaintiff,

v.

GALLUP, INC., a Delaware corporation,

  Defendant.
_____/

**RESPONSE TO SCARBERRY OBJECTION TO MOTION FOR FINAL APPROVAL**
**OF CLASS ACTION SETTLEMENT AND PETITION FOR AWARD OF**
**ATTORNEYS' FEES**

Plaintiffs and Class Counsel hereby respond to the objection lodged by Cathy and Dave Scarberry [ECF No. 86].[1]  In brief, the objection concerns the class action settlement preliminarily approved by the Court on June 16, 2015 [ECF No. 79].  Under the Settlement, Defendant GALLUP, INC. ("Gallup") will pay $12,000,000 to create a Settlement Fund from which relief to the class will be paid, along with all fees and costs associated with the Court approved notice and administration of the Settlement. If final approval is granted, the net proceeds of the Settlement Fund will be distributed *pro rata* to every claimant after deducting fees and costs.  No money will revert to Gallup. By any measure, the settlement for which Plaintiffs seek final approval is an excellent result for the class.

I.      **Overview.**

Out of more than six million Settlement Class Members, only four (4) objections were filed by or on behalf of individuals purporting to be Settlement Class Members. [ECF Nos. 80,[2] 84, 85, and 86], three of which were filed by professional serial objectors. Two of these professional objections have been or are being withdrawn. At the outset, it should be noted that such professional objectors have raised the ire of federal courts, including this Court, for playing no positive role in class action litigation and contributing no benefit to the class. Accordingly, "when assessing the merits of an objection to a class action settlement, courts consider the background and intent of objectors and their counsel, particularly when indicative of a motive other than putting the interest of the class members first." *Dennis v. Kellogg Co.*, No. 09-CV-1786-L (WMC) (S.D. Cal. Nov. 14, 2013).

It is also telling that the there are only two pending objections out of more than six million Settlement Class Members.[3]  This evidences overwhelming support for the

---

[1] Plaintiffs and Objectors Elizabeth Miller and Jill Wiseman Price have reached agreements and Miller and Price have agreed to withdraw their respective objections. [ECF Nos. 84 and 85].

[2] Plaintiffs addressed the objection of Curry Quenette in the motion for final approval. Quenette is not a Settlement Class Member because he claims that the call he received from Gallup was not placed using an automated system and that he gave express consent to receive subsequent calls from Gallup. Accordingly, since Mr. Quenette is not a Settlement Class Member, he has no standing to lodge an objection.

[3] The average number of objections to settlements of consumer class actions is 233. In a settlement of this magnitude, the Court should expect to receive around 56 objections to the

settlement. Such an extraordinarily "low percentage of objections points to the reasonableness of a proposed settlement and supports its approval." *Lipuma v. American Express Co.*, 406 F. Supp. 2d 1298, 1324 (S.D. Fla. 2005).

As to its substance, the Scarberry Objection lacks merit, mischaracterizes the Settlement, and fails to apply controlling Eleventh Circuit law.  Further, the objection does not include an expert affidavit or other evidence to contradict the conclusions reached by Settlement Class Counsel and this Court. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1021 (9th Cir. 1998) (affirming final approval of nationwide class action settlement where "[t]he objectors presented no evidence" to support their arguments).

For the reasons discussed below, Plaintiffs and Class Counsel respectfully request that the Court: (1) overrule the Scarberry Objection; (2) grant Final Approval to the Settlement; (3) approve the request for Incentive Awards to the Plaintiffs; (4) approve Class Counsel's application for attorneys' fees and expenses; and (5) enter Final Judgment dismissing the Action with prejudice.

## II.     The Scarberry Objection Should Be Overruled.

### A.     *The Class Notice was adequate.*

The Scarberry Objection first complains that the Long Form Class Notice was inadequate, even suggesting that the notice violates due process.  [ECF No. 86, ¶ 3]. Scarberry's principal complaint appears to be that the notice "fails to inform class members of the size of the class." *Id.*  This Court has already stated, however, "[t]he proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice." [ECF No. 79, ¶ 9]. Notice is intended to enable class members to opt-out and pursue their claims independently. *Crown, Cork & Seal Co. v. Parker,* 462 US 345, 351 (1983). Neither due process nor the notice requirements of Rule 23 require the total estimated damages suffered by the class to be set forth in the settlement notice. *See Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1239 (11th

Settlement (extrapolating from the average of 4.7 objectors per $1 million in consumer recovery). *See* Theodore Eisenberg & Geoffrey Miller, *The Role of Opt-Outs and Objectors in Class Action Litigation: Theoretical and Empirical Issues*, 57 VAND. L. REV. 1529, 1550 (2004).

Cir. 2011); *Fladell v. Wells Fargo Bank, N.A.*, No. 0:13-CV-60721, 2014 WL 5488167, at *4 (S.D. Fla. Oct. 29, 2014). Notice is not required to provide a complete source of settlement information. *Maher v. Zapata Corp.*, 714 F.2d 436, 452 (5th Cir. 1983). This argument is without merit.

B.     *The relief provided by the Settlement is fair, adequate, and reasonable.*

Next, the Scarberry Objection complains that the amount of relief under the settlement is inadequate.  Specifically, Scarberry argues that the settlement is not adequate because it does not recover a sum comparable to *$3.4 billion dollars*, the theoretical maximum recovery for all of over six million class members if each of them filed and won their individual lawsuits.  In support of this argument, Scarberry performs some rudimentary arithmetic to conclude that, lo', $12 million is considerably less than $3.4 billion.

This objection resides entirely in the realm of fantasy, bearing no relationship to real life.  As discussed in Class Counsel's Petition for Fees, Gallup is not billion-dollar company, and even if it was, bankruptcy is not the preferred outcome of class action practice.  *See* [ECF No. 83, p. 13, n. 3].  As every litigator knows, even ironclad legal theories must sometimes give way to financial realities.  If Plaintiffs blindly pressed this case for $3.4 billion, or even a fraction of that sum, the class would have surely recovered nothing.  Instead, the settlement ensures that the class will receive fair, adequate, reasonable, and *meaningful* relief.

Even Scarberry acknowledges that all Settlement Class Members who submitted timely valid claim forms will receive approximately $34.00.  In contrast, the objection fails to acknowledge that this amount is well within the range of recoveries made by class members in other TCPA class action settlements. As discussed in Class Counsel's petition for fees, there have been at least eighteen other approved TCPA class action settlements that provided less than $100 in relief to class members.  *See* [ECF No. 83, pp. 14-15, n. 4]. Accordingly, the objection should be overruled.

C.     *The Settlement Agreement's "Clear Sailing" provision is reasonable.*

Scarberry summarily objects to the "Clear Sailing" provision of the Settlement Agreement, stating simply that "the Clear Sailing provision should weigh heavily against approving this Court approving the settlement or the requested attorney fees." [ECF No. 86, ¶ 9].  Scarberry provides no further substance to this objection. Under this provision,

Defendant has agreed not to oppose or otherwise object to an application by Class Counsel for an award of Attorneys' Fees and Expenses in an amount not to exceed $4 million. Some courts have suggested that a clear-sailing provision may be a warning sign of a collusive bargain. "The inclusion of such a 'clear sailing' provision within the settlement agreement's terms, however, merely justifies the Court's application of heightened scrutiny when evaluating the class counsel's ultimate fee request; it should not be read as an independent ground for withholding approval of the entire settlement." *Matter of Skinner Group, Inc.*, 206 B.R. 252, 263, n.14 (N.D. Ga. 1997). Indeed, while a clear-sailing provision could indicate that the settling parties compromised class members' interests to give class counsel favorable treatment on attorneys' fees, it could just as easily be included for purposes of finality and risk avoidance. *See Malchman v. Davis*, 761 F.2d 893, 905 n.5 (2d Cir. 1985) (a clear-sailing provision "is essential to completion of the settlement, because the defendants want to know their total maximum exposure and the plaintiffs do not want to be sandbagged").

In *Poertner v. Gillette Co.*, No. 14-13882, 2015 WL 4310896 at *6 (11th Cir. July 16, 2015), the Eleventh Circuit addressed an objection to a "clear-sailing" provision and found that the objector's "self-dealing contention [wa]s belied by the record" where, as here, "the parties settled only after engaging in extensive arms-length negotiations moderated by an experienced, court-appointed mediator." Here, the Court found that the settlement occurred only after extensive arm's-length negotiations overseen by an experienced court-appointed mediator. There is no evidence of collusion, and the parties negotiated attorneys' fees only after negotiating relief to the Class. *See id.*; *Lee v. Ocwen Loan Servicing, LLC*, No. 14-cv-60649, 2015 WL 5449813, at *12 (S.D. Fla. Sept. 14, 2015) (finding "clear-sailing provision to be immaterial" where there was no evidence of collusion among the settling parties and fees were negotiated only after all other terms were agreed upon); *Fladell v. Wells Fargo Bank, N.A.*, No. 0:13-cv-60721, 2014 WL 5488167, at *4 (S.D. Fla. Oct. 29, 2014) ("[A]lthough the Settlement Agreement includes a 'clear-sailing' provision, that is immaterial. There was no collusion in the settlement negotiations and the Parties began negotiations regarding attorneys' fees only after finishing negotiating the Settlement itself."); *Marty v. Anheuser-Busch Companies, LLC*, No. 13-cv-23656-JJO, 2015 WL 6391185, at *1 (S.D. Fla. Oct. 22, 2015) (where there is no collusion, a clear-sailing provision should not bar a class settlement's approval; *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1293 n.4 (11th Cir. 1999);

*Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 425-26 (6th Cir. 2012); *Fladell v. Wells Fargo Bank, N.A.*, No. 0:13-CV-60721, 2014 WL 5488167, at *4 (S.D. Fla. Oct. 29, 2014) ("[A]lthough the Settlement Agreement includes a 'clear-sailing' provision, that is immaterial. There was no collusion in the settlement negotiations and the Parties began negotiations regarding attorneys' fees only after finishing negotiating the Settlement itself").

### D.   *Class Counsels' requested fee award is reasonable.*

The Scarberry Objection argues that the requested fee award of one-third of the $12 million common fund is excessive.  To begin, the "benchmark" range of reasonableness in the Eleventh Circuit is between 20% to 30% of the fund, and fees frequently do exceed this benchmark. *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 774-775 (11th Cir. 1991); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295–96 (11th Cir. 1999) (affirming class attorneys' award of 33.3%)*; see also Wolff v. Cash 4 Titles*, No. 03-cv-22778, 2012 WL 5290155, at *6 (S.D. Fla. Sept. 26, 2012) (collecting cases and concluding that 33% is consistent with the market rate in class actions).  Further, in a common fund settlement such as this one, the percentage-of-the-fund method looks to the total benefit achieved for the class, not to what class members are ultimately paid. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("Since the decisions in *Trustees v. Greenough*, 105 U.S. 527 (1882), and *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1885), this Court has recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.").  The "benefit" achieved for the class includes "costs (including class administrative costs) and fees." *Lopez v. Youngblood*, No. CV-F-07-0474 DLB, 2011 U.S. Dist. LEXIS 99289, at *32 (E.D. Cal. Sep. 1, 2011); *see also Staton v. Boeing Co.,* 327 F.3d 938, 975 (9th Cir. 2003) (holding that, where the defendant pays the costs of notice to the class on top of the settlement fund, "it is reasonable . . . to include that cost in a putative common fund benefiting the plaintiffs for all purposes, including the calculation of attorneys' fees.").

Class Counsel respectfully submits that the requested fee amount is fair.  Counsel worked long and hard on this case, and bore a very real risk of recovering nothing.  From the outset, the case was haunted by the specter of imminent, adverse regulatory action by the Federal Communications Commission ("FCC"), including a petition to narrow the definition of "automatic telephone dialing system" to one that would not include the system

used by Gallup.  If granted, Gallup's liability would have been zero, and the case would have been immediately dismissed.

Finally, the requested fee is consistent with awards in TCPA cases and class actions generally, and is well supported by the work evidenced by the Court's docket and discussed in Class Counsel's fee petition.  The Eleventh Circuit is replete with cases approving fees comparable to those requested here.  *See In re Terazosin Hydrochloride Antitrust Litig.*, No. 1:99–md–01317–PAS, ECF No. 1557 at 8–10 (S.D. Fla. Apr. 19, 2005) (approving fee award as percentage of gross amount of common fund, stating: "Class Counsel are hereby awarded 33 1/3% of the gross Settlement Fund (plus interest thereon), arising out of the Settlement, before deduction of any costs, expenses, or incentive awards, as their fee award."); *Gutter v. E.I. DuPont De Nemours & Co.*, No. 1:95–cv–02152–ASG, ECF No. 626 at 7 (S.D. Fla. May 30, 2003) (approving fee award of one-third of gross amount of common fund settlement plus $1.2 million in expenses); *Hosier v. Mattress Firm, Inc.*, No. 3:10-CV-294-J-32JRK, 2012 WL 2813960, at *4 (M.D. Fla. June 8, 2012) *report and recommendation adopted*, No. 3:10-CV-294-J-32JRK, 2012 WL 2838610 (M.D. Fla. July 10, 2012) (approving attorney fee award of 30% of gross amount of common fund settlement, before deduction of notice and settlement administration expenses); *Morefield v. NoteWorld, LLC*, No. 1:10-CV-00117, 2012 WL 1355573, at *6 (S.D. Ga. Apr. 18, 2012) (approving fee award of 30% of gross amount of common fund, exclusive of award of costs); *Atkinson v. Wal-Mart Stores, Inc.*, No. 8:08-CV-691-T-30TBM, 2011 WL 6846747, at *6 (M.D. Fla. Dec. 29, 2011) (approving fee award of one-third of gross amount of common fund).

### E.   *The Settlement Agreement contains a proper cy pres designation.*

Finally, the Objection complains that "the proposed settlement includes a cy pres provision that benefits an unidentified beneficiary."  Rule 23 requires that class members be given "information reasonably necessary to make a decision [whether] to remain a class member and be bound by the final judgment or opt out of the action." *In re Nissan Motor Corp. Antitrust Litigation*, 552 F.2d 1088, 1104-1105 (5th Cir.1977).  The notice need not include "every material fact" or be "overly detailed." *Id.* In fact, courts have recognized that "an overly detailed notice" has the potential to "confuse class members and impermissibly encumber their rights to benefit from the action." *Id.* at 1104; *see also Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1239 (11th Cir. 2011).

Paragraph 13.4 of the Settlement Agreement is clear: "Any funds from uncashed settlement checks, as well any funds from settlement checks to Class Members whose valid address could not be located pursuant to Section 8.2.1 above, shall be delivered to a cy pres recipient selected by the parties and ***approved by the Court***." (emphasis added). This is enough information about *cy pres* to allow a class member to decide whether to remain in the class. More information than this, i.e., including various *cy pres* options, would serve no further purpose, and would likely confuse class members who don't understand the doctrine of *cy pres*. In consequence, the Court should overrule the objection.

### III.     The Improper Objection of the Professional Serial Objector Should Be Overruled.

Finally, it should not be overlooked that the attorney for the Scarberry objectors –N. Albert Bacharach – makes a living improperly objecting to class settlements. Such so-called "serial objectors" typically lose in the district courts, appeal and then offer to voluntarily dismiss the appeal in an attempt to leverage a payout. In fact, in 2009, Mr. Bacharach was found to have committed "an effort to *extort* money from the class and/or class counsel." *Ouellette v. Wal-Mart Stores, Inc.*, Case No. 67-01-CA-326 (Washington County Circuit Court, Florida). Judge Peel found that the professional objectors "have been working through collusion for their own personal benefit and not for the benefit of this class or their clients."

The respected authors of Newberg on Class Actions observe that filing objections to proposed class settlements has become a "big business." ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS 11:55 (4th Ed. 2008); *see also* § 15:37 (entitled Abusive Conduct by Counsel Objecting to Class Action Settlements). UCLA law professor William Rubenstein has written that "[t]his part of the profession has arguably attracted lawyers more interested in coercing a fee than in correcting a wrong." WILLIAM B. RUBENSTEIN, THE FAIRNESS HEARING: ADVERSARIAL AND REGULATORY APPROACHES, 53 UCLA L.REV. 1435, 1459 (2006) (citations omitted). Professor Ed Brunet bluntly characterizes professional objectors as "warts on the class action process," "pond scum," and "bottom feeders." EDWARD BRUNET, CLASS ACTION OBJECTORS: EXTORTIONIST FREE RIDERS OR FAIRNESS GUARANTORS, 2003 U. CHI. LEGAL F. 403, 409 (2003). After detailing the extortionist practices of some professional objectors, Professor Brunet observed that they "are as welcome in the courtroom as is the guest at a wedding ceremony who

responds affirmatively to the minister's question, 'Is there anyone here who opposes this marriage?'" *Id.* at 408 n.21.

## IV.    Conclusion

For the foregoing reasons, the Court should overrule the Scarberry Objection and grant Final Approval to the Settlement, approve Service Awards for the Plaintiffs, approve Class Counsel's application for attorneys' fees and expenses, and enter Final Judgment.

Dated: November 17, 2015                    Respectfully submitted,

By:     /s/ Bret L. Lusskin, Jr., Esq.
Bret L. Lusskin, Jr. (Fla. Bar No. 28069)
Email: Blusskin@lusskinlaw.com
BRET LUSSKIN, P.A.
20803 Biscayne Blvd., Ste 302
Aventura, FL 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844

Scott D. Owens (Fla. Bar No. 0597651)
Email: scott@scottdowens.com
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Suite 235
Hollywood, FL 33091
Telephone: (954) 589-0588
Facsimile: (954) 337-0666

Steven R. Jaffe (Fla. Bar No. 390770)
Email: steve@pathtojustice.com
Seth M. Lehrman (Fla. Bar No. 132896)
Email: seth@pathtojustice.com
Mark S. Fistos (Fla. Bar No. 909191)
Email: mark@pathtojustice.com
FARMER, JAFFE, WEISSING,
EDWARDS, FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: (954) 524-2820
Facsimile: (954) 524-2822

Douglas J. Campion, Esq.*
Email: doug@djcampion.com
LAW OFFICES OF DOUGLAS J. CAMPION,
APC
17150 Via Del Campo Suite 100

San Diego, CA 92127
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

E. Elliot Adler, Esq.*
Email: eadler@theadlerfirm.com
ADLER LAW GROUP, APLC
402 W. Broadway, Suite 860
San Diego, CA 92101
Telephone (619) 531-8700
Facsimile (619) 342-9600

*Class Counsel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on

November 17, 2015, to all counsel of record listed below via email.

By:      /s/ Bret L. Lusskin, Jr., Esq.
         Bret L. Lusskin, Jr.
         Fla. Bar No. 28069

## SERVICE LIST
### *Soto v. The Gallup Organization, Inc.*
### CASE NO. 0:13-CV-61747- COOKE/TORRES
### United States District Court, Southern District of Florida

Felicia Yu, Esq.*
Email: fyu@reedsmith.com
Raagini Shah, Esq.*
Email: rshah@reedsmith.com
Abraham J. Colman, Esq.*
Email: acolman@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 457-8000
*Admitted Pro Hac Vice*

J. Randolph Liebler (Fla. Bar No. 507954)
Email: jrl@lgplaw.com
Dora F. Kaufman (Fla. Bar No. 771244)
Email: dfk@lgplaw.com
LIEBLER, GONZALEZ & PORTUONDO, P.A.

Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone: (305) 379-0400
Facsimile: (305) 379-9626

*Attorneys for Defendant*

Todd M. Friedman, Esq.
Email: tfriedman@attorneysforconsumers.com
Nicholas J. Bontrager, Esq.
Email: nbontrager@attorneysforconsumers.com
LAW OFFICES OF TODD M. FRIEDMAN, PC
369 South Doheny Drive, Suite 415
Beverly Hills, CA 90211
Telephone: (877) 206-4741
Facsimile: (866) 623-0228

Abbas Kazerounian, Esq.
Email: ak@kazlg.com
Matthew M. Loker, Esq.
KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
800-400-6808
Facsimile: 800-520-5523

Joshua B. Swigart, Esq.
Email: josh@westcoastlitigation.com
HYDE & SWIGART
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: 619-233-7770
Facsimile: 619-297-1022

*Attorneys for Plaintiff Ann Fox in related action*
*Fox v. Gallup (1:14-cv-20538)*

Steve A. Miller, PC
1625 Larimer Street, No. 2905
Denver, CO 80202
Ph# 303-892-9933
Fax: 303-892-8925
Email: sampc01@gmail.com

Jonathan E. Fortman (40319MO)

Law Office of Jonathan E. Fortman, LLC
250 St. Catherine Street
Florissant, MO 63031
Ph# (314) 522-2312
Fax: (314) 524-1519
Email: jef@fortmanlaw.com

John C. Kress (53396MO)
The Kress Law Firm, LLC
4247 S. Grand Blvd
St. Louis, MO 63111
Ph.#: (314) 631-3883
Fax: (314) 332-1534
Email: jckress@thekresslawfirm.com

*Attorneys for Class Member Elizabeth A. Miller*

W. Allen McDonald, Esq.
249 N. Peters Road
Suite 101
Knoxville, TN 379234917
Te1: 865 246 0800

*Counsel for Jill Wiseman Price*

N. Albert Bacharach, Jr., Esq.
N. Albert Bacharach, Jr., P.A.
4128 NW 13th Street
Gainesville, Florida 32609-1807
Telephone: 352-378-9859
Facsimile: 352-338-1858

*Attorney for Objector Dave and Cathy Scarberry*