UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 13-Civ-61747-COOKE/TORRES

KURT S. SOTO, an individual, on behalf of
himself and all others similarly situated,

Plaintiff,

vs.

THE GALLUP ORGANIZATION, INC., a
Delaware corporation,

Defendant.
_____/

LAURIE C. MARR, an individual, on behalf of
herself and all others similarly situated,

Plaintiff,

vs.

THE GALLUP ORGANIZATION, INC., a
Delaware corporation,

Defendant.
_____/

ANN FOX, an individual, on behalf of
herself and all others similarly situated,

Plaintiff,

vs.

THE GALLUP ORGANIZATION, INC., a
Delaware corporation,

Defendant.
_____/

**ORDER GRANTING FINAL APPROVAL OF CLASS
ACTION SETTLEMENT, ATTORNEY'S FEES AND COSTS, AND INCENTIVE
AWARDS AND ENTRY OF FINAL JUDGMENT**

**WHEREAS**, on or about March 30, 2015, Plaintiffs Kurt Soto, Laurie Marr and Ann Fox ("Plaintiffs"), on behalf of themselves and the class of persons they seek to represent, and Defendant Gallup, Inc., formerly known as The Gallup Organization, Inc. ("Gallup"), entered into a Settlement Agreement and Release ("Agreement") in the above-captioned action (the "Action");

**WHEREAS**, on or about May 15, 2015, Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement (ECF No. 77);

**WHEREAS**, on June 16, 2015, after considering the Agreement, the Motion for Preliminary Approval of Class Action Settlement and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (ECF No. 79);

**WHEREAS**, pursuant to the notice requirements set forth in the Agreement and the Preliminary Approval Order, Class Members were notified of the terms of the proposed Settlement, including the right of Class Members to participate in the Settlement, opt-out of the Settlement, or object to the Settlement. Class Members were also provided notice of their rights to be heard at a Final Approval Hearing to determine, inter alia: (1) whether the terms and conditions of the Agreement are fair, reasonable and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether Final Judgment should be entered dismissing this Action with prejudice;

**WHEREAS**, Plaintiffs filed a Motion for Final Approval of Class Action Settlement and a Petition to Award Fees, Costs and Incentive Awards on October 30, 2015 (ECF Nos. 82, 83);

**WHEREAS**, on November 17, 2015, Plaintiffs filed a Response to Scarberry Objection to Motion for Final Approval of Class Action Settlement and Petition for Award of Attorneys' Fees (ECF No. 93);

**WHEREAS**, on November 10, 2015, the parties entered into an Addendum to the Agreement to clarify the scope of the release provided therein. A copy of the Addendum was attached as Exhibit [A] to Notice of Filing Addendum to Settlement Agreement. Specifically, the Addendum clarified that the Agreement releases only claims arising out of or relating to Gallup's alleged use of an "automatic telephone dialing system" and any

2

alleged violations of the TCPA or similar state laws or related federal or state regulations, but does not release any claims held by the States or other public entities.

**WHEREAS**, a Final Approval Hearing was held on November 18, 2015 pursuant to Fed. R. Civ. P. 23 to determine whether the Action is suitable to class action treatment and whether the proposed Settlement is fundamentally fair, reasonable, adequate and in the best interests of the Class Members and should be approved by the Court.

**WHEREAS**, no objectors or objectors' counsel appeared at the Final Approval Hearing.

**NOW, THEREFORE**, the Court having heard the presentation of Class Counsel and counsel for Gallup, having reviewed all of the submissions presented with respect to the proposed Settlement, and having reviewed the record in this Action, and good cause appearing therefor:

The Court **ORDERS and ADJUDGES** as follows**:**

The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined herein and in the Agreement and Addendum to the Agreement, except as may otherwise be ordered.

**I.     JURISDICTION OF THE COURT**

The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Class.

**II.    CERTIFICATION OF SETTLEMENT CLASS**

Pursuant to Fed. R. Civ. P. 23(b)(3), and for settlement purposes only, the Court hereby certifies the following Class in this Action:

> All persons in the United States who received a survey call from Gallup to a cellular telephone, through the alleged use of an automatic telephone dialing system, from August 16, 2009 through August 16, 2013.

**III.   APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**

Pursuant to Fed. R. Civ. P. 23, the Court appoints Plaintiffs Kurt Soto, Laurie Marr, and Ann Fox as Class Representatives and Seth Lehrman, Steven R. Jaffe, Mark S. Fistos, Scott D. Owens, Bret L. Lusskin, Douglas J. Campion, and E. Elliot Adler, as Class Counsel.

**IV.     NOTICE AND CLAIMS PROCESS**

Pursuant to the Court's Preliminary Approval Order, the Settlement Administrator ("Angeion") has complied with the approved notice process as confirmed in its Declaration filed with the Court on October 30, 2015.  The Court finds that the notice process was designed to advise Class Members of their rights.  The form and method for notifying Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order, constituted the best notice practicable under the circumstances, and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B), the Class Action Fairness Act of 2005 codified at 28 U.S.C. § 1715, and due process under the United States Constitution and other applicable laws.  The notice plan provided the best notice practicable. First, the plan required the Notice and Claims Administrator to send Notice via regular mail to potential Settlement Class Members identified by using a reverse look-up service to determine the contact information for each unique number. Agreement ¶ 8.2.  The mail notice consisted of a postcard that contained a summary description of the Settlement Agreement, identifies the Settlement Administrator, and directs recipients to the Settlement Website from which additional information about the Settlement can be obtained. *Id*. at ¶ 8.2.2.

Second, the plan required the Notice and Claims Administrator to erect a settlement Website that served as a supplement for conventional notice. *Id*. at ¶ 8.4.  It provides hyperlinks to the Claim Form, the Complaints, the Settlement Agreement, the Motion for Preliminary Approval, the Preliminary Approval Order, the Motion for Final Approval and the Final Judgment. *Id.* The Settlement Website also included the deadlines for filing claims, requests for exclusion from the Settlement, objections and final approval and other information pertaining to the settlement and how to submit claims, Frequently Asked Questions ("FAQ's"), and an interactive function that permits Class Members to submit or download a Claim Form online by submitting the cellular telephone number that was allegedly called by Gallup. *Id.*

Next, a toll-free number was established for receiving calls related to the Settlement. *Id*. at ¶ 8.5. The Mail Notice and Settlement Website included the toll-free number. *Id.* The Settlement Toll-Free Number will provides information about the Settlement and answers to FAQ's via Interactive Voice Response. *Id.*

Finally, the Settlement Administrator served the Attorneys General of each of the fifty United States, the Attorney General of the United States, and other required government officials, with notice of the Agreement, pursuant to 28 U.S.C. § 1715.

The notices gave Settlement Class Members a detailed explanation of the Agreement, including the relief, the releases and amount of the proposed Incentive Award and the costs and exact amount of Class Counsel Legal Fees to be requested, to enable them to evaluate their options and make an informed decision. The Notice and Claims Procedures meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all persons and entities entitled to the notice.

The Notice and Claims Administrator followed the Court-approved Notice and Claims Procedures. Direct individual notice of the Settlement was sent to over 70% of the class by July 24, 2015. Over 46,000 persons called the 800 number with questions. Class Members had until November 13, 2015 to opt out, object, or submit a Claim Form. As of November 13, 2015, the Settlement Administrator has received 153,592 Valid Claims. Only four objections were filed, including one from a self-professed non-member, and two of the objections were subsequently withdrawn. The notice complied with the court-approved plan.

Based on the foregoing, the Court hereby finds and concludes that Settlement Class Members have been provided the best notice practicable of the Settlement, that the notice is clearly designed to advise the Settlement Class Members of their rights. Furthermore, the Court finds and concludes that the notice plan, as implemented, satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, the United States Constitution, and other applicable laws.

**V.     PERSONS EXCLUDED FROM THE SETTLEMENT CLASS**

The Settlement Administrator has received, from certain Class Members, a total of 104 requests for exclusion from the Class ("Exclusion Requests") and has provided Class Counsel and Gallup's counsel with copies of such Exclusion Requests.  Class Counsel filed with the Court a list of the 104 persons who have timely elected to be excluded.  All persons named in the list attached hereto as **Exhibit 1** are hereby excluded from the Class and will not be bound by the terms of the Settlement.  This Order is binding on all Class Members,

except for those individuals named on Exhibit 1.

The Settlement Administrator shall prepare a list of additional requests for exclusion that it receives, if any, which are post-marked on or before November 13, 2015. Class Counsel shall file this supplemental exclusion list with the Court. Any persons named in such supplemental exclusion list shall be excluded from the Class and will not be bound by the terms of the Settlement.

## VI. OBJECTIONS

Four objections were made to the Settlement, filed by Curry Quenette on August 18, 2015, Elizabeth Miller on November 12, 2015, Jill Wiseman Price on November 13, 2015, and Dave and Cathy Scarberry on November 13, 2015.  On November 17, 2015, Objectors Miller and Price, through counsel, filed requests to withdraw their respective objections for good cause. After considering the pending objections and the Supplemental Briefing filed by Plaintiffs in response thereto, and arguments made at the Final Approval Hearing, the Court hereby overrules each of the objections.

Mr. Quenette, by his own admission, is not a Settlement Class Member because he claims that the call he received from Gallup was placed by a live person, not an automated telephone dialing system, and that he gave express consent to receive subsequent calls from Gallup. Accordingly, since Mr. Quenette is not a Settlement Class Member, he has no standing to lodge an objection. *See In re Domestic Air Transp. Antitrust Litig.,* 148 F.R.D. 297, 343 (N.D. Ga. 1993)(finding that a person not within definition of class lacks standing to object); *see also Raines v. State of Fla.*, 987 F. Supp. 1416, 1418 (N.D. Fla. 1997)(finding that "only the parties to the settlement of a class action (plaintiffs, class members, and the settling defendants), have standing to object".). In addition, the Quenette objection fails to offer any basis to contend that the Settlement is not fair, adequate and reasonable to the class as a whole or that the requested award of attorney fees is unreasonable. *Dennis v. Kellogg*, 697 F.3d 858, 865-67 (9th Cir. 2012). Accordingly, for the foregoing reasons, the Quenette objection is hereby overruled.

## VII. FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT

The Court finds that the Action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, for settlement purposes under Fed. R. Civ. P. 23(b)(3). The Court finds that the settlement of the Action, on the terms and conditions set forth in

the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Class Members, especially in light of the benefits to the Class Members, the strength of Plaintiffs' cases, the defenses raised by Gallup, the complexity, expense and probable duration of further litigation, the risk and delay inherent in possible appeals, and the risk of collecting any judgment obtained on behalf of the Class. In the Preliminary Approval Order, the Court found that the Settlement Agreement appeared to be fair, reasonable, and adequate and fell within the appropriate range of possible recovery. Essentially, the Settlement provides for each member of the Settlement Class, as that term is defined in the Settlement Agreement, to receive from Gallup benefits described in Section 4 of the Settlement Agreement. The Settlement Agreement provides these benefits to the Settlement Class even though Gallup has at all times disputed, and continues to dispute, Plaintiffs' allegations in this lawsuit and to deny any liability for any of the claims that have been or could have been alleged by Plaintiffs or other members of the Settlement Class.

Taking into account: (1) the defenses asserted by Gallup in pleadings filed with this Court, (2) the risk to Settlement Class Members that Gallup would successfully defend, at trial or on appeal or both, against claims arising out of the facts and legal theories pled and asserted in this case, whether litigated by Settlement Class Members themselves or on their behalf in a class action, and (3) the length of time that would be required for Settlement Class Members to obtain a final judgment through one or more trials and appeals, the Settlement Agreement is fair, reasonable, and adequate. Moreover, the Court finds that the Agreement is not in any way the product of collusion as Plaintiffs and Gallup only reached the Settlement after vigorous litigation, significant investigation and discovery by Class Counsel, and arm's-length negotiation facilitated by a mediator.

Accordingly, the Court hereby grants final approval of the Agreement and Addendum and enters this Judgment implementing their terms.

**VIII.   ADMINISTRATION OF THE SETTLEMENT**

The Agreement and Addendum to the Agreement, which have been filed with the Court, shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except by any order issued by this Court. For the purposes of administering the Settlement, the Court orders as follows:

1. All persons who have not made their objections to the Settlement in the time period and manner provided in the Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

2. Within the time period and manner set forth in the Settlement Agreement, and after all attorney's fees and costs awarded to Class Counsel, all incentive awards paid to the named Plaintiffs, and all costs of notice and settlement administration have been paid out of the Settlement Fund, the Settlement Administrator (Angeion Group) shall calculate the pro rata share of the remaining Settlement Funds that each of the 153,592 Class Members who submitted a Valid Claim Form is entitled to receive, and the Settlement Administrator will mail payment checks to such Class Members.

3. The Court hereby awards incentive awards of $2,000.00 each to Plaintiffs Soto, Marr, and Fox in compensation for the time, effort, and risk they undertook as representatives of the Class. These incentive awards shall be paid by the Settlement Administrator out of the Settlement Fund within the time period and manner set forth in the Settlement Agreement.

4. The Settlement Administrator shall be paid from the Settlement Fund for its costs and fees incurred in providing Notice to the Class and in administering the Settlement, less any funds already advanced by Gallup.

5. The Court hereby approves Class Counsel's Petition for attorney fees, costs, and expenses. The Settlement Administrator shall pay Class Counsel the amount of $4,000,000 as reasonable attorneys' fees, inclusive of the award of reasonable costs incurred in litigation this Action, in the manner specified in the Agreement. The Court finds that the requested fees are reasonable under the percentage-of-the fund for the reasons set forth herein. The award of attorneys' fees and costs to Class Counsel shall be paid out of the Settlement Fund within the time period and manner set forth in the Settlement Agreement.

6. The Court hereby awards Class Counsel for their time incurred and expenses advanced. The Court has concluded that: (a) Class Counsel achieved a favorable result for the Class by obtaining Gallup's agreement to make significant funds available to Settlement Class Members, subject to submission of valid claims by eligible Settlement Class Members; (b) Class Counsel devoted substantial effort to pre- and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Settlement Class's claims on a

contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of Gallup's possible legal defenses and its experienced and capable counsel; (e) Class Counsel have standard contingent fee agreements with Plaintiffs, who have reviewed the Settlement Agreement and been informed of Class Counsel's fee request and have approved; and (f) the Notice informed Settlement Class Members of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement, Class Counsel filed and posted their Petition in time for Settlement Class Members to make a meaningful decision whether to object to the Class Counsel's fee request, and one (1) Settlement Class Member objected.

7.  In addition, the Court has applied the factors articulated in *Johnson v. Georgia Highway Expr., Inc.*, 488 F.2d 714 (5th Cir. 1974), to confirm the reasonableness of fees and costs requested. The Court finds and concludes that the following applicable *Johnson* factors support the requested award of attorney fees and costs:

> a. *Time and Labor Required, Preclusion from Other Employment and Time Limits Imposed*

The work required of Class Counsel was extensive. These efforts required work representing Plaintiffs and the class without compensation. The substantial work necessitated by this case diverted Class Counsel from putting time and resources into other matters.

> b. *Case Involved Difficult Issues; Risk of Nonpayment and Not Prevailing on the Claims Was High*

This case involved difficult substantive issues which presented a significant risk of nonpayment, including contested automatic telephone dialing system issues in a setting of developing case law and FCC rulings and recovery being dependent on a successful outcome, which was uncertain.

> c. *Class Counsel Achieved an Excellent Result for the Settlement Class*

Class Counsel achieved excellent monetary results for Settlement Class Members. Here, the Settlement produced a Settlement Fund of $12,000,000 for a class of approximately 6,930,000 persons which will produce a per person cash benefit that is well

within the range of recoveries established by other court approved TCPA class action settlements. *See e.g. Spillman v. RPM Pizza, LLC*, Case No. 3:10-cv-00349.

        d.   *The Requested Fee is Consistent with Customary Fees Awarded in Similar Cases*

Many similar TCPA class settlements provide for one third of the fund. *See Guarisma v. ADCAHB Medical Coverages, Inc., et al.*, 1:13-cv-21016, Doc. 95 (S.D. Fla. June 24, 2015) (awarding one-third plus costs). Common fund attorney fee awards of one-third are "consistent with the trend in this Circuit." *Reyes, et al. v. AT&T Mobility Services, LLC*, No. 10-20837-CIV, ECF No. 196, at 6.

        e.   *This Case Required a High Level of Skill*

This outcome was made possible by Class Counsel's extensive experience in litigating class actions of similar size, scope, and complexity to the instant action. Class Counsel regularly engages in complex litigation involving consumer issues; all have been class counsel in numerous consumer class action cases.

    8.   Class Counsel achieved a settlement that confers substantial monetary benefits to the Settlement Class despite the hard fought litigation against a sophisticated and well-financed defendant represented by top-tier counsel. *See In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d at 1334.

    9.   The Court finds that the *cy pres* distribution proposed by the parties is a permissible method to distribute any unclaimed settlement funds. *See Nelson v. Mead Johnson & Johnson Co.*, 484 Fed. Appx. 429, 435 (11th Cir. 2012). Accordingly, any funds from uncashed settlement checks, as well any funds from settlement checks to Class Members whose valid address could not be located, shall be delivered in equal parts to the following *cy pres* recipients: Legal Services of Greater Miami, Inc., Three Rivers Legal Services, Inc., Legal Aid of Nebraska, and the National Consumer Law Center. Class Counsel shall request that these recipients use the *cy pres* monies, to the extent possible, to provide legal representation to consumers pursuing claims under the Telephone Consumer Protection Act ("TCPA").

**IX.**   **RELEASE OF CLAIMS**

Upon entry of this Final Approval Order, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement shall, by operation of this Final Approval Order and Judgment, have fully, finally and

forever released, relinquished and discharged Gallup and the Released Parties from the Released Claims as set forth in Paragraph 14 of the Agreement and the Addendum to the Agreement

Furthermore, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, either individually or as a class, any action or proceeding in any court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action and/or as a result of or in addition to those provided by the Agreement and the Addendum to the Agreement.

**X.     NO ADMISSION OF LIABILITY**

The Parties entered into the Agreement for the purpose of compromising and settling disputed claims. Nothing in the Agreement or in the documents relating to the Agreement shall be construed, deemed, or offered as an admission by any of the Parties, or by any member of the Class, for any purpose in any judicial or administrative action or proceeding, whether in law or in equity.

**XI.    ENTRY OF FINAL JUDGMENT**

Finding that there is no just reason for delay, the Court orders that this Order for Final Approval of Class Action Settlement, Attorney's Fees and Costs, and Incentive Awards and Entry of Final Judgment shall constitute a final judgment.

Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Memorandum of Law (ECF No. 82) and Plaintiffs' Unopposed Petition to Award Fees, Costs, and Incentive Awards and Memorandum of Law (ECF No. 83) are **GRANTED**.

The above-captioned action is hereby **DISMISSED** *with prejudice*. Without affecting the finality of the Judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement, including enforcement and administration of the Agreement.

**DONE AND ORDERED** in Chambers at Miami, Florida this 24th day of November, 2015.

_Marcia G. Cooke_
MARCIA G. COOKE
United States District Judge

Copies provided to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*

12

# EXHIBIT 1

| Exclusion List | |
|---|---|
| | **Name** |
| 1 | Adilen Perez |
| 2 | Alan Li |
| 3 | Alexander Huang |
| 4 | Alvin Christopher Venible |
| 5 | Amber Riggs |
| 6 | Ami S Apedo |
| 7 | Angela Berg |
| 8 | Arlin Faust |
| 9 | Avril LeBlanc |
| 10 | Barbara H Stanczak |
| 11 | Betty J Brown |
| 12 | Billy Langley |
| 13 | Bobbijo Miller |
| 14 | Bonnie L Holzheimer |
| 15 | Brenda Denaney |
| 16 | Carol Brilo |
| 17 | Carol Lucas |
| 18 | Caroline Chan |
| 19 | Connie Dow |
| 20 | Cynthia Fiuzman |
| 21 | Cynthia Spirakis |
| 22 | Danyel Harvey |
| 23 | Deborah J Degainette |
| 24 | Diane O Tacker |
| 25 | Donna Kutne |
| 26 | Donna Younglove |
| 27 | EVELYN HERNANDEZ |
| 28 | Gay Lynn Braddock |
| 29 | Geraldine Outlaw |
| 30 | Harold R West |
| 31 | Hayden Wreyford |
| 32 | Henry S Ford Jr |
| 33 | Jackson E Ramsey |
| 34 | Jeffrey Paul Davis |
| 35 | Jeffrey Strickland |
| 36 | Jennell West |
| 37 | Jennifer Gerhardstein |
| 38 | Jennifer Tancredi |
| 39 | Jesus Randall |
| 40 | Jimmy C Davis |
| 41 | Jo A Roberts |
| 42 | Jo Anne Pickett-Naylor |
| 43 | Joetta Roth |
| 44 | Jonas Lopez |
| 45 | Joseph Tessier |

| | | |
|---|---|---|
| | 46 | Juan Jose Perez |
| | 47 | Juanita J Unruh |
| | 48 | Ka H Wory |
| | 49 | Kalia Vang |
| | 50 | Karina Garcia |
| | 51 | Kathryn Washington-Jett |
| | 52 | Kathy Kim |
| | 53 | Katie Lynn Ahles |
| | 54 | Keith Brian Lanteigne |
| | 55 | Keith J Lawrence |
| | 56 | Kevin Turner |
| | 57 | Leda Boston |
| | 58 | Lindu Olle |
| | 59 | Lisa M Adamo |
| | 60 | Lydia M DeClerck |
| | 61 | M Jory |
| | 62 | Manuel S Ruiz |
| | 63 | Maria Alvarez |
| | 64 | Maria Isabel Lopez |
| | 65 | Maria M Oddo |
| | 66 | Maria Therisod |
| | 67 | Marie R Joseph |
| | 68 | Marlene Ralston |
| | 69 | Melissa Beth Doman |
| | 70 | Merisa M Pernice |
| | 71 | Mylene S Davis |
| | 72 | Natalia Martynenko |
| | 73 | Nicholas Levi Johnson |
| | 74 | Nicolo Giambront |
| | 75 | No Van Le |
| | 76 | Opal D Prochnow |
| | 77 | Paul Anderson |
| | 78 | Paul Mok |
| | 79 | Peter Ohlson |
| | 80 | Pouneh Nasseri |
| | 81 | Preston Lea |
| | 82 | Rasha Hanna |
| | 83 | Raymund Adriano |
| | 84 | Roberto Rosas |
| | 85 | Roger Carroll |
| | 86 | Roxanne Randle |
| | 87 | Ruth Ellen Hammond |
| | 88 | Ruth Zitnik |
| | 89 | Sada Gakou |
| | 90 | Sarah Anne Hanson |
| | 91 | Sharon Picker |
| | 92 | Sharon Thompson |

| | |
|---|---|
| 93 | Sonia E Garcia |
| 94 | Stacey L Lindley |
| 95 | Teresa A Martin |
| 96 | Toby W Keener |
| 97 | Valerie Dickow |
| 98 | Viuiery M Tuoich |
| 99 | Vonda J Williams |
| 100 | William Christian Ahles Jr |
| 101 | Willis Johnson |
| 102 | Xochitl Cortez-Gonzalez |
| 103 | Willis Johnson |
| 104 | Xochitl Cortez-Gonzalez |