UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:13-CV-61747- COOKE/TORRES

KURT S. SOTO, an individual, on behalf of
himself and all others similarly situated,

    Plaintiff,

vs.

THE GALLUP ORGANIZATION, INC.,

    Defendant.
_____/

LAURIE C. MARR, on behalf of
herself and all others similarly situated,

    Plaintiff,

vs.

GALLUP, INC.,

    Defendant.
_____/

ANN FOX, individually and on behalf of
all others similarly situated,

    Plaintiff,

vs.

GALLUP, INC.,

    Defendant.
_____/

**PLAINTIFFS' MOTION FOR LEAVE TO TAKE DISCOVERY
OF APPELLANTS AND TO SHORTEN TIME FOR APPELLANT TO
RESPOND TO REQUEST FOR DOCUMENTS**

1

I. **INTRODUCTION**

Plaintiffs, through Class Counsel, seek leave to depose and request the production of documents from Dave Scarberry and Cathy Scarberry (collectively, the "Appellants"). Appellants are objectors who appealed this Court's final judgment and fee order in Plaintiffs' settlement with Gallup, Inc. Plaintiffs seek focused document production and will limit the depositions to three hours each. In addition, Plaintiffs seek an order shortening the time for Appellants to produce requested documents.

The limited discovery Plaintiffs seek is appropriate under Federal Rule of Civil Procedure 27(b), which authorizes the taking of depositions and production of documents pending appeal to ensure the perpetuation of testimony and the preservation of evidence, and to avoid a delay or failure of justice. The discovery that Plaintiffs seek satisfies the purposes of Rule 23 by allowing Plaintiffs to uncover, among other things, whether Appellants are in the class, whether they have been injured by the settlement, and whether they satisfy the typicality or adequacy requirements of Rule 23. In addition, the discovery seeks information about whether Appellants are capable of paying the bond Plaintiffs have requested to satisfy costs of appeal and to protect the Class. Finally, Plaintiffs and Class Counsel seek discovery from prior objectors represented by Appellants' counsel, N. Albert Bacharach, Jr. All of these areas will be helpful to this Court and the Eleventh Circuit, and could potentially result in a dismissal of the appeal on standing grounds, which would end the unnecessary delay that Appellants have injected into these proceedings, and allow immediate cash payments to more than 150,000 Class Members. The limited discovery is also authorized in the Court's continued jurisdiction over the settlement, and under the Court's inherent authority to order appropriate discovery.

## II. FACTUAL BACKGROUND

After class notice was mailed to millions of class members, four objections were filed by: Quenette Curry, Elizabeth A. Miller, Jill Wiseman Price, and Cathy and Dave Scarberry. Miller and Price filed notices withdrawing their objections, and the Court overruled the Scarberry and Curry objections. Despite filing a notice of intent to appear, stating that he would appear at the Final Fairness Hearing, the Scarberrys' attorney N. Albert Bacharach failed to appear at the Final Fairness Hearing on November 18, 2015. The Court overruled the objections, granted final approval, granted Plaintiffs' motion for fees, expenses and service awards, and then entered final judgment on November 24, 2015.

The Appellants filed a notice of appeal on December 1, 2015 [ECF No. 96]. Appellants seek review by the Eleventh Circuit of the Court's orders approving the settlement, and attorneys' fees. As a result of this appeal, implementation of the settlement, including cash payments to more than one hundred and fifty thousand class members will be significantly delayed.

On December 8, 2015, Plaintiffs caused subpoenas for deposition duces tecum to be personally served on Cathy and Dave Scarberry respectively pursuant to F.R.C.P. Rule 4. The subpoenas set the Scarberrys' depositions on December 21, 2015 at 10:00 a.m. and 1:00 p.m. respectively and request that they produce documents responsive to four focused requests, at their depositions.

## III. SCOPE OF DISCOVERY SOUGHT

Plaintiffs seek to take Appellants' depositions to discover: (1) whether Appellants are class members and have standing to appeal; (2) what Appellants seek to achieve through their objections and subsequent appeals; (3) whether their interests and objectives are

aligned with the class's interests and objectives; (4) whether Appellants are typical and adequate to represent interests other than their own, particularly should their appeals be successful; (5) whether Appellants have the financial capacity to pay the requested bond to satisfy costs of appeal and to protect the Class and (6) any other relevant circumstances that will aid the Court of Appeals in deciding these appeals, including whether the appeals present a failure or delay of justice. To limit any inconvenience to the objectors, Plaintiffs will limit the deposition of David Scarberry and Cathy Scarberry to three hours each, and will travel to the objectors' county of residence.

Similarly, pursuant to Rule 27(b)(3), Plaintiffs seek a limited production of the following categories of documents from Appellants: (1) Monthly account billing statements from August 16, 2009 through August 16, 2013 for the cellular telephone account which Appellants claim received any calls from Defendant Gallup which are the subject of this action; (2) documents relied upon as the basis of their objection; (3) the contracts or retainer agreements between Appellants and their attorneys; (4) documents reflecting any objections or complaints made by Appellants in connection with other proposed class action settlements.

## IV. ARGUMENT

### A. The Federal Rules and Settlement Agreement Permit Discovery.

The Court has the authority under Rule 27(b) to order Appellants' depositions and production of documents. The Rule authorizes the Court to permit a party, where "an appeal has been taken or may still be taken," to "depose witnesses to perpetuate their testimony for use in the event of further proceedings in that court." Fed. R. Civ. P. 27(b)(1). It also provides that the Court may issue orders "authorized by Rule 34," which permits

parties to request the production of discoverable documents. Fed. R. Civ. P. 27(b)(3). The purpose of the rule is to afford courts discretion to avoid "a failure or delay of justice." Fed. R. Civ. P. 27(b)(3). Moreover, the approved settlement agreement provides that Plaintiffs may "take all appropriate action required or permitted to be taken by the class pursuant to this Amended Agreement to effectuate its terms." Plaintiffs believe Rule 27(b) is the appropriate means for doing so where, as here, the appeal filed by objectors threatens to delay important and valuable relief to thousands of people for many months or even years while the appeal is briefed, argued and eventually ruled upon.

### B. The Discovery is Timely.

Discovery will permit Plaintiffs to develop the underlying record in connection with the Scarberry objection, which seeks to delay and interfere with the class's recovery by converting their right to be heard into an appeal. For example, this limited discovery may demonstrate that the Appellants lack standing, that Appellants are not typical of the class, and that Appellants may have been made whole and thus have no stake or rational basis for filing an appeal. Moreover, Appellants' counsel have a track record of leveraging class settlements by filing appeals that ultimately serve no benefit to the class, a fact often cited as a reason to deny relief to such objectors. *See* Section IV.E, *infra*.

Appellants may argue that Plaintiffs seek discovery to harass them. Not so. Plaintiffs agree to limit the depositions to three hours each, travel to the Appellants' county of residence, accommodate Appellants' schedules by proceeding in the evening or on a weekend, and limit written discovery requests. When weighed against Appellants' effort to scuttle a $12 million dollar settlement, which provides cash relief to more than 150,000 class members, the limited discovery Plaintiffs seek is neither harassing, nor inconvenient, nor

burdensome.

### C. Discovery is Necessary to Determine Appellants Standing.

Plaintiffs have a legitimate interest in determining whether Appellants are actually class members. The Scarberry Appellants have not provided any documentation showing that they are Class Members. At best, only one of the Appellants is actually a Class Member with standing to object since the TCPA claim that is the subject of this litigation would only be possessed by the one "called party".

Plaintiffs are entitled to test Appellants personal knowledge and recollections with specificity, and determine whether Appellants have any documents that reflect their membership in the class. Action must be taken now to determine whether, and if so, where and when Appellants received any calls from Gallup to their cellular telephone and other issues, such as, whether they have provided prior express consent to receive these calls.

If the Appellants cannot prove that they received a telephone call from Gallup during the relevant time period, or cannot prove that they suffered an "injury" that can be remedied on appeal, then they lack standing to appeal. *See In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 343 (N.D. Ga) (Person not within definition of class lacks standing to object); *See also Raines v. State of Fla.*, 987 F.Supp. 1416, 1418 (N.D. Fla.) (Finding that "only the parties to the settlement of a class action plaintiffs, class members, and the settling defendants, have standing to object").

In sum, the class membership and standing of the Appellants has not been adequately established, which is one of the reasons Plaintiffs seek leave to take discovery.

6

### D. The Discovery Is Necessary To Determine Whether Appellants Are Suitable To Represent The Interests Of Others.

Unlike the Class Representatives, the Appellants have not made any allegation that they are typical of other class members, nor have they demonstrated that they are adequate to represent the interests of other people. *See* Fed. R. Civ. P. 23(a) (requiring those seeking to represent the interests of others to satisfy typicality and adequacy requirements).

A developed record on typicality and adequacy is important for a number of reasons. First, it is not clear what Appellants hope to accomplish by delaying the implementation of the settlement. Plaintiffs seek to know what the Appellants are unhappy about, what they hope to achieve by delaying the benefits that should now be available to other class members and why they chose to object and appeal rather than opting out and pursuing their own claims. If the Appellants' interests are not aligned with those of the participating class members, or if Appellants are made whole through the settlement, Plaintiffs should be allowed to make a factual record on Appellants' lack of injury, typicality and adequacy.

Second, Appellants do not appear to understand the terms of the approved settlement. Discovery will reveal whether Appellants understand (or do not understand) the settlement, which impacts the typicality and adequacy of the Appellants.

Third, the nature of Appellants' objections and the manner in which the objection was presented raises additional questions. The Scarberry Appellants are represented by N. Albert Bacharach who filed a written objection to which Plaintiffs responded. Plaintiffs should be allowed to ferret out whether Appellants' individual interests or expectations conflict with the class's interests.

Finally, Plaintiffs' discovery serves a practical purpose—if Appellants succeed in their appeal, they may be required on remand to serve as class representatives. The current

class representatives could choose to withdraw from the litigation if the Settlement is rejected. Having prosecuted the litigation to a Court-approved settlement, one or more of the class representatives might wish to withdraw if the Settlement is rejected on appeal. Unless the Appellants' goal is nothing more than to serve as "spoilers" by seeking to overturn the settlement without offering to come forward to represent the class, the Appellants' ability to satisfy the adequacy and typicality requirements of Rule 23 and serve as substitute class representatives is relevant and should be determined now.

### E. The Court's Inherent Authority to Prevent Fraud and Misuse of the Judicial Process Weighs in Favor of Permitting the Discovery Sought.

The Court also has the power to order the depositions under its inherent authority to prevent fraud and misuse of the judicial process. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991) (Court has inherent power to manage its own affairs to "achieve the orderly and expeditious disposition of cases").

The appeals filed in this case do not preclude the Court from allowing further discovery to address any potential misconduct. Indeed, a district court retains the power to impose sanctions upon persons appearing before the court even after a timely notice of appeal is filed. *See generally* 20-303 Moore's Federal Practice, § 303.32[b][iii]; *see also Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 98 (3d Cir. 1988) (noting that a sanctions proceeding is "uniquely separable" and collateral from any decision on the merits); *In re Schaefer Salt Recovery, Inc.,* 542 F.3d 90, 98 (3d Cir. 2008) ("It is well established . . . that a district court, after the entry of final judgment and the filing of a notice of appeal, retains the power to adjudicate collateral matters such as sanctions . . . .").

Appellants Dave and Cathy Scarberry are represented by N. Albert Bacharach, Jr., who has filed similar objections in other consumer class action settlements. *See e.g. Ouellette*

8

*v. Wal-Mart Stores, Inc.*, Case No. 67-01-CA-326 (Washington County Circuit Court, Florida); *TransUnion Privacy Litigation*, MDL No. 1350, Civil Action No. 00cv-4729 (N.D. Ill.); *In re: TFT-LCD (Flat Panel) Antitrust Litigation*, Case No. 3:07-md-1827-SI (N.D. Cal.); *Blanchard, et al v. JPMorgan Chase & Co.*, No. 11-14538 (11th Cir. Apr. 4, 2012); and *In re MCI Non-Subscriber Telephone Rates Litig.*, MDL No. 1275 (S.D. Ill.). In most of these cases, Mr. Bacharach's objections were overruled and his subsequent appeals failed to benefit anyone. *See e.g. TransUnion Privacy Litigation*, MDL No. 1350, Civil Action No. 00cv-4729 (N.D. Ill.)(Bacharach sought dismissal of appeal after failing to effect any substantive change to settlement); *Blanchard, et al v. JPMorgan Chase & Co.*, No. 11-14538 (11th Cir. Apr. 4, 2012)(Bacharach dismissed appeal); and *In re MCI Non-Subscriber Telephone Rates Litig.*, MDL No. 1275 (S.D. Ill.)(Bacharach's appeal was dismissed because his client was not a class member). As several courts have pointed out, professional objections like those raised by Mr. Bacharach add little value to the approval process, often serving only to interfere with fair and reasonable settlements. See *In re Cardinal Health, Inc. Sec. Litig.*, 550 F. Supp. 2d 751, 754 (S.D. Ohio 2008) ("opportunistic objectors . . . contribute nothing to the class . . . obstructing payment to lead counsel or the class in the hope that lead plaintiff will pay them to go away"); *Barnes v. FleetBoston Fin. Corp., C.A.* No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072, at *3-5 (D. Mass. Aug. 22, 2006) (recognizing the threat that professional objectors pose, the court admonished that "[r]epeat objectors to class action settlements can make a living simply by filing frivolous appeals and thereby slowing down the execution of settlements").

If discovery reveals that Appellants have never been members of the class yet they asserted objections to the Settlement and now seek to pursue appeals from the Court's final

approval order, Plaintiffs may provide such information to the Court to consider appropriate remedial action.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for Leave to Take Discovery of Appellants and to Shorten Time to Respond to Request for Production and enter an Order as requested therein.

### L.R. 7.1 CERTIFICATION

Prior to bringing this motion, Plaintiffs' undersigned counsel requested that Appellants consent to appear at depositions and produce relevant documents. Appellant's counsel Bacharach has confirmed that Appellants will not voluntarily appear for deposition or produce relevant documents.

Dated: December 9, 2015                                Respectfully submitted,

                                                       */s/ Seth M. Lehrman*

                                                       Scott D. Owens (Fla. Bar No. 0597651)
                                                       Email: scott@scottdowens.com
                                                       SCOTT D. OWENS, P.A.
                                                       3800 S. Ocean Dr., Suite 235
                                                       Hollywood, FL 33091
                                                       Telephone: (954) 589-0588
                                                       Facsimile: (954) 337-0666

                                                       Steven R. Jaffe (Fla. Bar No. 390770)
                                                       Email: steve@pathtojustice.com
                                                       Seth M. Lehrman (Fla. Bar No. 132896)
                                                       Email: seth@pathtojustice.com
                                                       Mark S. Fistos (Fla. Bar No. 909191)
                                                       Email: mark@pathtojustice.com
                                                       FARMER, JAFFE, WEISSING,
                                                       EDWARDS, FISTOS & LEHRMAN, P.L.
                                                       425 North Andrews Avenue, Suite 2
                                                       Fort Lauderdale, FL 33301
                                                       Telephone: (954) 524-2820

        Facsimile: (954) 524-2822

        Bret L. Lusskin, Jr. (Fla. Bar No. 28069)
        Email: Blusskin@lusskinlaw.com
        BRET LUSSKIN, P.A.
        20803 Biscayne Blvd., Ste 302
        Aventura, FL 33180
        Telephone: (954) 454-5841
        Facsimile: (954) 454-5844

        Douglas J. Campion, Esq.*
        Email: doug@djcampion.com
        LAW OFFICES OF DOUGLAS J. CAMPION, APC
        17150 Via Del Campo Suite 100
        San Diego, CA 92127
        Telephone: (619) 299-2091
        Facsimile: (619) 858-0034

        E. Elliot Adler, Esq.*
        Email: eadler@theadlerfirm.com
        ADLER LAW GROUP, APLC
        402 W. Broadway, Suite 860
        San Diego, CA 92101
        Telephone (619) 531-8700
        Facsimile (619) 342-9600

        *Class Counsel*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served on December 9, 2015, to all counsel of record listed below via email.

        */s/ Seth M. Lehrman*
        Seth M. Lehrman

## SERVICE LIST
*Soto v. The Gallup Organization, Inc.*
**CASE NO. 0:13-CV-61747- COOKE/TORRES**
**United States District Court, Southern District of Florida**

Felicia Yu, Esq.*
Email: fyu@reedsmith.com
Raagini Shah, Esq.*
Email: rshah@reedsmith.com
Abraham J. Colman, Esq.*

11

Email: acolman@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071
Telephone: (213) 457-8000
*Admitted Pro Hac Vice*

J. Randolph Liebler (Fla. Bar No. 507954)
Email: jrl@lgplaw.com
Dora F. Kaufman (Fla. Bar No. 771244)
Email: dfk@lgplaw.com
LIEBLER, GONZALEZ & PORTUONDO, P.A.
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Telephone: (305) 379-0400
Facsimile: (305) 379-9626

*Attorneys for Defendant*
Todd M. Friedman, Esq.
Email: tfriedman@attorneysforconsumers.com
Nicholas J. Bontrager, Esq.
Email: nbontrager@attorneysforconsumers.com
LAW OFFICES OF TODD M. FRIEDMAN, PC
369 South Doheny Drive, Suite 415
Beverly Hills, CA 90211
Telephone: (877) 206-4741
Facsimile: (866) 623-0228

Abbas Kazerounian, Esq.
Email: ak@kazlg.com
Matthew M. Loker, Esq.
KAZEROUNI LAW GROUP, APC
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
800-400-6808
Facsimile: 800-520-5523

Joshua B. Swigart, Esq.
Email: josh@westcoastlitigation.com
HYDE & SWIGART
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: 619-233-7770
Facsimile: 619-297-1022

*Attorneys for Plaintiff Ann Fox in related action*
*Fox v. Gallup (1:14-cv-20538)*

Steve A. Miller, PC
1625 Larimer Street, No. 2905
Denver, CO 80202
Ph# 303-892-9933
Fax: 303-892-8925
Email: sampc01@gmail.com

Jonathan E. Fortman (40319MO)
Law Office of Jonathan E. Fortman, LLC
250 St. Catherine Street
Florissant, MO 63031
Ph# (314) 522-2312
Fax: (314) 524-1519
Email: jef@fortmanlaw.com

John C. Kress (53396MO)
The Kress Law Firm, LLC
4247 S. Grand Blvd
St. Louis, MO 63111
Ph.#: (314) 631-3883
Fax: (314) 332-1534
Email: jckress@thekresslawfirm.com

*Attorneys for Class Member Elizabeth A. Miller*

W. Allen McDonald, Esq.
249 N. Peters Road
Suite 101
Knoxville, TN 379234917
Te1: 865 246 0800

*Counsel for Jill Wiseman Price*

N. Albert Bacharach, Jr., Esq.
N. Albert Bacharach, Jr., P.A.
4128 NW 13th Street
Gainesville, Florida 32609-1807
Telephone: 352-378-9859
Facsimile: 352-338-1858

*Attorney for Objector Dave and Cathy Scarberry*